I watchedIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02242-CNS-NRN

ERIC WITT,

Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge),
JANEWAY LAW FIRM P.C.,

Defendants.

## MINUTE ORDER[1]

Entered by Magistrate Judge N. Reid Neureiter

      This matter is before the Court pursuant to an Order (Dkt. #20) referring Plaintiff's "Demand to Strike Defendant's 'Motion to Dismiss' from the Record, A Corporation Cannot Represent It's Self In Court" (Dkt. #20). Plaintiff requests that the Court strike Defendants David R. Doughty and Janeway Law Firm, P.C.'s Motion to Dismiss Plaintiff's Complaint (Dkt. #16). Plaintiff complains that the Motion to Dismiss does not include the "primary CM/ECF e-mail address of the attorney on the motion to dismiss document as required by Attorney local rule D.C.COLO.LattyR 5(a)(3)(B)." Dkt. #19 at 2. Plaintiff argues that, because the Motion to Dismiss does not contain this information, no attorney has appeared for Janeway Law Firm, P.C., and a corporation is not permitted to represent itself.

---

    [1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

It is hereby **ORDERED** that Plaintiff's Motion to Strike is **DENIED**. Federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004). Here, Plaintiff has identified no authority for striking a motion based on a faulty entry of appearance. And, though Mr. Doughty's signature block in the initial document for Defendants does not strictly comply with D.C.COLO.LattyR 5(a)(3)(B), any error is more appropriately remedied by filing a proper entry of appearance rather than striking the motion.

It is further **ORDERED** that Mr. Doughty, as apparent counsel for Janeway Law Firm, P.C., shall familiarize himself with the Local Rules of Practice of the United States District Court for the District of Colorado – Civil and file an appropriate entry of appearance with the information required by D.C.COLO.LattyR 5(a)(3)(B).

Finally, the Court notes that Plaintiff's response to the Motion to Dismiss is due December 27, 2022. As a courtesy, the Court sua sponte **ORDERS** that Mr. Witt shall have an extension of time until January 10, 2022 to respond substantively to the Motion to Dismiss.

Date: December 14, 2022