OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS

ERIC WITT'S OBJECTIONS TO
<u>MAGISTRATE JUDGE'S RECOMMENDATIONS</u>

Eric Witt asks the court to reconsider the magistrate judge's minute order (Dkt #21) and files these objections, as authorized by Federal Rule of Civil Procedure 72(b).

## A. Introduction

1. Plaintiff is Eric Witt defendants is State of Colorado; Teri Vasquez; David R. Doughty; Janeway Law Firm, P.C.

2. Plaintiff sued defendant for Claim under 42 U.S. CODE SEC. 1983 action for depravation of civil rights, violation of due process, conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, breach of contract and obstruction of the administration of justice.

3. On 12/14/2022, the court transferred plaintiff's motion to strike (Dkt. #19) to Magistrate Judge N. Reid Neureiter for a ruling.

4. Magistrate Judge N. Reid Neureiter ruled on the motion on 12/14/2022, and denied

5. Eric Witt files these objections to the magistrate judge's minute order (Dkt #21)

## B. Argument

6. If a party timely objects to the magistrate judge's recommendations or findings, the district court must make a de novo determination of the objectionable portions of the magistrate judge's recommendations or findings. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). The district court may then accept, reject, or modify, in whole or in part, the recommendations or findings. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

7. Eric Witt objects to the magistrate judge's minute order for the following reasons:

   a) The magistrate judges minute order failed to address the violation of local rule 5(b) as stated in the Plaintiffs "Demand to Strike Defendant's 'Motion to Dismiss' from the Record, A Corporation Cannot Represent It's Self In Court". Local rule 5(b) states: An "entity may not appear without counsel admitted to the bar of this court." The relevant case law also states that a corporation or LLC must be represented by a lawyer in court. See: (citing cases in footnote); *Martin v. Directors of Guild of Am.*, 2006 WL 1351650, at *2 (D. Colo. May 16, 2006), ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.") *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414

(10th Cir. 1962)). *See Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006), ("It is well established that LLCs must be represented by counsel in order to proceed before this court.") (citing *Roscoe v. United States*, 134 F. App'x 226 (10th Cir. Apr. 29, 2005) (LLC cannot proceed pro se)). A corporation cannot appear by any means other than by an agent and thus it is impossible for a corporation to appear personally in. see: Laskowitz v. Shellenberger, 107 F. Supp. 397 (S. D. Cal. 1952).

b) A recent decision, Remole Soil Service, Inc. v. Benson, has reiterated the view that corporations cannot appear in court in propria persona. " nor may a layman in charge of a corporation take assignments of the corporation's claims and appear pro se. See: 6 Black, op. cit. supra n. 3, at 1364; meaning to appear for himself.

David R. Doughty is a layman to the federal courts rules as he demonstrated when David R Doughty violated D.C.COLO.LattyR 5(a)(3)(B) by his initial filing not containing the appropriate information for an appearance of counsel to this court and improperly appeared in this court. D.C.COLO.LattyR 5(a)(3)(B) is the basic fundamental attorney rule for this court and doing so waived contesting jurisdictional rights. This is proof that David R Doughty is a laymen to this court. A layman cannot represent Janeway Law Firm P.C and cannot take assignments of the corporation's claims and appear pro se.

### C. Conclusion

8. Because the magistrate judge's minute order is erroneous for failing to address Local Rule 5(b) and allowing a laymen David R doughty to represent himself and Janeway Law Firm P.C., Eric Witt asks the court to modify the ruling. Specifically, Eric Witt asks the court to Strike all documents filed by David R. Doughty and inform the defendant to hire council.