IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02242-CNS-NRN

ERIC WITT,

Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge),
JANEWAY LAW FIRM P.C.,

Defendants.

MINUTE ORDER[1]

Entered by Magistrate Judge N. Reid Neureiter

     This matter is before the Court upon review of the docket. On December 6, 2022, Defendants David Doughty and Janeway Law Firm P.C. filed a motion to dismiss. Mr. Witt filed a motion to strike the Motion to Dismiss (*see* Dkt. #19). The Court denied the Motion to Strike and granted Mr. Witt an extension of time until January 10, 2023 to substantively respond to the Motion to Dismiss (Dkt. #21). Judge Charlotte N. Sweeney upheld the Court's ruling denying the Motion to Strike (Dkt. #30.)

     Instead of responding to the Motion to Dismiss, Mr. Witt, without first seeking leave, filed an Amended Complaint on January 10, 2023.[2] The Court notes that, though

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

[2] Further, Mr. Witt did not comply with D.C.COLO.LCivR 15.1.

it granted Mr. Witt a courtesy extension of time to respond to the motion to dismiss, such extension does not automatically extend the time in which to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). *Hayes v. D.C.*, 275 F.R.D. 343, 346 (D.D.C. 2011).

However, in the interest of efficient judicial administration and in light of Mr. Witt's pro se status, the early posture of this case, and the lenient standard for amendment under Fed. R. Civ. P. 15(a)(2), it is **ORDERED** that Mr. Witt's Amended Complaint (Dkt. #29) is accepted for filing as of the date of this Order. The Amended Complaint will serve as the operative pleading in this matter. Mr. Witt is advised that future attempts to amend will require a motion for leave to amend that complies with the Federal Rules of Civil Procedure and the Court's Local Rules.

Further, in light of the Amended Complaint, it is hereby **ORDERED** that Defendant Doughty and the Janeway Law Firm's Motion to Dismiss (Dkt. #16) is **DENIED AS MOOT**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

It is further **ORDERED** that the telephonic Motion Hearing set on February 1, 2023 at 11:00 a.m. (*see* Dkt. #16) is **VACATED.**

Date: January 27, 2023