IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02242-CNS-NRN

ERIC WITT,

Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge),
JANEWAY LAW FIRM P.C.,

Defendants.

MINUTE ORDER[1]

Entered by Magistrate Judge N. Reid Neureiter

    It is hereby **ORDERED** that Mr. Witt's Motion for Summary Judgment (Dkt. #34) is **STRICKEN** for failure to comply with Judge Sweeney's Civ. Practice Standard 7.1D. Even though Plaintiff proceeds pro se in this lawsuit, he must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). This includes the Federal Rules of Civil Procedure, the Local Rules of Practice, and Judge Sweeney's Uniform Civil Practice Standards.

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

The Court also notes that, as grounds for his Motion for Summary Judgment, Mr. Witt argues that Defendants did not answer the Amended Complaint within 14 days. (*See* Dkt. #34 at 1.) But the Amended Complaint, which Mr. Witt improperly filed without first seeking leave of Court, was accepted for filing on January 27, 2023. (*See* Dkt. #32.) Accordingly, pursuant to Rule 15(a)(3), Defendants' responses to the Amended Complaint are not due until February 10, 2023.

Date: January 31, 2023