IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02242-CNS-NRN

ERIC WITT,

Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge),
JANEWAY LAW FIRM P.C.,

Defendants.

MINUTE ORDER[1]

Entered by Magistrate Judge N. Reid Neureiter

    The Court issues this Minute Order to clarify its earlier-issued ruling (Dkt. #38) striking Mr. Witt's Motion for Summary Judgment (Dkt. #34).

    Mr. Witt's subject motion (Dkt. #34) was titled Motion for Summary Judgment, so the Court construed it as such and denied it for failure to comply with Judge Sweeney's Uniform Civil Practice Standards.

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

      However, because Mr. Witt proceeds pro se, the Court must also broadly construe his motion. Therefore, to the extent Mr. Witt's motion can be construed as a motion for default judgment, such motion is **DENIED**. First, as previously stated (*see* Dkt. #38), Defendants' responses to the Amended Complaint are not due until February 10, 2023, so no default has occurred. Second, even if Defendants' deadline to respond had expired, default judgment would not be appropriate because Mr. Witt did not comply with Rule 55 of the Federal Rules of Civil Procedure, which "mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). Specifically, Mr. Witt did not apply to the clerk for an entry of default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief. Only after the clerk enters default may Plaintiff move for an entry of default judgment under Rule 55(b).

Date: February 1, 2023