

United We Stand
Divided we fall

The Protectors of Liberty

The style of this document is created for and named as Protectors of Liberty. This style now exists for a
show of honor to the Courts, Judges, Attorneys, adversaries and to all who are many of one justice and
contribute to the strength of our liberty. For the recognition to dedication of one's life, and whom make
sacrifices for the people day to day. For the strength while in the face of corruption to stand firmly armored
with integrity and morality in the interest of true justice. May your legacies echo in eternity as a shield to
protect the integrity of our nation. For now, and forever precisely guiding us with absolute truth in the
pursuit of happiness.

# The United States District Court

# District Of Colorado

## OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW plaintiff Eric Witt by special appearance, reseving all rights under UCC 1-308, not waiving any rights and who is in opposition to the Defendants David R. Doughty And Janeway Law Firm, P.C.'S Motion To Dismiss Plaintiff's Amended Complaint

Plaintiff shall use the below (Definition = The Wordage Used) for review of this document

Plaintiff agrees when Defendants states = AGREES

The plaintiff does not agree when defendants states = DOES NOT

If "DOES NOT" is below it will follow up with

- This dot bullet indention below the disagreed paragraph to explain.
- Continued if needed



Civil Rights Lawsuit




**PLAINTIFF WOULD LIKE TO NOTE: DOES NOT:** the defendants certificate of service is dated January 31 2022

- We will assume they intended January 31 2023

## CERTIFICATION

**DOES NOT:** "Under D.C.Colo.L.Civ.R. 7.1(a) and (b), as the instant motion is filed under Fed. R. Civ. P. 12, Movants did not confer with the Plaintiff prior to filing."

- This is a local rule and is not in harmony with the Federal Rules of Civil Procedure which federal rules trump local rules and can be considered void under the Administrative Procedures act of 1946  and/or the supremacy clause of the constitution if state laws aren't in conjunction with the federal rule or law. However, Plaintiff would definitely prefer to avoid litigation. In this case that was initially filed 7 minutes before the sale of the plaintiffs property. Plaintiff was facing immediate injury and had to file immediately to avoid further injury.

## PROCEDURAL POSTURE

**AGREES:** "Movants filed their initial Motion to Dismiss Plaintiff's Complaint (Doc #16) on December 6, 2022."

**AGREES:** "The Plaintiff filed a Motion to Strike (Doc #19) the Motion to Dismiss on December 12, 2022"

**DOES NOT:** " because undersigned counsel did not include his e-mail address in the Motion, even though counsel's contact information was in the Motion, and even though Plaintiff would have had the email address from the state court foreclosure pleadings."








- The motion to strike was filed by the plaintiff arguing a corporation cannot represent itself, nor may a layman of the corporation represent the corporation pro se. The theory being a state court attorney is not acceptable to represent a corporation in this federal court under unfamiliar federal law. The local attorney rule violation for the notice of appearance was brought to this courts attention because it was in fact violated and the plaintiff thought it to additionally prove a layman representation of a corporation. The Court denied the Motion to Strike

AGREES: "(Doc #21) on December 14, 2022, but gave the Plaintiff until January 10th[1] to respond to the Motion to Dismiss. The Order denying the Motion to Strike was affirmed on January 20, 2023 (Doc #30). "

DOES NOT: "Despite being granted additional time to respond to Movants' Motion to Dismiss, the Plaintiff did not file a response. Instead, the Plaintiff improperly filed, but did not serve, an Amended Complaint (Doc #29) on January 10, 2023."

- Plaintiff was made aware that future filing amendment would need the court approval, as per the federal civil rules the plaintiff is granted one amendment without permission from the court and not that filing the amended complaint was improper itself but that the extra timing was given for a response and not necessarily for an amendment. Given the plaintiff is unschooled in law the court has discretion to hold plaintiff to a lessor standard and therefore justifiably accepted plaintiffs amended complaint.

---

.








- Plaintiffs amended filing was perceived by plaintiff as his proper response to the Motion to dismiss and a lesson learned for the incorrect assumption on the time extension scope.

- Below is the Colorado terms for electronic filing. Given the defendants were already served the "originating document(s)" the defendants already agreed to accepting E-service when utilizing the courts electronic filing system..

- COLORADO COURTS E-FILING FEATURES AND USAGE NOTIFICATIONS
  E-Service: Allows User to electronically serve documents on other parties. E-Service excludes personal service of process and applies only to documents filed in a case subsequent to the originating document(s). Parties registered on Colorado Courts EFiling agree to receive service, other than personal service of process, via Colorado Courts E- Filing.

AGREED: "On January 27, 2023, the Court issued a Minute Order (Doc #32) where it denied Movant's Motion to Dismiss as moot and accepted the Amended Complaint as the operative pleading as of that date. Movants now renew their request for dismissal, this time of the Amended Complaint, which is substantially similar to the Plaintiff's initial,"

UNCLEAR: internet-based form complaint."

      I Eric Witt am going to speak freely on this as I am confused on this statement by the defendants. Below is my perception of this aforementioned statement.

1. It is assumed that an "internet-based" filing is somehow incorrect given the context of the defendants statement on my complaint. When I use google and search "online Law Library"






after the ads the first four websites are a .org, .edu and 2X.gov's websites. Which .org is a non-profit organization that are known to have reliable information, .edu are for verified educational industries and .gov are solely reserved for the government websites. The .gov websites for example have official forms, examples and resources to assist pro se filers. Also, the documents filed in the county controllers office are accessed on the internet and countless other websites like Lexis Nexis for example has frequently updated law over the internet. So if I utilized the LexisNexis website to view current law for a cause of action on my complaint, that would essentially be a "internet-based" claim and inappropriate through the defendants viewpoint. Maybe clarification is needed on what the defendants definition of "internet-Based" is. It is a broad statement lacking substance and it would be difficult for any reasonable person to make coherent sense of this. So please forgive me and my ignorance to law when the only response that comes to mind when I see "internet-based" in the context used by the defendants is:

    a. And?...

2. Other than the previous assumption of the defendants posture of the "internet-based" statement. The only other intention I can perceive is not appropriate for this court. The language used in my filings is given a second look before filing after the first conference in this court. I have established a respect and appreciation for having access to this honorable court, regardless of the outcome or who is on my complaint and to maintain a composure that's dignified for such.

## I. INTRODUCTION

DOES NOT: "The Plaintiff stopped paying his mortgage two and-a-half years ago."







- Mr. Doughty and his firm have no first hand knowledge of the facts and statements as such cannot be used in this court because it is hearsay.

**DOES NOT:** " The holder of his loan initiated a foreclosure on April 28, 2022."

- All the court filed documents are signed solely by Mr. Doughty and his firm. Mr. doughty is the individual that signed to start the foreclosure process.

**DOES NOT:** "The Plaintiff did not contest the foreclosure in state court"

- The following is quoted Colorado rule 120 that states: "[t]he granting of [a Rule 120 motion] shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction[.]" Colo. R. Civ. P. 120(d) (emphasis added)
- Though it is true the plaintiff was not at the hearing, the rule 120 itself states the courts ruling is without prejudice and plaintiff has the right to seek relief of a competent jurisdiction.
- On another note the defendant is misrepresenting the facts as plaintiff never received a summons for a rule 120 hearing that was signed by an officer of the court and baring the courts seal.

**DOES NOT:** "On August 31, 2022, the property secured by the mortgage was sold at foreclosure sale."

The defendants did not provide the original note, the note filed in state court and in this court is a fraudulent forgery. There for the property was illegally sold due to the defendants' use of forged documents.






DOES NOT: "Seven minutes before the sale, the Plaintiff filed this case to delay the post-foreclosure process and cloud title to the property."

- Its was filed 7 minutes before the illegal sale. However, it was not done to delay anything. It was done to stop it permanently.

DOES NOT: "The document purporting to be Plaintiff's "Complaint" (Doc #1) was taken from the internet, piecemealed together to form Plaintiff's lawsuit. It contained citations to admiralty law, general allegations of deprivation of constitutional rights against private, non-governmental actors, charges of conspiracy, and references to the Uniform Commercial Code and GAAP accounting principles. The Complaint was replete with vague, conclusory allegations against no one in particular, demonstrating that it was pilfered from another source."

- Again, the internet is a valid source of reliable information if used correctly.
- Admiralty law is valid law still used today, some may argue that grounds for jurisdiction of statutory law is pilfered and piecemealed together from the coloring of admiralty law's grounds for jurisdiction.
- The plaintiff alleged his fact of a conspiracy committed jointly with state officials and the defendant, David R doughty and his law firm utilized a invalid statue the from the state, as well as other facts alleged in the complaint therefor being under color of law on multiple grounds.
- Colorado case law has determined that a lawyer representing on behalf of a bank doesn't fall under debt collection. In this case it does due to the fact the lawyer was not representing on behalf of any entity. Again, there is no other players involved here other than the lawyer and his firm as shows in all of the state court documents signed only by Janeway law firm's staff. The FDCPA, UCC AND GAAP are rightfully referenced in this case.






**DOES NOT:** (Plaintiff's Amended Complaint is substantially similar – and in most places, identical – to the initial Complaint[2]. The amendment is not an improvement on the original. As to Movants, the only substantive amendments are the inclusion of Movants' names on pages 7-8 and 10, vague and conclusory statements (as opposed to facts) on pages 7-11, and the addition of a "Legal Authority" section on pages 18-22.

- Plaintiff disagrees on this overly repeated statement by the defendant. The complaint lists facts, names and is obvious to understand for any reasonable man or woman. There was only one court hearing in state court, There is only one lawyer, one law firm, one judge and one state in this complaint. There is no way a reasonable individual would have trouble understanding who is who or what case the judge and lawyer were involved in.

**DOES NOT:** "The Plaintiff failed to pay his mortgage"

- Objection (emphasis added) Hearsay (emphasis added)

**DOES NOT:** "did not contest the foreclosure action"

- rule 120 states: "The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction,..." Colo. R. Civ. P. 120(d) (emphasis added)
- I don't think the wording of rule 120 can be anymore clear on its order and the right for plaintiff to contest that order in this court..
- Another note: Plaintiff was never served a summons signed by a court official with the courts seal. It is essential these fundamental federal rules are inline with state procedures. Without it there is no official authority and invites opportunity for fraudulent circumstances

---





to commence and at the cost of violating the rights of the people. Which is exactly what happened to the plaintiff in this case. There is no official summons holding the court liable by verifying Mr doughty is acting in good faith with his filing. Then the lower courts Judge Vasquez ruled to sell plaintiffs property without verifying the attorney had standing to rule for an order to sell plaintiffs property. If she had the order to sell would never have been granted. There is no proof of injury, there is no proof of service and the original contract is not provided, this is an infringement on plaintiffs due process rights.

DOES NOT: "and as a last-ditch effort to delay being evicted, brought this frivolous suit against the attorney and law firm hired to represent the note holder in the foreclosure, the State of Colorado, and the state court judge who authorized the foreclosure sale. Indeed, by merely filing this case, the Plaintiff has been able to occupy the property for months after his ownership rights were extinguished, years after he stopped paying his loan, severely prejudicing Movants and the new owner. The Amended Complaint wastes both federal judicial and state resources; is patently frivolous on its face (just as the original Complaint was); should be dismissed with prejudice; and Movants should be awarded their attorneys' fees for continuing to defend against this baseless action."

- This is flat out false, A key fact the defendants aren't acknowledging is the plaintiff's property was valued at over $400,000. The alleged amount said to be owed by the plaintiff is about $250,000. The plaintiff was fully aware before he filed this lawsuit, that he could sell the property even though the foreclosure process started. In turn after the alleged debt was stolen from the total amount, still be left with a sizeable amount of money. This can be proven via text messages, where Plaintiffs associate was highly advising him to sell the property and she had the resources to have the property under contract in 24 hours. In addition advising that taking on the lawyer, his firm, the state and its actors is nearly an








impossible task. The plaintiff made a decision to entrust justice will be served , depend on his skill sets and capability for accelerated learning. In turn, risking a very significant amount of money. The plaintiff was able to file just in the nick of time to stop the theft of his property. Its safe to say the plaintiff risked losing at minimum $100,000 by filing this suit. Id ask the court to consider the following. Why the plaintiff would risk everything by filing this lawsuit just to "delay" an eviction in a "frivolous" manner? Why would he risk such a significant loss unless he was SURE about the facts in his suit? There is a last ditch effort here but not by the plaintiff. The defendants Order to Dismiss is their last ditch effort to have the plaintiffs case thrown out so defendants can finish off the theft of his property. The last ditch effort before the plaintiff demands essential documents in discovery that will prove there is no injured party, the note filed is fraudulent, the note filed is a forgery, the state is assisting the theft with unconstitutional invalid law and procedures,  prove other facts plaintiff listed and proves the defendants never had standing to prosecute from the start when David R Doughty signed the notice of default letter listed as an exhibit in plaintiffs complaint.    .

## II.        STANDARD OF REVIEW

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "[a]ll well-pleaded facts, <u>as distinguished from conclusory allegations</u>, are accepted as true and viewed in the light most favorable to the nonmoving party." *Teigen v. Reffrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)(emphasis added). Fed. R. Civ. P. 8(a)(2) mandates that the complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."








- The fact that this case has many moving parts to it is not fault of the plaintiff. This is complex and is put simply with a plain statement, even if it wasn't there is enough facts listed for a claim to relief.

### III. FACTS

1.    DOES NOT: "On March 30, 2018, Plaintiff executed a Note in the amount of $247,926.00, payable to Commerce Home Mortgage ("Note"). (Movants' Request for Judicial Notice ("RFJN") Exh. 1 and *Amended Compl.*, ¶12f and i, 43vi and ix)."

- The defendants have no first hand knowledge of the facts and is not allowed pursuant to FRE 801 and 802, plaintiff contests the exhibit filings of the defendants "note" and "deed" as they are forged as stated in the complaint. The plaintiff demands the defendants to provide the original note and the court not allow the defendants to use the exhibits as evidence..
- Federal rules of civil procedure 801 states: "(c) HEARSAY. "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

2.    DOES NOT: The Note was secured by a Deed of Trust encumbering the property located at 170 Coolidge Ct., Bennett, CO 80102 (the "Property"). The Deed of Trust was also executed by the Plaintiff and recorded in the real property records of Adams County, Colorado ("the Records" at Reception No. 2018000026337. (RFJN Exh. 2).

- a true and complete copy was not filed and is missing parts of the contract as stated in plaintiffs complaint







**DOES NOT:** Colorado Housing and Finance Authority ("CHFA") was the holder of the Note and initiated a foreclosure action upon the Plaintiff's default in payments. A copy of the Notice of Election and Demand For Sale By Public Trustee was filed and recorded in the Records on April 28, 2022 at Reception No. 2022000037958. (**RFJN Exh. 3** and *Amended Compl.*, ¶ 20 and pg. 24).

- CHFA did not sign any of the court foreclosure documents. The attorney is falsely representing CHFA.
- The original note has not been provided
- David R Doughty is illegally acting as a third party debt collector

A Verified Motion for Order Authorizing A Foreclosure Sale Under C.R.C.P. 120 was filed in Adams County, Colorado District Court Case No. 2022CV30731 ("Rule 120"). (**RFJN Exh. 4** ). According to the Motion, the loan default date was the June 1, <u>2020</u> payment.

4.     **DOES NOT:** Plaintiff did not file a response to the Rule 120 motion. The District Court entered an Order Authorizing Foreclosure Sale ("OAS") on July 13, 2022, which reflects that no response was filed. (**RFJN Exh. 5**).

- Plaintiffs response is this lawsuit. Since proper service wasn't provided and the rule itself hold a 120 order without prejudice and reserves the plaintiff right to contest the judgement.
- rule 120 states: "The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction,..." Colo. R. Civ. P. 120(d) (emphasis added)

5.     At 9:53am on August 31, 2022, Plaintiff filed this case. **Seven minutes later**, the Adams County Public Trustee sold the Property in conformity with the OAS. CHFA was the highest






bidder at the sale. A copy of the Certificate of Purchase was recorded in the Records, on September 7, 2022 at Reception No. 2022000075272. (RFJN . 6).

- While this is true a file stamped copy of the plaintiffs claim was emailed 09/02/22, explained as a title dispute, that it was filed before the sale occurred and that email was acknowledged by response from the trustees office. The state funded trustee opted to ignore the dispute and illegally continue the sale process.

6. The Adams County Public Trustee then issued a Confirmation Deed to CHFA to the Property on September 16, 2022 at Reception No. 2022000077829 in the Records. (RFJN Exh.

7. The Adams County District Court entered an Order Approving Sale on September 6, 2022. (RFJN Exh. 8).

Again while these are records in the states office. It does not make them legal. The states office received and acknowledged the email sent 09/02/22 with a copy of a federal complaint referred to as a title dispute, timestamped before the sale with the official federal stamp from the clerk. If the state actors conducted business legally it should have stopped the process and then these records would not exist. This doesn't happen because the state actors and attorneys help each other in the conspiratorial fraud. .

8. DOES NOT "This case was filed just seven minutes before the foreclosure sale, for the purpose of clouding title to the Property and stalling an eviction. As with the original Complaint, most of the information in the Amended Complaint was taken from the internet. Even where Movants' names are now added, the allegations in the Amended Complaint are still overwhelmingly vague, unspecific, and conclusory, and do not properly allege any wrongful conduct by Movants that would give rise to a cause of action."

- I believe the plaintiff has proven this false. there are very specific facts number and are easily understood.







9.      DOES NOT: "For example, the Amended Complaint adds Doughty's name to paragraph 39, and concludes that he has "offsetting liability."

 This proves the defendant isn't even reading the document.. it says David R Doughty's RECORDS will show the BANK has an offsetting liability to the PLAINTIFF Paragraph 39 states:

       " David R. Doughty is employed for Janeway Law Firm P.C. records will show the bank have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports"

10.      DOES NOT: Then on page 7, Movants' names are added again to conclude – without a factual basis – that they "conspired" with the state court judge. *Amended Compl.*, pg. 7. The Plaintiff further alleges that the State of Colorado paved the way for Movants to "mislead" by allowing an attorney and law firm to sign court documents without properly vetting them. *Amended Compl.*, pgs. 8-9.

       I Would argue this as contradictive. As there are facts stated after "without factual basis". I'm not sure what the defendants are looking for here, proving the facts comes at discovery, at least that's what I've gathered from the internet.

11.      DOES NOT: The claims alleged in the Amended Complaint against Movants are no less difficult to discern since the contents of the same were taken from other sources.

       • Again, I'm having trouble comprehending this one. As technically everything in law is derived from "other sources". I don't see a workable argument here.

12.      DOES NOT: "The Complaint is also yet another run in federal court challenging the constitutionality of Colorado's foreclosure statutes. Thus, it impermissibly invites the federal court to review and overturn the complete state court foreclosure action."







- FRCP Rule 5.1. Constitutional Challenge to a Statute—Notice, Certification, and Intervention

13.    DOES NOT: "As to Movants, the claims lack factual or legal support and should be dismissed."

- The plaintiff has proven this to be false. there are well pleaded facts with merit.
- The plaintiff gave notice to the trustees office, the only reason the sale completed is because of illegal actions by the state.

## IV.    LEGAL ARGUMENT

A. <u>PLAINTIFF'S CLAIMS FOR RELIEF ARE NOT BARRED BY THE</u>

<u>ROOKERFELDMAN DOCTRINE</u>

The inherently limited scope of Rooker–Feldman, preclusion in federal court on the basis of a state-court judgment is determined by state law, not a federally-specified doctrine. "[I]ncorporation of preclusion principles into Rooker–Feldman risks turning that limited doctrine into a uniform federal rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act." Lance v. Dennis, 546 U.S. 459, 466, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (citing 28 U.S.C. § 1738).

rule 120 states: "An order granting or denying a motion filed under this Rule shall not constitute an appealable order or final judgment. The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion







shall be without prejudice to any other right or remedy of the moving party." Colo. R. Civ. P. 120(d) (emphasis added)"

The above Colorado case law specifically denies the rookerfeldman doctrine to be applied to a rule 120 order. There is no grounds for this to apply here and is a frivolous hail Mary attempt by the defendants. In the rule itself it says it can be contested. It can be challenged from another competent court to review it and overturn the judgment..

"Our pre- Exxon Mobil cases suggested that Rooker-Feldman would not apply in this context. See Cruz v. Melecio, 204 F.3d 14, 21 n. 5 (1st Cir. 2000) (stating, in dictum, that "denying jurisdiction based on a state court judgment that is not eligible for review by the United States Supreme Court simply would not follow from the jurisdictional statute that invigorated the Rooker-Feldman doctrine in the first place"); Hill v. Town of Conway, 193 F.3d 33, 40 (1st Cir. 1999) (because " Rooker-Feldman is keyed to § 1257," it therefore requires a judgment reviewable by the Supreme Court). Under this logic, the scope of Rooker-Feldman would be limited to state court judgments susceptible to Supreme Court review — in particular, final judgments, not interlocutory orders. See 28 U.S.C. §§ 1257 (providing for review of "[f]inal judgments or decrees" rendered by highest state courts), 1258 (same for Puerto Rico Supreme Court). Arguably, then, under Cruz and Hill, Rooker-Feldman would not apply to interlocutory orders."

A rule 120 order is not a final judgement eligible for review by a united states supreme court. As stated in rule 120(D): "shall not constitute an appealable order or final judgment" and therefor is not within the scope of the rooker-feldman doctrine.







**B.** **PLAINTIFF'S REMAINING CLAIMS FAIL TO STATE A CLAIM FOR RELIEF AGAINST MOVANTS**

    **1.** **Count One: 42 U.S.C. § 1983 Claim**

A private party acts under color of law if it cannot take any action within a category unless the government has some degree of input or approval over the action. The below case law is where a landlord entered the property and took items out of her rental property due to non-payment by the tenant. Even though the landlord was acting in the bounds of a statute the tenant deemed it unconstitutional and brought her case to district court where it was dismissed. The court of appeals reversed the district court, and ruled that there was federal jurisdiction under 28 U.S.C.A. § 1343(4) and that a claim for which relief could be granted was stated under 42 U.S.C.A. § 1983. Hall v. Garson, 430 F.2d 430 (5th Cir. 1970).

This decision is significant because it extends a federal cause of action under 42 U.S.C.A. § 1983 to plaintiffs who are deprived of their civil rights by private persons, that is, those not employed by federal, state, or municipal governments. Furthermore, such private person need not have acted in concert with a government employee in order to be subject to liability. This proves David R Doughty and his Law Firm can be held liable under 42 U.S.C.A. § 1983.

**3.** **Count Two: Violation of Due Process**

Below is taken from plaintiffs amended complaint. It shows the David R doughty didn't have standing to file the foreclosure, The defendants argument for this is vague and unclear. Although there is only one attorney as a defendant. so "the attorney" can only be David R. Doughty. So the "attorney" cannot possibly be anyone else and can be the only one filing in the case.






20. On April 22, 2022, David R Doughty filed a Notice of Election and Demand For Sale By Public Trustee (Sale NO. A202279211) against the plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court. **Exhibit: A**

21. The statute the attorney used in the foreclosure complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

22. The foreclosing statute C.R.S. Article 38 is missing the enacting clause, the title, and the body, and therefore the foreclosing statute is not a valid law and is unconstitutional on its face.

23. The defendants violated the F. D. C. P. A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

24. There is no injured party.

## SCHEME TO DEFRAUD:

26. The contract filed in this case is forged and missing at least 6- provisions that are listed in the original contract.

27. The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present to be a valid law.

28. The State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.





29. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

30. Without a certification of the accounting entries of the attorneys cannot verify there was a debt.

31. 32. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.

32. The foreclosure was filed showing the lender as the plaintiff, however no one from the lender's corporation signed the foreclosure documents.

33. There is no witness before the court to give the court jurisdiction.

34. There is No Affidavit filed in the case to give the state court jurisdiction.

39. The David R. Doughty is employed for Janeway Law Firm P.C. records will show the bank have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

    a. 5. These records include:

        i. FR 2046 balance sheet,

        ii. 1099-OID report,

        iii. iii. S-3/A registration statement,

        iv. iv. 424-B5 prospectus and

        v. RC-S & RC-B Call Schedules








Mr. Doughty statements are contradictive as he states the plaintiff **DOES** meet the standard as shown below:

"The Plaintiff does claim that he had a property interest, that he was deprived of it, and that the deprivation was without due process."

Then the very next sentence he states the plaintiff does not in this statement:

"The Amended Complaint does not allege that Plaintiff had a property interest, only that his house was allegedly "listed on Zillow""

There are so many due process violations it wouldn't make sense to quote a majority of the complaint. Below is some of the facts.

With the below paragraphs 14, 15, 17 and 39 it shows a property interest,

"14.Valid conveyances require that the executed deed be delivered to and accepted by the grantee.

15.The property deed was never delivered or accepted by the plaintiff.

17.The fact the alleged lender accepted the plaintiff's signature on the mortgage lien proves the plaintiff owned the property already

39. The David R. Doughty is employed for Janeway Law Firm P.C. records will show the bank have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

 b. 5. These records include:







        v.  FR 2046 balance sheet,

        vi. 1099-OID report, iii. S-3/A registration statement,

     iv. 424-B5 prospectus and

        vii.        v. RC-S & RC-B Call Schedules "

With the below paragraphs 25 it shows being deprived of it.,

2. Judge Vasquez made a journal entry order authorizing sale on 7-13-22.

There are several due process violations, the below is when it began as said in paragraph 39 in the plaintiff's amended complaint. Indeed, David R Doughty initiated to foreclose the plaintiff's property without verifying an injury in fact of a citizen. He was acting without standing from the start, therefor the courts had no jurisdiction to authorize a sale. David R Doughty and judge Vasquez are in violation pursuant to FRCP RULE 11, Conducting a prefile investigation.

3. On April 22, 2022, David R Doughty filed a Notice of Election and Demand For Sale By

        Public Trustee (Sale NO. A202279211) against the plaintiff's property without an affidavit

        from an injured party to provide jurisdiction to the court. **Exhibit: A**

       3.        Wrongful Foreclosure

**DOES NOT:** "Plaintiff's Amended Complaint alleges a claim for Wrongful Foreclosure. *Amended Compl.*, pgs. 10-11, ¶ 42. Colorado does not recognize a claim for wrongful foreclosure.






*See" Schwartz v. Bank of America, N.A.* No 10-cv-01225, 2011 WL 135001, at *4 (D. Colo. Mar. 28, Commercial Equity Corp. v. Majestic Savings & Loan Ass'n, 620 P.2d 56 (1980)"

- The case law provided by the defendants above doesn't apply to this case. The case law provided firstly, isn't federal case law and secondly, the case law refers to a case where Plaintiffs filed a lawsuit 6 years after the foreclosure challenging jurisdiction to reopen the case. This is completely misapplied here. Below is the originating case law that started this "wrongful foreclosure" not recognized in Colorado debacle. . The defendant's case law stems from the below case law for authority.
- Commercial Equity Corp. v. Majestic Savings & Loan Ass'n, 620 P.2d 56 (1980)

4.      Remaining Claims

**Conspiracy to Commit Real Estate Deed Fraud**: As clearly stated in the claim. The lawyer and his firm, meaning David R doughty and Janeway Law firm P.C., used forged documents in conspiracy with Judge Vasquez as both are competent in law and have contract law knowledge. In other words,  its reasonable to say they would have noticed the required and standard missing items out of the contract, had competency to verify injury the finance reports and have a duty to investigate.  Rather they both elected to move forward, the proof of conspiracy is the sale order itself. Showing they were both involved with using a fraudulent contract and not verifying injury. In turn, illegally conveying the property deed to an auction for profit.

**Breach of Contract**: DOES NOT: "Complaint does not allege factual content that would permit the court to draw an inference that Movants are liable for a breach of contract with Plaintiff. *See Ashcroft* at 663. The Court cannot serve as de factor counsel for the Plaintiff and rewrite






otherwise deficient pleadings. *GJR Investments, Inc.* at 1369. For these reasons, any breach of contract claim, as to Movants, should be dismissed."

I argue the fact that we were under an unspoken contract the moment the defendants got involved with my property. For example: going out to eat in a restaurant. If you order and eat the food, you have contracted to pay that establishment in an unspoken and unwritten contract. The defendants have a duty to follow procedure. They are held to a higher standard being in positions of trust. They breached that trust by not verifying the original note, injured party and the other facts listed in the plaintiffs complaint. Therefor they are in breach of contract.

<u>Negligent/Reckless Conduct</u>:

The attorney operated outside of the law when he filed the foreclosure without doing a prefile investigation pursuant to FRCP 11. His decision to do this caused plaintiff extreme mental and physical anguish.

<u>Forgery, Obstruction of the Administration of Justice, Slander of Title, Slander of Credit, Inflicton of Emotional Distress ("IIED")</u>: The fact is by the lawyer and his firm filing without standing, in turn damaging plaintiffs credit, inflicted emotional distress from plaintiff anxiety, loss of sleep, and other damages listed in the complaint. He without a doubt caused harm the plaintiff will never recover from.

.






## <u>CONCLUSION</u> & <u>REQUESTS TO THE COURT</u>

I have show that David R Doughty's arguments are without merit. Defendants main argument is the Rooker Feldman doctrine, plaintiff not contesting the rule 120 hearing and that the federal court cant oversee the state court order. The doctrine is a narrow scope that lawyers are attempting to use widely. If its not a final judgment then Rooker-Feldman doesn't apply and the rule 120 itself says its not a final judgment, the order is without prejudice and rights are reserved to seek relief in a competent court. I perceive in my argument I have responded in a fashion that leaves no room for interpretation and this court without a doubt has jurisdiction over this case. The fact is Mr. Doughty vastly exaggerated plaintiffs' complaint and was incorrect and contradictive with his arguments. I object to David R Doughty's and Janeway Law Firm P.C.'s filed exhibits of the "note" and "deed" as they are fraudulently forged. I request the court to deny the motion to dismiss in its entirety, and order the defendants to answer to all points in the plaintiffs complaint on the merits. In the event the court sees it differently and grants the motion to dismiss, I requests a leave to amend the complaint.

By: /s/ Eric Witt

Eric Witt

170 Coolidge Court










Bennett, CO 80102

Telephone (720) 496-9912

Ericwitt34@gmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of February, 2023, I electronically filed the foregoing

Eric Witt RESPONSE to MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

via the CM/ECF System



