


# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02242-CNS-NRN

ERIC WITT,

170 Coolidge Court Bennett, CO 80102

And also via Email: ericwitt34@gmail.com

    Plaintiff,

v.

STATE OF COLORADO,

TERI VASQUEZ,

DAVID DOUGHTY,

JANEWAY LAW FIRM, P.C.,

Defendants.

PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

I eric witt submit the response to the State of Colorado and Teri Vasquez motion to dismiss.






SUMMARY OF THE ARGUMENT

The defendants arguments are erroneously implemented and should be dismissed due to it's over all deficiency. They lean on the Eleventh Amendment and /, and fail to state a claim. The immunities are all

irrelevant to this case, the 11th amendment clearly doesn't apply and plaintiff states his claim for relief. .

ARGUMENT

The plaintiff firmly disagrees to this argument "Rule 12(b)(1) mandates dismissal because this Court lacks subject matter jurisdiction over Plaintiff's claims against State Defendants" as well as "The Eleventh Amendments bars Plaintiff's § 1983 claims against State Defendants" and responds with this counter argument.

The 11th amendment states:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

I live in Colorado and am a state citizen of Colorado, and therefore the 11th amendment doesn't apply to this case as the 11th amendment calls out "citizens of another state, or by citizens or subjects of any foreign state.".

     The state has waived its Sovern immunity by accepting federal funding. This case law was provided by the defendants, (Robinson v. Kansas, 295 F.3d 1183 (10th Cir. 2002)). I also chose to use this case law for my argument, reason being, the summary of the case held that immunity is waived by accepting federal funds under the Rehabilitation Act. So, as with all constitutional rights, a states Sovern immunity is not absolute.

The following code was used in determination of judgment for the above case law.

42 U.S.C. § 2000d-7 (a) states:

     "(1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [ 29 U.S.C. 794 ], title IX of the Education Amendments of 1972 [ 20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [ 42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [ 42 U.S.C.







2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance

(2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State."

Given the fact that this lawsuit is filed under 42 U.S.C. 1983 deprivation of CIVIL RIGHTS, The State of Colorado and judge Vasquez immunity is waived. The moment Judge Vasquez acted outside her judicial capacity, that is, without doing her duty and verifying David R. Doughty with Janeway law firm P.C. had an injury in fact, 1st hand witness or signed affidavit under penalty of perjury and proof for process of service, before ordering the sale of the plaintiff's home, she waived her immunity on the grounds of moving forward in the case in lack of all jurisdiction. The state is violating my civil rights by illegally filing my property deed in their office. There is no valid law that requires the people to file their deeds in the states county controller's office. In turn yet another violation by not delivering my deed to me within the specified time mandated by law within 30 days and paying the county controller who's holding fraudulent deeds, not following state law conveying the actual deed within 30 days, paying Vasquez & other judges, passing unconstitutional laws for profit (like the foreclosure law in my suit, paying the trustee while they ignore my title dispute to help Mr. Doughty and others alike. This is the everyday standard operating procedure of the state. I'll also add, the State is currently violating the rights of the people with the aforementioned process. In light of that state process, I would like to note, the state is also violating the Federal Spending Clause's fourth condition. In 1987 congress stipulated conditions for recipients of federal funding.

"In upholding the federal law, the Court announced a four-part test for evaluating the constitutionality of conditions attached to federal spending programs: (1) the spending power must be exercised in pursuit of the general welfare, (2) grant conditions must be clearly stated, (3) the conditions must be related to a federal interest in the national program or project, and (4) the spending power cannot be used to induce states to do things that would themselves be unconstitutional."

Put simply and strait forward, the 11th amendment does not apply to this case because I am suing the state I am a citizen of. Although even if I were not people of the state of Colorado or if the 11th amendment does apply to people within the state. Then 42 U.S.C. § 2000d-7 does fall in sight of the plaintiffs scope of the plaintiffs claim 42 U.S.C. § 1983 and there for the defendants argument is without merit on multiple aspects..



3
Civil Rights Lawsuit


C. Plaintiffs state law tort claims are barred by sovereign immunity.

no officers have authority to violate federal laws or the constitution. If an officer commits such a violation, its done without state authority. If there is no state authority, there cannot be a claim of immunity under the 11th amendment or under the wider doctrine of Sovern immunity. The state cant give the authority to violate the federal laws or the constitution.

A Judge as a State Actor is not vested with the sovereign immunity granted to the State itself. See: Rolfe v. State of Arizona, 578 F.Supp. 987 (D.C. Ariz. 1983); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, (9th Cir, 1981) cert.

Plaintiff's failure to file a timely Notice of Claim deprives this Court of subject matter jurisdiction.

There is two key points I'd like to point out with this "notice of claim" for the state and its actors. First, The beginning of the first sentence of the statute states: "Any person claiming to have suffered an injury by a public entity or by an employee...". The keyword here is "employee", given the fact judge Vasquez is an "employee" of a public entity, doesn't mean any individual who is going to sue her has to give notice to the state. For example, if she is involved in a minor automobile accident and the other party is seeking damages. They don't need to give the state notice because they are not suing her as an "employee" they are suing her as an individual.  See, when Judge Vasquez ordered to sell plaintiffs home. She didn't verify David R Doughty had standing. It shows on the paperwork he filed in the court that he didn't have 1st hand involvement in the case. He was allegedly representing CHFA, this requires an affidavit sworn under the penalty of perjury to establish subject matter jurisdiction. In addition, she has a duty to verify an injury in fact, as well as, verifying proper proof of service. If these basic items aren't verified, how does she know if David R Doughty isn't just filing fraudulent documents to illegally obtain someone's home? The answer to that rhetorical question is she didn't know in this case and wouldn't know in any other case.

That said, the following case law determined: "That failure to follow simple guidelines of their post makes a judge's action no longer a Judicial act but an Individual act as the act represents their own prejudices and goals." ULRICH v. BUTLER ,130 S.Ct. 1288 (2010), 559 U.S. 90. I say without a doubt this case falls under "failure to follow simple guidelines", as an injured party, 1st hand witness and process of service is the simplest fundamental components of the civil litigation process. So, Judge Vasquez was




not an "employee", she was acting as an individual and this "notice of claim" statute does not apply to this case.

Lastly, even if this statute did apply to this case. I would deem it unconstitutional for this delays justice, as the statute states: "No action brought pursuant to this article shall be commenced until after the claimant who has filed timely notice pursuant to subsection (1) of this section has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first.". This could potentially force an injured party to drift outside the statute of limitations to file a equity suit. Therefore, depriving one the right to cure those injuries.

The overall argument of the defendants stating I didn't file a "notice of claim" and am "barred" is without merit. This unconstitutional statute doesn't apply to individuals and even if it did, its just not for me, and would be justly contested on its unconstitutionality attributes..

Plaintiff dis agrees: Governmental immunity is not waived to allow Plaintiffs' tort claims against State Defendants.

Im going to use the previous facts in the "Plaintiff's failure to file a timely Notice of Claim deprives this Court of subject matter jurisdiction." Section above. This is because the same verbiage is used to describe the ones immune "public entity" and "public employee". In summary, again, Judger Vasquez was operating out side of all jurisdiction.

"A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)"

II. Rule 12(b)(6) mandates dismissal because Plaintiff fails to state a claim against State Defendants.

Judge Vasquez is entitled to absolute judicial immunity from Plaintiff's claims

Again reference the previous facts in the "Plaintiff's failure to file a timely Notice of Claim deprives this Court of subject matter jurisdiction." Section above.   As well as the below cases.

In examining entitlement to immunity, the U.S. Supreme Court focused upon the nature of the act: is it an act ordinarily performed by a Judge? Unfortunately, judges sometimes exceed their jurisdiction in a particular case. But an act done in complete absence of all jurisdiction cannot be a judicial act. Piper v. Pearson, id., 2 Gray 120. It is no more than the act of a private citizen, pretending to have judicial power which does not exist at all. In such circumstances, to grant absolute judicial immunity is contrary to the public policy expectation that there shall be a Rule of Law.






There Is No Immunity For A Judge Ruling Without Subject Matter Jurisdiction: Administrative-capacity torts by a judge do not involve the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights," and therefore do not have the judicial immunity of judicial acts. See: Forrester v. White, 484 U.S. 219, 98 L.Ed.2d 555,

108 S.Ct. 538 (1988); Atkinson-Baker & Assoc. v. Kolts, 7 F.3d 1452 at

1454, (9th Cir. 1993).

B. Judge Vasquez is qualifiedly immune from Plaintiff's individual-capacity claims.

C. Plaintiff fails to plead plausible allegations to support any claim against State Defendants.

Below are facts in the complaint.

Page 7: Judge Vasquez and David R. Doughty with Janeway law Firm P.C. conspired in a foreclosure sale, the B.A.R. members being competent in law, moved forward with the sale when lacking an injury in fact, the original note, and more of the forementioned alleged facts.

Here is stating she didn't verify injury in fact and original note

Page 8: amended complaint: Judge Vasquez ruled on a case without first establishing subject matter jurisdiction.

This is stating she didn't have subject matter jurisdiction. Going in order from the previous mentioned alleged fact.

PARAGRAPH NUMBER 25: Judge Vasquez made a journal entry order authorizing sale on 7-13-22.

  This fact is the main one, the defendants acknowledged there is facts when they stated: "Specific factual allegations against the State of Colorado or Judge Vasquez are scanty"

The fact there is less facts for these defendants doent mean they aren't a significant part in this claim. When Vasquez ruled on the sale of my home without verifying anything it caused a significant amount of distress for me. In fact if she had not ordered the sale of my property and verified David R. Doughty had standing, then we likely wouldn't be in this court.






State of Colorado facts:

Page

The state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.

The state is in control of the plaintiff's property deed when there is no law that forced the plaintiff to register his property.

Page 8: All of the above actions result to a State of Colorado regulated rules and procedures, a State of Colorado paved pathway….

Page 9: The State of Colorado pays the sub corporations and also allowing circumventing of several rules, including but not limited to illegally filing the property deed in the state financed county controllers office.








CONCLUSION

Plaintiff has proven the 11th amendment doesn't apply and by the doctrines of absolute, qualified, and sovereign immunity are waived. I request the motion to be dismissed denied. In the event the court disagrees. I request a leave to amend the complaint. *6

13

Respectfully submitted, this 24th day of February 2023,

14

CERTIFICATE OF SERVICE

    This is to certify that I served the foregoing STATE DEFENDANTS'

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, with a copy of

Exhibit A attached thereto, upon all parties herein by e-filing through the CM/ECF system maintained by the court

s/Eric Witt

