UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:22-CV-02242-CNS-NRN

Eric Witt,
Plaintiff,

v.

State of Colorado;
Teri Vasquez;
David R. Doughty;
Janeway Law Firm, P.C.,
Defendants.

_____

**DEFENDANTS DAVID R. DOUGHTY AND JANEWAY LAW FIRM, P.C.'S
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**
_____

COMES NOW Defendants David R. Doughty ("Doughty") and Janeway Law Firm, P.C. ("JLF")(collectively "Movants"), who reply to the Plaintiff's opposition to Defendants' motion to dismiss Plaintiff's Amended Complaint.

**INTRODUCTION**

The Plaintiff filed this frivolous lawsuit way back on August 31, 2022, seven minutes before the scheduled foreclosure sale of his former property. At the time, the foreclosure had been pending for 125 days. He did not contest the foreclosure in state court.

Plaintiff filed an Amended Complaint (Doc #29) on January 10, 2023. The Movants filed their Motion to Dismiss ("Motion") the Amended Complaint on January 31, 2023 (Doc #36). The Motion noted that the Amended Complaint was replete with bare, general allegations of deprivation of constitutional rights, blanket charges of conspiracy, and references to the UCC,

1

GAAP accounting, and admiralty law. It further noted that the Amended Complaint lacked specific allegations of wrongful conduct by the Movants, with their names randomly added to the Amended Complaint to give it the appearance of legitimacy.

According to the undisputed facts in the Motion, the Plaintiff defaulted on his mortgage loan, the lien was lawfully foreclosed, the Plaintiff's former property was sold at foreclosure sale under state law, and the state court approved the sale. The Plaintiff then sued the attorney and law firm that represented the lender in the foreclosure, the State of Colorado, and the state court judge who ordered and approved the sale.

The Motion requested that the Amended Complaint be dismissed as a matter of law on multiple grounds. First, the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. This Court lacks subject matter jurisdiction over Plaintiff's claims, since the Plaintiff, who was defaulted in state court and lost, seeks to have the federal court reject the state court foreclosure. Next, the Motion argued that Plaintiff's § 1983 Claim failed, since Movants were not state actors, which is overwhelmingly supported by the applicable authority.

The Motion further contended that the plethora of Plaintiff's remaining, difficult-to-discern claims against Movants, were unsupported by the facts or law. This includes claims related to due process, breach of contract, negligence, and the unrecognized claims of wrongful foreclosure and conspiracy to commit real estate deed fraud, among others.

The Plaintiff's Opposition to the Motion to Dismiss (Doc #43)("Response"), filed on February 19, 2023, only supports Movants' request to dismiss the Amended Complaint. The Response is replete with conclusory statements about forged documents and allegations of illegal conduct. It also alleges new facts not found in the Amended Complaint. The Plaintiff generally

does not contest the legal authority cited in the Motion, and in his Response, cites virtually no applicable authority in support of his own arguments. The Response contains a few interesting admissions regarding the foreclosure: that Plaintiff did not respond in state court, and that in fact, *the filing of this case is his response*. This can only lead the Court to one conclusion: that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. This case should be dismissed, and the Court should award Movants with their fees.

## ARGUMENT

*Rooker-Feldman* Doctrine

As set forth in the Motion, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under that doctrine, a state court loser is precluded from seeking judicial review in federal court. *Motion to Dismiss*, pg. 8. It applies when the federal court would have to review and reject the state court's judgment, and it applies within the context of a Rule 120 proceeding where, as here, the Plaintiff seeks to undo the foreclosure. *Motion to Dismiss*, pgs. 8-9.

In his Response, Plaintiff admits that was his goal in filing this case. First, he acknowledges he did not respond to the Rule 120 case: "…it is true the plaintiff was not at the hearing…." *Response*, pg. 6. Later, regarding the Rule 120 case, he confirms, "Plaintiffs response is this lawsuit." *Response*, pg. 12. According to the uncontroverted facts in Movants' Motion, the state court ordered and approved the foreclosure sale.

The legal authority in this District, cited in the Motion, compels a ruling that this Court lacks subject matter jurisdiction to undo the foreclosure sale. The Plaintiff did not address that authority in his Response. Instead, he cited to *Lance v. Dennis*, 546 U.S. 459 (2006). First, the cases in this District cited by Movants were decided after *Lance* and dealt directly with Colorado

foreclosure law. Second, *Lance* dealt with congressional redistricting at the state level. *Id* at 460. It was not a case where a plaintiff sought to use the federal court to undo a state court judgment, as in this case. Lastly, the Court in *Lance* ruled that the lower court in that case had erroneously conflated preclusion law with *Rooker-Feldman*. Thus, *Lance* is distinguishable and not on point.

<u>Section 1983 Claim</u>

The Motion also alleged that Plaintiff's Amended Complaint did not state a § 1983 claim against Movants. As stated in the Motion, the Amended Complaint contained one conclusory statement that the Movants conspired with the state court judge regarding the foreclosure. According to the Motion, a § 1983 claim requires action under color of state law, including a state actor. The legal authority provides that a private attorney representing his client does not qualify as state action. That includes in the context of a foreclosure. *See Motion*, pgs. 10-11. Notably, once again, the Plaintiff failed to address the authority cited by Movants in the Motion. Those cases hold that private individuals acting in their professional capacity are not acting under color of state law and are thus not liable for a § 1983 claim.

Plaintiff's retort is to cite a 1970 5th Circuit case concerning a landlord's removal of a tenant's property. Aside from being factually distinguishable from the current case, a 53-year-old case from another Circuit is not binding in this District. The Response thus concludes that, because of this 1970 case, Movants "can be held liable" under § section 1983. *Response*, pg. 17. The bare-bones and conclusory allegations contained in the Amended Complaint do not support a § 1983 claim against Movants, who are not state actors, as a matter of law. That claim should be dismissed.

Violation of Due Process

The Amended Complaint also apparently asserted a claim for Violation of Due Process. The Motion stated that the Plaintiff alleged that his house was listed on Zillow, that there was no allegation he was deprived of a property interest, or that the same was without due process. Indeed, the Motion noted that there was due process – the Rule 120 proceeding – where the Plaintiff (admittedly) chose not to participate.

Plaintiff's Response now contends that *Doughty* did not have standing to file the foreclosure. *Response*, pg. 17. (Of course, Doughty is an attorney, acting on behalf of his client, and was not a party to the foreclosure case.) The Response then simply copied and pasted portions of the Amended Complaint. *Response*, pgs. 18-20. Plaintiff further cited to the vague and conclusory statements from his boilerplate Amended Complaint. He thus concludes "[t]hat there are so many due process violations…." *Response, pg*. 20.

The Response does not address the legal authority cited in the Motion on this claim. The Response cannot save his conclusory statements in the Amended Complaint. Due process was followed in the foreclosure; he simply chose not to participate in that process. The Due Process claim against Movants fails to state a claim for relief and should be dismissed.

Wrongful Foreclosure

The Motion, citing applicable legal authority on this claim, noted that it is not a recognized cause of action in Colorado. The federal and state cases cited by Movants are applicable. Plaintiff's arguments are unpersuasive. This claim should be dismissed.

Conspiracy to Commit Real Estate Deed Fraud

The Movants could not locate a case recognizing this claim as a cause of action. In fact, there are no private causes of action for a criminal charge. *See Soh v. Santmyer*, No. 22-CV3354, FN 6 (E.D. N.Y. 2022)(specifically rejecting a claim for "conspiracy to commit real estate deed fraud"). Although that should end the inquiry, Plaintiff's Response does not address this point, but instead repeats the conclusory allegation that Movants conspired with the state court judge. The only alleged fact of a conspiracy cited by Plaintiff is the existence of an order authorizing the sale. There are no *facts* that otherwise support that there was any conspiracy, and even if there were, this is not a cognizable claim for relief.

Breach of Contract

The Amended Complaint included two headings for a breach of contract claim. Substantively, however, it alleged no facts of a contract between Plaintiff and Movants. In his Response, Plaintiff admits that he had no written contract with the Movants. Instead, he claims for the first time that there was an "unspoken contract." He provides no legal authority for such a contract, or facts demonstrating a breach of the same. The Court cannot act as *de facto* counsel for the Plaintiff. This claim should be dismissed.

Remaining Claims

As for the remaining claims, the Plaintiff's Response provides virtually no argument, legal or otherwise, to attempt to save them. The Amended Complaint fails to state a claim for relief for any other cause of action, as reflected in Movants' Motion.

## CONCLUSION

Plaintiff's claims against Movants are baseless. This Court lacks subject matter jurisdiction. The Amended Complaint fails to state a claim upon which relief can be granted and it lacks substantial justification. C.R.S. § 13-17-102. For these reasons, the Amended Complaint should be dismissed with prejudice. Movants reiterate their request for costs under Fed.R.Civ.P.54(d)(1) and attorneys' fees as allowed by statute.

Respectfully submitted this 3rd day of March, 2023.

By: */s/ David R. Doughty*
David R. Doughty, #40042
Janeway Law Firm, P.C.
9800 S. Meridian Blvd., Ste. 400
Englewood, CO 80112
Telephone (303) 706-9990
Facsimile: (303) 706-9994
**david@janewaylaw.com**
*Attorneys for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2023, I electronically filed the foregoing **REPLY** via the CM/ECF System and served via US Mail to the following, along with copies of unpublished opinions cited in this Reply:

Eric Witt
170 Coolidge Court
Bennett, CO 80102

/s/ *Melinda Pekol*
Melinda Pekol, Legal Assistant