IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02242-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge), and
JANEWAY LAW FIRM P.C.,

    Defendants.

---

ORDER

---

## I. SUMMARY FOR PRO SE PLAINTIFF

You have filed a motion for a temporary restraining order, essentially seeking to stop several defendants from accessing your property and filing motions regarding it. In order for the Court to grant your motion, the law requires that you satisfy four factors. You must satisfy all four factors. As discussed further below, the Court denies your motion for a temporary restraining order because you have not satisfied the first factor, meaning that you have not shown a likelihood of success on the merits on the claims related to your motion for a temporary restraining order.

## II. ANALYSIS OF MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's motion for a temporary restraining order (ECF No. 46). To merit a temporary restraining order ("TRO"), a plaintiff must establish that (1) he has a likelihood

1

of success on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *See, e.g., Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). A plaintiff seeking a TRO must satisfy all four elements. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

Plaintiff seeks a TRO to "restrain Janeway Law Firm P.C., David R. Doughty, other B. A. R. members, the State of Colorado, and/or 3rd party buyers from trespassing on or controlling and/or filing any motions in state court in regard to the plaintiffs property" (ECF No. 46 at 4). He also "requests the Federal Court to Vacate any judgments or orders from the illegal state court process and impose sanctions or other penalties for those involved undermining this [court's] authoritative jurisdiction" (*id.* at 3). However, in seeking this relief and contending that he has "established the agency's liability," Plaintiff has failed to meet his burden of showing a likelihood of success on the merits of any legal claim identified in his motion (*see, e.g., id.* at 1-2). *See also Weichmann*, 44 F. App'x at 347; *Denver Homeless*, 32 F.4th at 1277-79 (determining a plaintiff must satisfy all four preliminary injunction factors for a court to grant injunctive relief). Accordingly, the Court DENIES Plaintiff's motion for a temporary restraining order (ECF No. 46).

DATED this 6th day of March 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge