# The United States District Court District Of Colorado

In care of"

Eric Witt

170 Coolidge Court

Bennett, Colorado 80102

720-496-9912

Ericwitt34@gmail.com

3/15/2023

Eric Witt   ]

Plaintiff   ]

v.s   ]   **Demand For A Trial By Jury**

State of Colorado]

Attorney David R Doughty]   Case No. 122-cv-02242-CNS-NRN

Judge Teri Vasquez]

Janeway Law Firm P.C.]

Defendant's   ]

### NON- JUDICIAL TEMPORARY RESTRAINING ORDER – PERMANENT- INJUNCTION & DEMAND FOR AN EMERGENCY HEARING DUE TO THE PENDING 3.5- MILLION-DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRIVATION OF CIVIL RIGHTS

I'm before this court by special appearance, without waiving any rights, defenses, statutory or procedural rights and demand this court to Issue an Injunction and Restraining Order pursuant to Rule 65. (a) (b) (A), The plaintiff filed his civil rights action seeking immediate injunctive and declaratory relief to redress and prevent further deprivation of the plaintiff's rights under 42 U. S. C Sec. 1983, the mentioned action will also address, and Federal law violations noted in the complaint.

Plaintiff has a likelihood of success on the merits of the federal claims based on the following. The state foreclosure statute is not a valid law and is in violation of the State Constitution as the statute does not have the three elements the state constitution mandates must be present to be considered a valid law. The state constitution mandates valid laws must have a. an enacting clause, b. a title, and c. a body. The foreclosure statute does not contain the 3 elements necessary to be considered a valid law. Clearly the defendant's will not be able to prevail when the statute they rely on to provide jurisdiction to the court is unconstitutional and not a valid law.  In the state and Teri Vasquez motion to dismiss they failed to acknowledge the plaintiff argument of the tuckers act in the complaint which strips the qualified immunity the moment the actors act outside their judicial capacity. (See docket numbers 29, 43, 44, 48) The defendants in the case filed a motion to dismiss, claiming that the accusations in the complaint were not clearly stated. The plaintiff then filed an amended complaint, which clarified the claims made against the defendants.

The main disputed fact in the defendants' motion to dismiss is the use of the Rooker-Feldman Doctrine as a defense. The defendants claimed that the doctrine would bar the plaintiff's claims, but the plaintiff argued that this defense was impossible to apply to this case legitimately. This is in regards to the following:

Rule 120 states:

> *"An order granting or denying a motion filed under this Rule shall not constitute an appealable order or final judgment. The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek*

Case No. 1:22-cv-02242-CNS-NRN   Document 50   filed 03/15/23   USDC Colorado   pg 3 of 8

*injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any other right or remedy of the moving party." Colo. R. Civ. P. 120(d)*

- a. The Rooker-Feldman Doctrine applies when four requirements are met, along with the three provisions established in the Feldman case. The first provision states: "One provision made **"[F]INAL JUDGMENTS** and decrees of the District of Columbia Court of Appeals".
- b. The second provision "**REVIEWABLE BY THE SUPREME COURT** of the United States in accordance with section 1257 of title 28, United States Code." § 111, 84 Stat. 475 (codified at D. C. Code § 11-102 (1981))."
- c. The third provision states: "Another provision amended 28 U. S. C. § 1257 to specify that the term "highest court of a State" as used in § 1257 includes the District of Columbia Court of Appeals. § 172(a)(1), 84 Stat. 590."

2. Provided the above provisions are true these are the four requirements that must be met to apply Rooker-Feldman:
   i. the federal plaintiff lost in state court,
   ii. the plaintiff complains of injuries caused by the state court judgment,
   iii. that judgment issued before the federal suit was filed, and
   iv. the plaintiff invites the district court to review and reject the state court judgment.

P a g e  **3 | 8**

In this case, the plaintiff argued that the Rooker-Feldman Doctrine could not be applied because the Rule 120 order granting the foreclosure sale was not a final judgment and was not appealable in the Supreme Court. In addition it is impossible to have a state court loser if there is not a final judgement, there was no loser as an outcome, and the first two provisions established in the Feldman case were not met, as well as the first requirement of the *Rooker-Feldman doctrine* requiring a state court loser. On top of it all the rule 120 itself states it reserves the right for relief in a court of competent jurisdiction. This leaves the defendants defense in shambles and has zero applicability to this case.

The defendants also claimed confusion on who did what in the plaintiff's complaint, but the plaintiff argued the defendants used nearly identical verbiage in their reply to the response to the motion to dismiss to describe the involved parties, this is possible evidence that the defendants were not filing in good faith. The defense consistently resorted to baseless hearsay statements to support their claims, even after the plaintiff exposed evidence nullifying the use of the doctrine. They have now doubled down on their desperation filing for an eviction order in the lower state court to circumvent the jurisdiction (case# 23c33567) where the lower state court is again assisting the defendant by hiding this case from the docket sheet only available through contacting the clerk, in addition the court allowing the eviction court to proceed when there is an undeniable conflict of interest with a state court judge from the same courthouse and the state being defendants in this case and, again the plaintiff did not receive a summons signed by an officer of the court baring the courts seal. They filed for the eviction only after the plaintiff proved their defense heavily leaning on the Rooker Feldman doctrine is a broken and



inapplicable defense. Showing it is likely acts of disparity and a willingness to continue to violate the plaintiffs due process rights even further.

The defendants also failed to perform due diligence before filing for foreclosure, as they did not provide the original note, a first-hand witness to the facts, or an affidavit of one sworn under penalty of perjury. They also used an unconstitutional statute as the foundation to foreclose. Based on these arguments, the plaintiff would likely have a strong case for success on the merits. The defendants' motion to dismiss would likely be denied, and the case would proceed to trial. If the plaintiff can prove that the defendants did not file in good faith and did not perform due diligence before filing for foreclosure, he may be able to obtain a judgment in his favor.

The balance of equities favors granting a TRO because Defendant's actions in pursuing eviction in state court threaten to undermine the federal court's jurisdiction and the ability of the federal court to provide a meaningful remedy to Plaintiff.

A TRO is necessary to prevent immediate and irreparable harm to Plaintiff.

The plaintiff requests this court to grant the injunction/restraining order in the interest of justice, to restrain the State court, attorney, and or 3rd party buyers from accessing or controlling the property. Plaintiff also requests the Federal Court to Vacate any judgments or orders from the illegal state court process. The plaintiff has established the agency's liability upon a showing that there is a permanent and well-settled practice by the agency which gave rise to the alleged constitutional violation. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996); *Thompson v. City of Los Angeles*,





885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Once the plaintiff, has demonstrated that a custom exists, the plaintiff need not also demonstrate that "official policy-makers had actual knowledge of the practice at issue." *Navarro*, 72 F.3d at 714-15; *Thompson*, 885 F.2d at 1444.  Plaintiff has established an affirmative causal link between the agency's policy or practice and the alleged constitutional violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

 **WHEREFORE**, the plaintiff requests this court to grant the injunction/restraining order in the interest of justice, to restrain the B. A. R. members, and or 3rd party buyers from trespassing on or controlling the property. Plaintiff also requests the court to vacate any state court judgments or orders in the interest of justice. Including the eviction court case# 23c33567.

  /s/Eric Witt    3/15/2023
  Eric Witt
Without Prejudice UCC 1-308
Eric Witt **Permanent Address:**
Rural Route Delivery
170 Coolidge Court
Bennett, Colorado 00000
7204969912
Ericwitt34@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 3/15/2023, the foregoing document was filed in Court, and a copy was served on the parties via cm/ecf below.

        State of Colorado]
   Attorney David R Doughty]





Judge Teri Vasquez]
Janeway Law Firm P.C.]

/s/Eric Witt   3/15/2023
 Eric Witt
Without Prejudice UCC 1-308
Eric Witt **Permanent Address:**
Rural Route Delivery
170 Coolidge Court
Bennett, Colorado 00000
7204969912
Ericwitt34@gmail.com

# AFFIDAVIT OF Eric Witt

**STATE OF COLORADO**

**COUNTY OF ADAMS**

    I, the Affiant, who goes by a man,  being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of  Colorado, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following and aforementioned statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say: The above mentioned case must be transferred in the interest of justice. Other state court judges are participating in the same misconduct and therefore the defendant cannot get a fair and impartial trial in the state court.

FURTHER AFFIANT SAITH NOT.
    I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone,







and that Eric Witt, executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

      Done this 15th day of March in the year 2023, under penalty of perjury under the laws of the United States of America.

      SWORN to this 15th day of, March 2023.

/s/Eric Witt   3/15/2023
 Eric Witt
Without Prejudice UCC 1-308
Eric Witt **Permanent Address:**
Rural Route Delivery
170 Coolidge Court
Bennett, Colorado 00000
7204969912
Ericwitt34@gmail.com


