IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02242-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge), and
JANEWAY LAW FIRM P.C.,

    Defendants.

## ORDER

### I. SUMMARY FOR PRO SE PLAINTIFF

You have filed a motion for a temporary restraining order, essentially seeking to stop several defendants from accessing or controlling your property and for the Court to vacate certain state court orders. In order for the Court to grant your motion, the law requires that you satisfy four factors. You must satisfy all four factors. As discussed further below, the Court denies your motion for a temporary restraining order because you have not satisfied the first factor, meaning that you have not shown a likelihood of success on the merits on the claims related to your motion for a temporary restraining order.

## II. ANALYSIS OF MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's motion for a temporary restraining order (ECF No. 50). To merit a temporary restraining order (TRO), a plaintiff must establish that (1) he has a likelihood of success on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *See, e.g., Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). A plaintiff seeking a TRO must satisfy all four elements. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

Plaintiff seeks a TRO to "restrain the State court, attorney, and/or 3rd party buyers from accessing or controlling the property," and for "the Federal Court to Vacate any judgments or orders from the illegal state court process" (ECF No. 50 at 5).[1] In seeking this relief, Plaintiff contends that he has shown a likelihood of success on the merits because the state foreclosure statute is not a "valid law" and "is in violation of the State Constitution," and states that Defendants did not "perform due diligence" before filing for foreclosure (*id.* at 2, 5). He also attempts to relitigate issues that the parties have briefed in connection to the Defendants' pending Motions to Dismiss, including the applicability of the *Rooker-Feldman* doctrine (*see id.* at 3-4; *see also* ECF Nos. 36 and 43). In making all of these arguments, however, Plaintiff cites no authority in support of his argument that he has shown a likelihood of success on the merits of his claims. *See Ross v. Texas Educ. Agency*, No. CIV.A. H-08-3049, 2008 WL 4746773, at *7 (S.D. Tex. Oct. 27, 2008) (concluding that plaintiffs failed to demonstrate a likelihood of success on the merits on claims where they "cited no authority and provided no analysis with respect to those claims"). He also

---

[1] Plaintiff previously filed a motion for a temporary restraining order, which the Court denied (ECF No. 47).

provides no substantive analysis demonstrating that injunctive relief is warranted. *See Pullen v. Brown*, No. 3:18-CV-1274-J-39MCR, 2018 WL 5785957, at *2 (M.D. Fla. Nov. 5, 2018) ("Plaintiff offers no analysis of the above elements as required to demonstrate that the extraordinary and drastic remedy of injunctive relief is warranted." (quotations omitted)).

Accordingly, Plaintiff has failed to meet his burden of showing a likelihood of success on the merits of any legal claim identified in his motion (*see, e.g., id.* at 1). *See also Weichmann*, 44 F. App'x at 347; *Denver Homeless*, 32 F.4th at 1277-79 (determining a plaintiff must satisfy all four preliminary injunction factors for a court to grant injunctive relief). Therefore, the Court DENIES Plaintiff's motion for a temporary restraining order (ECF No. 50).

DATED this 16th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge