IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02242-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge), and
JANEWAY LAW FIRM P.C.,

    Defendants.

## ORDER

### I. SUMMARY FOR PRO SE PLAINTIFF

You have filed another motion for a temporary restraining order, essentially seeking to stop several defendants from accessing or controlling your property and for the Court to vacate certain state court orders. In your motion, you have added an "updated section" of legal authority, and appear to seek relief related to a state court hearing scheduled for March 20, 2023, at 8:30 a.m. For the Court to grant your motion, the law requires that you satisfy four factors. You must satisfy all four factors. The Court denies your motion for a temporary restraining order because—for the same reasons the Court explained in its Order denying your motion for a temporary restraining order on March 16, 2023—you have not satisfied the first factor, and your updated section of legal authority does not change the Court's analysis or conclusion. Because you have not shown a

1

likelihood of success on the merits on the claims related to your motion for a temporary restraining order, the Court denies your motion for a temporary restraining order.

You have also filed a notice of removal, seeking to remove a state court action to federal court. To remove a state court action to federal court, you must demonstrate that you have met certain legal requirements. You have not demonstrated that you met these requirements.

This is the fourth TRO motion that you have filed this month. The Court cautions you at the bottom of the Order against filing another TRO motion, and provides a reminder of the upcoming April 12, 2023, hearing regarding the pending motions to dismiss.

## II. ANALYSIS OF TEMPORARY RESTRAINING ORDER AND REMOVAL NOTICE

Before the Court is Plaintiff's motion for a temporary restraining order (ECF No. 55). The Court has previously denied two motions for a temporary restraining order that Plaintiff has filed (ECF Nos. 47 and 51). Plaintiff filed a motion for a temporary restraining order on March 16, 2023 (ECF No. 52). Plaintiff then withdrew that motion, and filed the instant motion for a temporary restraining order on March 19, 2023 (ECF Nos. 54 and 55). In the instant motion for a temporary restraining order, Plaintiff has added an "updated section" of legal authority from his previous motion that the Court denied on March 16, 2023 (ECF No. 51, 55). Other than the instant motion's "updated section" of legal authority, Plaintiff's motion is nearly identical to the one the Court denied on March 16, 2023 (*Compare* ECF No. 52 at 5-10, *with* ECF No. 50 at 2-6). Plaintiff has also filed a "Notice of Removal" (ECF No. 53).

### A. Temporary Restraining Order

To merit a temporary restraining order (TRO), a plaintiff must establish that (1) he has a likelihood of success on the merits; (2) he will suffer irreparable injury if the injunction is denied;

2

(3) his threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *See, e.g., Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). A plaintiff seeking a TRO must satisfy all four elements. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

The Court incorporates its analysis of Plaintiff's first motion for a temporary restraining order into its Order (ECF No. 51 at 1-3). The only thing Plaintiff has changed in the instant motion is the "updated section" of "legal authority in conjunction to the likelihood of success on the merits" (ECF No. 55 at 2 (capitalization omitted)). However, this updated section does not alter the Court's analysis or change its conclusion that Plaintiff has failed to meet his burden of showing a likelihood of success on the merits of any legal claim identified in his motion. *See also Weichmann*, 44 F. App'x at 347; *Denver Homeless*, 32 F.4th at 1277-79.[1]

In his "updated section," Plaintiff cites and quotes several cases from other jurisdictions and outside the Tenth Circuit, including one concerning an Ohio Rule of Civil Procedure (ECF No. 55 at 2). Plaintiff cites these cases without explaining their applicability to his own case. And although Plaintiff states that "David R Doughty never had standing from the beginning" and that "the one provided [note] is fraudulent as the above caselaw has shown going in favor of the homeowner," this statement is insufficient to meet his burden of showing a likelihood of success on the merits (ECF No. 55 at 4). *See Ross v. Texas Educ. Agency*, No. CIV.A. H-08-3049, 2008 WL 4746773, at *7 (S.D. Tex. Oct. 27, 2008) (concluding that plaintiffs failed to demonstrate a likelihood of success on the merits on claims where they "cited no authority and provided *no*

---

[1] Plaintiff has also attached various e-mails and filings related to his state court proceeding (*see* ECF Nos. 55 at 5, 55-1, 55-2). However, Plaintiff has failed to meet his burden of explaining how or why these documents demonstrate a likelihood of success on the merits of his claims.

*analysis* with respect to those claims" (emphasis added)); *Pullen v. Brown*, No. 3:18-CV-1274-J-39MCR, 2018 WL 5785957, at *2 (M.D. Fla. Nov. 5, 2018) ("Plaintiff offers *no analysis* of the above elements as required to demonstrate that the extraordinary and drastic remedy of injunctive relief is warranted." (quotations omitted) (emphasis added)).

The Court has rejected many of Plaintiff's arguments in its prior Order (ECF No. 51 at 2-3). For the reasons set forth above, the addition of the instant motion's "updated section" of legal authority fails to demonstrate that Plaintiff has met his burden of showing a likelihood of success on the merits of any legal claim identified in his motion and that a TRO should be granted. *See also Weichmann*, 44 F. App'x at 347; *Denver Homeless*, 32 F.4th at 1277-79. Therefore, the Court DENIES Plaintiff's motion for a temporary restraining order (ECF No. 55). To the extent that Plaintiff seeks to enjoin the state court hearing set for March 20, 2023, that request for relief is DENIED as moot.

### B. Removal Notice and Petition

Plaintiff styles his "Notice of Removal" as both a notice and "petition for removal" (ECF No. 53 at 1). Plaintiff seeks to remove a state court action to federal court (*see* ECF No. 53). Plaintiff bears the burden of showing that removal is proper under 28 U.S.C. § 1441(a). *See, e.g., Zamora v. Progressive N. Ins. Co.*, No. CV 15-118 JCH/SCY, 2015 WL 13389920, at *1 (D.N.M. Oct. 21, 2015). Plaintiff has failed to meet this burden. For instance, Plaintiff must show that his notice of removal was filed within 30 days of receiving a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b); *see also Huffman v. Saul*

*Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("The failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective and justify a remand." (quotations omitted)). Plaintiff has failed to demonstrate—as he must—that he has complied with this statutory requirement for removal. *Cf.* ECF No. 53; *see also Zamora*, 2015 WL 13389920, at *1 ("Federal removal jurisdiction is statutory in nature and must be strictly construed." (citation omitted)). Accordingly, to the extent that there is a state court case pending against Plaintiff captioned "23c33567" in "County Court, Adams County, Colorado," Plaintiff's removal notice is DENIED (ECF No. 53 at 1).

### III. CONCLUSION

Consistent with the above analysis, Plaintiff's TRO motion (ECF No. 55) is DENIED. Plaintiff's Motion to Withdraw (ECF No. 54) is GRANTED, Plaintiff's March 16, 2023, TRO motion is DENIED as moot (ECF No. 52). Plaintiff's "petition for removal" is DENIED, and to the extent that a state court action captioned "23c33567" in "County Court, Adams County, Colorado" exists against Plaintiff, it remains in state court (ECF No. 53).

The Court makes one final note. Plaintiff has filed numerous motions for a temporary restraining order. Each TRO motion seeks to enjoin the same conduct against the same parties. In each TRO motion, Plaintiff has failed to provide any meaningful analysis or authority explaining why the Court should grant his request for a TRO. At this stage in the litigation—where a total of four TRO motions have been filed since March 3, 2023—Plaintiff's filings border on frivolous. If Plaintiff files a ***fifth*** TRO motion for the same reasons that the Court has denied the past four TRO motions, the Court will regard that motion as frivolous, will not consider it, and will consider other sanctions as appropriate.

Plaintiff is reminded that the parties are scheduled to appear before United States Magistrate Judge N. Reid Neureiter on April 12, 2023, for a telephonic hearing regarding the pending Motions to Dismiss (*see* ECF No. 42). Plaintiff many present arguments at that time concerning the pending Motions to Dismiss, rather than attempt to make arguments related to those dismissal motions in a fifth and frivolous TRO motion.

DATED this this 20th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge