# The United States District Court

## District Of Colorado

In care of"

Eric Witt

170 Coolidge Court

Bennett, Colorado 80102

720-496-9912

Ericwitt34@gmail.com

4/12/2023

**Eric Witt**

**Plaintiff**

v.s

**Demand For A Trial By Jury**

State of Colorado

Attorney David R Doughty

Case No. 122-cv-02242-CNS-NRN

Attorney Alison L. Berry

Related case numbers: 23c33567, case# 22CV30731

Judge Teri Vasquez

Janeway Law Firm P.C.

JANE DOE

Defendant's  ]

## 4.5 MILLION U.S. DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRAVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, ABUSE OF PROCESS, FORGERY, OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE, WRONGFUL FORECLOSURE, BREACH OF CONTRACT, NEGLIGENT/RECKLESS CONDUCT, SLANDER OF TITLE, SLANDER OF CREDIT, INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INTERFERENCE WITH POSSESSION AND UNDER THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION

Comes Now Plaintiff Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, to file his Claim against the defendant's. The claim will be brought forward in Common Law, "Administrative Law," "Law," "Equity," and Under the Uniform Commercial Code. This 42 U.S. Code Sec. 1983 Civil Action Claim is for depravation of civil rights, violation of 42 u.s.c. § 1983, violation of due process, conspiracy to commit real estate deed fraud, abuse of process, forgery, obstruction of the administration of justice, wrongful foreclosure, breach of contract, negligent/reckless conduct, slander of title, slander of credit, infliction of emotional distress, intentional interference with possession and under the first, fourth, fifth and fourteenth amendments to the constitution. This case is brought to enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law. In accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own




1

first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

## Table of Contents

*JURISDICTION AND VENUE* ............................................................................................................................... 4

PARTIES ............................................................................................................................................................ 4

JURISDICTION:. .................................................................................................................................................. 6

FACTUAL ALLEGATIONS: .................................................................................................................................... 7

Plaintiff's claims are brought forward Under Common Law: ........................................................................... 13

CLAIMS FOR RELIEF ......................................................................................................................................... 13

   **1) VIOLATION OF 42 U.S.C. § 1983**.............................................................................................................. 13

      **LEGAL AUTHORITY FOR VIOLATION OF 42 U.S.C. § 1983** ......................................................................... 15

   **2) VIOLATION OF DUE PROCESS:** ............................................................................................................... 15

      **LEGAL AUTHORITY FOR VIOLATION OF DUE PROCESS:** ........................................................................... 17

   **3) CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD:** ...................................................................... 18

      **LEGAL AUTHORITY FOR CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD:** ...................................... 20

   **4)** ABUSE **OF PROCESS** ............................................................................................................................ 21

      **LEGAL AUTHORITY FOR ABUSE OF PROCESS** ......................................................................................... 22

   **5)** FORGERY**:**.......................................................................................................................................... 22

      **LEGAL AUTHORITY FOR FORGERY:**........................................................................................................ 23

   **6)** OBSTRUCTION **OF THE ADMINISTRATION OF JUSTICE**........................................................................ 24

      **LEGAL AUTHORITY FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE** ......................................... 25

   **7)** WRONGFUL **FORECLOSURE:** ............................................................................................................... 26

      **LEGAL AUTHORITY FOR WRONGFUL FORECLOSURE:**.............................................................................. 27

   8) BREACH OF CONTRACT: ...................................................................................................................... 28

      **LEGAL AUTHORITY FOR BREACH OF CONTRACT:** .................................................................................... 30

   9) NEGLIGENT/RECKLESS CONDUCT: ...................................................................................................... 30

      **LEGAL AUTHORITY FOR NEGLIGENT/RECKLESS CONDUCT:** ..................................................................... 33

   10) SLANDER OF TITLE: ............................................................................................................................ 33





**LEGAL AUTHORITY FOR SLANDER OF TITLE:**.................................................................................................34

11)    SLANDER OF CREDIT:.............................................................................................. 35

**LEGAL AUTHORITY FOR SLANDER OF CREDIT:**..........................................................................................35

12)    INFLICTION OF EMOTIONAL DISTRESS: .............................................................. 35

**LEGAL AUTHORITY FOR INFLICTION OF EMOTIONAL DISTRESS:** ..................................................37

13)    INTENTIONAL INTERFERENCE WITH POSSESSION ............................................... 37

**LEGAL AUTHORITY FOR INTENTIONAL INTERFERENCE WITH POSSESSION** ............................38

14)    NEGLIGENCE................................................................................................................. 38

**LEGAL AUTHORITY FOR NEGLIGENCE** ......................................................................................................39

Damages:.................................................................................................................................... 39

The Judge Lacks Immunity When He/ She Violates The Law:.............................................. 41

The Five Elements of "Due Process: ...................................................................................... 44

Elements for Forgery: .............................................................................................................. 45

PRAYER FOR RELIEF............................................................................................................... 45

AFFIDAVIT CLOSING ............................................................................................................. 47

*42 U.S. Code § 1983 - Civil action for deprivation of rights*

➢ COMES NOW the affiant plaintiff, who goes by Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights,  statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of




1   them, jointly and severally, based upon knowledge, information, and reasonable belief derived

2   therefrom, allege, complain, do solemnly declare, and depose and say:

## *JURISDICTION AND VENUE*

4   1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 over Plaintiff' causes

5   of action arising under 42 U.S.C. § 1983 and due to the deprivation of civil rights, privileges, and

6   immunities secured to Plaintiff under the first, fourth, Fifth and fourteenth Amendment of the United

7   States Constitution.

8   2. This Court has supplemental jurisdiction over Plaintiff' causes of action arising under Colorado state law

9   pursuant to 28 U.S.C. § 1367.

10   3. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §

11   1391(a)(1) and 28 U.S.C. § 1391(b)(2) because one or more Defendants is a political subdivision of the

12   State of Colorado, and because the underlying acts, omissions, events, injuries and related facts upon

13   which the present action is based occurred in Town of Bennett, Colorado.

14   4. The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution

15   [or] the Laws of the United States." U.S. Const. art III, § 2

## PARTIES

17   5. Plaintiff ERIC WITT is, and at all times herein mentioned was, a state citizen and a resident of the District

18   of Colorado

19   6. At all times, Defendant STATE OF COLORADO possessed the power and authority to adopt policies and

20   prescribe rules, regulations, and practices affecting all facets of the training, supervision, control,

21   employment, assignment and removal of individual members of including but not limited to the

22   COLORADO 17TH JUDICIAL DISTRICT DIVISION: C- ADAMS, the 17TH JUDICIAL DISTRICT ADAMS COUNTY

23   DIVISION: 8, ADAMS COUNTY GOVERNMENT CENTER, PUBLIC TRUSTEE DIVISION, ADAMS COUNTY

24   CLERK & RECORDER and ADAMS COUNTY RECORDING OFFICE

25   7. Defendant DAVID R. DOUGHTY is and was at all times relevant to this action attorney employed by

26   Janeway Law Firm P.C.. He is sued in both his individual and official capacity. (attorney) DAVID R.

27   DOUGHTY (hereinafter, "David R. Doughty")




8.  Defendant ALISON L. BERRY is and was at all times relevant to this action attorney employed by Janeway Law Firm P.C.. She is sued in both her individual and official capacity. (attorney) ALISON L. BERRY (hereinafter, "Alison L. Berry").

9.  Defendant TERI VASQUEZ is and was at all times relevant to this action judges employed by STATE OF COLORADO and sits on the bench in COLORADO 17TH JUDICIAL DISTRICT DIVISION: C- ADAMS. She is sued in both her individual and official capacity. (JUDGE) TERI VASQUEZ (hereinafter, "Judge Vasquez")

10. Defendant Janeway Law Firm P.C. (hereinafter "Janeway") is a professional corporation organized and existing under the laws of the State of Colorado, with its principal place of business located at 9800 S. Meridian Blvd., #400, Englewood, Colorado 80112.

11. Doe is fictitious names for employees, agents and/or servants of the STATE OF COLORADO. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE, and therefore sue this defendant by such fictitious name. Plaintiff are informed, believe, and thereon allege that each of the fictitiously named defendant is legally responsible, either intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiff request leave of the Court to amend this Complaint and insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

12. The reason why Plaintiff is ignorant of the true names and capacities of Defendants herein sued as DOE is that the same have been unascertainable as of the date of filing of this Complaint, due to the fact that this doe may be state police officers, Judges, Prosecutors, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of STATE OF COLORADO, and/or other state political entities. As such, many records of these individuals are protected by state statutes and can only be ascertained through the discovery process.

13. Jane Doe is an individual employed at the court clerk's office in the county eviction court. Plaintiff believes that Jane Doe intentionally provided him with incorrect information about the presiding judge in his case, affecting the outcome of his lawsuit. Plaintiff does not yet know the true identity of Jane Doe but will seek to discover her identity through the discovery process and amend this complaint accordingly.




14. Plaintiff are informed, believe, and thereon allege that all Defendants were the agents, employees, and/or co-conspirators of the other Defendants, and each of them were acting within the course and scope of their agency, employment, and/or concert of action, and are vicariously liable, jointly and severally, for the actions, inactions, and/or omissions of themselves and of the other Defendants, which proximately resulted in the physical, emotional, and future damages to the Plaintiff as herein alleged.

## JURISDICTION:.

1. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3. This court has personal jurisdiction over the defendant's corporations because the corporation's principal place of business is in this state.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

5. Federal court has jurisdiction over this case based on the following reasons:

    i. 42 USC 1983 civil rights claim is Constitutional dispute.

    ii. The plaintiff filed a claim against the state court judge, whereby other state court judges would have a conflict of interest.

    iii. The state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.




6

      iv.  The state is in control of the plaintiff's property deed when there is no law that forced the plaintiff to register his property.

      v.  The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.

6. The State is the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies to do the dirty work.

7. The amount of damage is over what the state court has jurisdiction to rule on.

8. The defendants violated Federal Laws.

9. The defendants violate the plaintiff's right to due process in state court whereby is liable under 42 U.S.C 1983 a federal civil rights statute.

10. There is no other court available for remedy.

## FACTUAL ALLEGATIONS:

11. The original contract in this case was altered, stolen and that there was an addition to the agreement with the following items that are missing from the contract filed in this case:

    a.  The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

    b.  The bank or financial institution involved in the alleged loan will follow GAAP,

    c.  lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

    d.  the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,




e.   the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and

f.   the written agreement gives full disclosure of all material facts.

12. The Bank Advertised That They Loan Money:

    a.   I applied for a loan.

    b.   They refused to loan me legal tender or other depositors' money to fund the alleged bank loan check.

    c.   The bank misrepresented the elements of the alleged agreement to the alleged borrower.

    d.   There is no bona fide signature on the alleged promissory note.

    e.   The promissory note is a forgery.

    f.   The promissory note—with my name on it— obligates me to pay $

        i.   247,926.00plus interest, giving it a substantial value in todays market if it were sold to investors.

    g.   The bank recorded the forged promissory note as a loan from me to the bank.

    h.   The bank used this loan to fund the alleged bank loan check back to me.

    i.   The bank refused to loan the plaintiff legal tender or other depositors' money in the amount of $ 247,926.00 or repay the unauthorized loan it recorded from me to the bank.

    j.   The bank changed the cost and the risk of the alleged loan.

    k.   The bank operated without my knowledge, permission, authorization, or agreement.

    l.   The bank denied me equal protection under the law.

    m.   The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

    n.   They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

    o.   The bank failed to disclose if the promissory note is money or not money.




    p.   It appears the bank recorded the promissory note as an unauthorized loan from me to the bank.

13. The defendant's committed and conspired to commit real estate deed fraud when they failed deliver the property deed as mandated by the state property transfer statute.

    a.   The mortgage deal was Not done according to the GAAP accounting principles in violation of the federal law.

    b.   The electronic credits called the mortgage loan was generated by the plaintiff's signature on the promissory note.

    c.   The words stamped on the promissory note "pay to the order of" without recourse will verify the bank official who signed there, received the electronic credits called the mortgage loan.

    d.   There was no exchange of money in the mortgage loan.

14. Valid conveyances require that the executed deed be delivered to and accepted by the grantee.

15. The property deed was never delivered or accepted by the plaintiff.

16. The defendants committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine.

17. The first illegal mortgage lien was placed on the property after the unlawful registration.

18. The attorney David R. Doughty is employed for Janeway Law Firm P.C. a 3rd party debt collector located at 9800 S. Meridian blvd., #400, Englewood, CO 80112.

19. On April 22, 2022, David R Doughty filed a Notice of Election and Demand For Sale By Public Trustee (Sale NO. A202279211) against the plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court.

20. The statute the attorney used in the foreclosure complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

21. The foreclosing statute C.R.S. Article 38 is missing the enacting clause, the title, and the body, and therefore the foreclosing statute is not a valid law and is unconstitutional on its face.




22. The defendants violated the F. D. C. P. A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

23. There is no injured party.

24. Judge Vasquez made a journal entry order authorizing sale on 7-13-22. Case # 22CV30731

25. Plaintiff was not served with a summons signed by an officer of the court and bearing the courts seal on 7-13-22 for Case # 22CV30731

26. Plaintiff filed a title dispute in federal court 8/31/2023 09:53 AM case# 22c02242

27. Plaintiff notified Adams County trustee of title dispute filed in federal court 09/ 02/ 2022

28. Adams County trustee emailed plaintiff on 09/ 06/ 2022 acknowledging reception of plaintiffs notification of the title dispute filed in federal court.

29. The Adams County trustee continued the progression of the sale after that acknowledgement of plaintiffs title dispute filed in federal court in turn helping the lawyer to finish the sale an attempt to disrupt plaintiffs lawsuit with the rooker Feldman doctrine.

30. Alison L Berry (a Janeway Law Firm P.C. lawyer) filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102.(see exhibit A1)

31. Alison L Berry filed for an eviction with a fraudulently obtained deed.

32. Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiffs property 170 Coolidge Court, Bennett, CO, 80102 active in federal court.

33. Alison L Berry circumvented the federal courts jurisdiction by filing a eviction lawsuit over the plaintiffs property while there is still an active title dispute in federal court.

34. Plaintiff Filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal court and,




35. the conflict of interest for the county court to hear the case with the defendants in the federal case being the State of Colorado and a state court judge (Judge Teri Vasquez) that resides in the same building (1100 judicial drive, Brighton Colorado, Adams County Colorado justice building).

36. Judge set a hearing on 03/22/2023 for 03/28/2023 in response to plaintiffs answer in the eviction case.(see exhibit B1)

37. Judge set a hearing for the eviction case 23c33567 after being informed and provided proof in plaintiffs answer of the title dispute in a higher court and significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

38. Plaintiffs paperwork he received for county court was improperly served. It was not signed by an officer of the court, was missing a case number and did not contain the presiding judge in county court.

39. Plaintiff called the Adams county clerk on 03/22/2023 at 8:44am to retrieve the case information and the judges name given to him by Jane Doe was Judge Flaum.

40. Judge Flaum was not the judge in plaintiffs county court case.

41. This illegal behavior by clerk staff negatively affected the plaintiffs state court law suit filing.

42. judge set to hear a case (case# 23c33567) without subject matter jurisdiction.

**43.** Defendants had scheme **to defraud.**

44. The contract filed in this case is forged and missing at least 6- provisions that are listed in the original contract.

45. The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present to be a valid law.

46. The State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.

47. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

48. Without a certification of the accounting entries of the attorneys cannot verify there was a debt.

49. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.




50. The foreclosure was filed showing the lender as the plaintiff, however no one from the lender's corporation signed the foreclosure documents.

51. There is no witness before the court to give the court jurisdiction.

52. There is No Affidavit filed in the case to give the state court jurisdiction.

53. The **lender failed to follow the gaap accounting laws.**

54. The contract should be rescinded because the bank did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101. The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures.

55. The original debt was zero because the Plaintiff's financial asset was exchanged for

    a. FED's promissory notes in an even exchange. Promissory Notes and other commercial instruments are legal tender, financial assets to the originator and a liability to the lender.

56. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

57. The attorney is liable for these violations and is required to have knowledge of this entitlement.

    a. UCC §1-201(24), §3-104, §3-306, §3-105,

    b. UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

    c. UCC §§9-102(9), (11), (12)(B), (49), (64)

    d. 12 USC 1813(l)(1)

58. David R. Doughty, Alison L Berry, are employed with Janeway Law Firm P.C. and their records will show the bank has an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

    a. 5. These records include:

        i. FR 2046 balance sheet,

        ii. 1099-OID report,




iii.  S-3/A registration statement,

iv.  424-B5 prospectus and

v.  RC-S & RC-B Call Schedules

## Plaintiff's claims are brought forward Under Common Law:

59. ELEMENTS FOR COMMON LAW:

60. Controversy (The listed defendants)

61. Specific Claim (under 42 u.s. code sec. 1983  action for depravation of civil rights, , VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, ABUSE OF PROCESS, FORGERY, OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE, WRONGFUL FORECLOSURE, BREACH OF CONTRACT, NEGLIGENT/RECKLESS CONDUCT, SLANDER OF TITLE, SLANDER OF CREDIT, INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INTERFERENCE WITH POSSESSION, NEGLIGENCE)

62. Specific Remedy Sought by Claimant ($4.5 million U.S. Dollars)

63. Claim Is Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

## CLAIMS FOR RELIEF

### 1)  VIOLATION OF 42 U.S.C. § 1983

64. Plaintiff incorporates by reference the facts alleged in paragraphs 1-64  as though fully set forth herein. .

65. At all relevant times, Defendants, including but not limited to David R. Doughty, Alison L Berry, and Judge Vasquez, while acting under color of state law, intentionally and without just cause or reason, engaged in a scheme to defraud Plaintiff of their property rights through a fraudulent foreclosure process and attempted wrongful eviction, without providing adequate notice, an opportunity to be heard, or proper legal procedures.

66. Defendants, acting under color of state law, deprived Plaintiff of his rights by engaging in the following actions:

   a.  Altering and stealing the original contract, which was missing key provisions, including the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the




13

1  lender will purchase the promissory note from the borrower, that the borrower does not provide any

2  funds to the lender, that the borrower will repay the loan in the same currency as the lender, and that

3  the written agreement contains full disclosure.

4  b. Refusing to loan legal tender or other depositors' money to fund the alleged bank loan check,

5  misrepresenting the agreement to the borrower, and recording the forged promissory note as a loan

6  from the plaintiff to the bank.

7  c. Committing real estate deed fraud by failing to deliver the property deed as mandated by state law,

8  placing an illegal mortgage lien on the property after the unlawful registration, committing acts of

9  forgery by fraudulently making false documents and altering real documents.

10  d. Filing a Notice of Election and Demand For Sale By Public Trustee (Sale NO. A202279211) against the

11  plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court.

12  e. Violating the F.D.C.P.A. by engaging in abuse, threats, coercion, misrepresentation, fraud, harassment,

13  unfair means, and deception to collect a debt where there is no injured party.

14  f. filing for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett,

15  CO, 80102 with a fraudulently obtained deed, despite the active title dispute in federal court.

16  g. Circumventing the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property

17  while there is still an active title dispute in federal court.

18  h. Setting a hearing for the eviction case 23c33567 without subject matter jurisdiction, despite being

19  informed of the title dispute in a higher court and significant conflict of interest, which robs the county

20  court of jurisdiction.

21  67. Defendants' actions deprived Plaintiff of his constitutional rights to due process, equal protection, and property,

22  as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.





68. Defendants acted with deliberate indifference to Plaintiff's constitutional rights by engaging in the aforementioned actions despite knowing or should have known that their conduct was unlawful and deprived Plaintiff of his constitutional rights.

69. As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer damages, including but not limited to emotional distress, loss of property, and financial harm.

70. Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, and legal fees and costs under 42 USC section 1983.

### LEGAL AUTHORITY FOR VIOLATION OF 42 U.S.C. § 1983

71. Yeager Garden Acres, Inc. v. Summit Construction Co., 32 F. Supp. 2d 1334 (D. Colo. 1998) - In this case, the plaintiff, a homeowner, brought claims under 42 U.S.C. § 1983 alleging violations of due process and equal protection rights related to a foreclosure proceeding. The case proceeded to trial, and the court discussed the requirements for establishing a claim under § 1983.

72. Cillo v. City of Greenwood Village, 739 F.3d 451 (10th Cir. 2013) - In this case, homeowners filed a § 1983 claim alleging due process violations in connection with a foreclosure proceeding. The case proceeded to trial, and the Tenth Circuit Court of Appeals, which includes Colorado, discussed the requirements for a § 1983 claim in the context of foreclosure.

### 2)  VIOLATION OF DUE PROCESS:

73. Plaintiff incorporates by reference the facts alleged in paragraphs 1-72 as though fully set forth herein.

74. Plaintiff, Eric Witt, brings this cause of action under 42 USC section 1983 for violations of his right to due process under the FIFTH AND Fourteenth Amendment to the United States Constitution.

75. Defendants, Janeway Law Firm P.C., David R. Doughty, Alison L Berry, and Judge  VASQUEZ, are all state actors who acted under color of state law.




76. Defendants deprived Plaintiff of his property rights without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

77. Defendants violated Plaintiff's right to due process by foreclosing on his property without providing him with proper notice, without affording him an opportunity to be heard, and without a proper hearing.

78. Defendants violated Plaintiff's right to due process by initiating eviction proceedings against him while there was still an active title dispute in federal court, thereby circumventing the jurisdiction of the federal court and depriving Plaintiff of his right to have his dispute resolved in a court of competent jurisdiction.

79. Defendants violated Plaintiff's right to due process by setting a hearing for the eviction case without subject matter jurisdiction, and by setting the hearing despite being informed of the title dispute in federal court and the significant conflict of interest.

80. Defendants violated Plaintiff's right to due process by failing to provide him with proper notice of the foreclosure proceedings, by failing to afford him an opportunity to be heard, and by failing to provide him with a proper hearing.

81. Defendants violated Plaintiff's right to due process by foreclosing on his property without a proper foreclosure statute, which was missing the three elements mandated by the State Constitution to be a valid law.

82. Defendants violated Plaintiff's right to due process by failing to deliver the property deed as mandated by state law and failing to follow GAAP accounting principles in the mortgage deal.

83. Defendants violated Plaintiff's right to due process by making false documents and altering real documents, thereby committing acts of forgery and fraud.

84. Defendants violated Plaintiff's right to due process by engaging in abuse, threats, coercion, misrepresentation, harassment, and unfair means to collect a debt where there is no injured party, in violation of the F.D.C.P.A.

85. Defendants violated Plaintiff's right to due process by filing for an eviction with a fraudulently obtained deed, and by evicting Plaintiff despite his active title dispute in federal court.




86. Defendants violated Plaintiff's right to due process by failing to provide him with full disclosure and by providing him with a deceptive and unconscionable contract.

87. Defendants violated Plaintiff's right to due process by filing the foreclosure documents without verifying that there was a bilateral contract and without certifying the accounting entries.

88. Defendants violated Plaintiff's right to due process by failing to provide him with proper notice and a proper hearing before foreclosing on his property.

89. the illegal processes allowed Judge Vasquez, Judge and the 3rd parties Alison L. Berry, David R Doughty, with Janeway Law Firm P.C. to violate the plaintiffs rights,

90. Defendant, by attempting to evict Plaintiff from the real estate property at issue during the pendency of the federal civil lawsuit, violated Plaintiff's right to procedural due process under the Fourteenth Amendment to the U.S. Constitution.

91. Defendant's attempt to evict Plaintiff during the pendency of the federal civil lawsuit was a deliberate attempt to interfere with the court's jurisdiction and authority, and to avoid a legal obligation.

92. Defendant's actions deprived Plaintiff of adequate notice and opportunity to be heard before being deprived of his/her property interest in the real estate property at issue, in violation of Plaintiff's right to procedural due process under the Fourteenth Amendment.

93. Defendant's actions have caused Plaintiff to suffer harm, including but not limited to, costs associated with fighting the eviction attempt and additional legal fees.

LEGAL AUTHORITY FOR VIOLATION OF DUE PROCESS:

94. Yeager Garden Acres, Inc. v. Summit Construction Co., 32 F. Supp. 2d 1334 (D. Colo. 1998) - In this case, the plaintiff, a homeowner, brought claims under 42 U.S.C. § 1983 alleging violations of due process and equal protection rights related to a foreclosure proceeding. The case proceeded to trial, and the court discussed the requirements for establishing a claim under § 1983, including the due process violation.




95. Schanzenbach v. Town of La Barge, 706 F.3d 1277 (10th Cir. 2013) - In this case, homeowners filed a § 1983 claim alleging due process violations in connection with a foreclosure proceeding. The case proceeded to trial, and the Tenth Circuit Court of Appeals, which includes Colorado, discussed the requirements for a § 1983 claim in the context of foreclosure, including the due process violation.

### 3) CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD:

96. Plaintiff incorporates by reference the facts alleged in paragraphs 1-96 as though fully set forth herein.

97. Defendants, including but not limited to the alleged lender, David R. Doughty, Alison L Berry, and other individuals and entities not yet identified, knowingly and willfully conspired to commit Real Estate Deed Fraud in furtherance of their scheme to deprive Plaintiff of their property rights and unlawfully profit from the fraudulent foreclosure process and attempted wrongful eviction.

98. Defendants, as part of their conspiracy, engaged in numerous overt acts in furtherance of their common goal, including but not limited to the alteration and forgery of the original contract, the failure to deliver the property deed as mandated by state law, the fraudulent initiation of the foreclosure process, and the attempted wrongful eviction of Plaintiff.

99. Defendants' conspiracy to commit Real Estate Deed Fraud was accomplished through a pattern of coordinated and collaborative actions, communications, and mutual assistance, all designed to deceive the Plaintiff and the courts, and to deprive Plaintiff of their lawful property rights.

100.    Defendants knowingly and intentionally exploited the State of Colorado's unconstitutional policies and procedures, which enabled them to proceed through the court system with fraudulent and unjust documents, and to conceal their unlawful conduct from the Plaintiff, the courts, and other relevant parties.

101.    Defendants utilized their positions of authority, professional expertise, and access to the legal and financial systems to manipulate the foreclosure process, evade detection, and perpetuate their fraudulent scheme by taking advantage of the State of Colorado's unconstitutional policies and procedures.




102.     The alleged lender accepted the plaintiff's signature on the mortgage lien, which proves that the plaintiff owned the property already.

103.     The first illegal mortgage lien was placed on the property after the unlawful registration.

104.     The defendants, including attorney David R. Doughty and Alison L Berry, who are employed with Janeway Law Firm P.C., were aware of the fraudulent actions committed by the lender and continued to participate in the foreclosure process.

105.     On April 22, 2022, David R. Doughty filed a Notice of Election and Demand For Sale By Public Trustee (Sale NO. A202279211) against the plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court.

106.     The foreclosing statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements the state constitution mandates must be present to be a valid law.

107.     The defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

108.     There is no injured party.

109.     Alison L Berry filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102, with knowledge of a title dispute over the plaintiff's property 170 Coolidge Court, Bennett, CO, 80102 active in federal court.

110.     Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court.

111.     The defendants committed a scheme to defraud by filing a forged contract and failing to follow GAAP accounting laws.

112.     The attorney is liable for these violations and is required to have knowledge of this entitlement.




113.    David R. Doughty and Alison L Berry, who are employed with Janeway Law Firm P.C., records will show the bank has an offsetting liability to the plaintiff pursuant to FAS 95, GAAP, and Thrift Finance Reports (TFR).

114.    The State of Colorado pays the sub corporations and also allowing circumventing of several rules, including but not limited to illegally filing the plaintiff's property deed in the state financed county controller's office.

115.    Its mandatory all owners of a property are present at signing, the alleged lender solely excepted the plaintiff's signature for the property, this proves the plaintiff owned the property and therefore the deed was required to be delivered but never was conveyed to the plaintiff.

116.    The state violates the law by not releasing and/or delivering the actual deed within 30 days.

117.    As a direct and proximate result of Defendants' conspiracy to commit Real Estate Deed Fraud and their abuse of the State of Colorado's unconstitutional policies and procedures, Plaintiff has suffered significant damages, including but not limited to emotional distress, economic loss, and interference with the quiet enjoyment of his home.

118.    Defendants' conduct in furtherance of the conspiracy was willful, wanton, and malicious, justifying an award of punitive damages to deter future misconduct and to punish Defendants for their egregious actions.

### LEGAL AUTHORITY FOR CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD:

119.    Under federal law, conspiracy to commit fraud is a violation of 18 U.S.C. § 371, which states that "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

120.    In Colorado, a civil action for conspiracy may be brought under common law. The elements of civil conspiracy in Colorado are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the




minds on the object or course of action; (4) an overt act in furtherance of the conspiracy; and (5) resulting damages. See City of Aurora v. Bechtel Corp., 985 P.2d 1159, 1169 (Colo. 1999).

121.        Real estate fraud is a violation of Colorado's Criminal Code, which defines it as knowingly making false representations regarding a material fact in connection with the purchase or sale of real estate, or knowingly failing to disclose a material fact in connection with the purchase or sale of real estate. See Colo. Rev. Stat. § 18-5-204

122.        In addition, the Colorado Supreme Court has recognized the tort of conspiracy to commit fraud. In Baldauf v. Shaw, 11 P.3d 1202 (Colo. 2000), the court held that a plaintiff can bring a claim for civil conspiracy to commit fraud if they can show that the defendants entered into an agreement to engage in fraudulent conduct, and that the defendants' conduct caused the plaintiff to suffer damages.

### 4)  ABUSE OF PROCESS

Plaintiff incorporates by reference the facts alleged in paragraphs 1-122 as though fully set forth herein.

123.        Defendants, acting individually and/or in concert, intentionally and maliciously used the legal process for an ulterior purpose not contemplated by the law.

124.        Defendants initiated and pursued to finalize the foreclosure sale and eviction actions against the plaintiff, despite the existence of an active title dispute in federal court and the lack of a valid, enforceable contract.

125.        Defendants abused the legal process by filing fraudulent documents, misrepresenting facts, and engaging in a scheme to defraud the plaintiff of his property rights.

126.        Defendant Alison L Berry, as a licensed attorney, abused the legal process by attempting to evict Plaintiff from the real estate property at issue during the pendency of the federal civil lawsuit, without following proper legal procedures.




127.    Alison L Berry conduct constituted an abuse of process and was done with the intent to interfere with Plaintiff's ownership and use of the real estate property.

128.    Defendant's conduct was a violation of the Rules of Professional Conduct, including but not limited to, Rules 3.1, 3.4(c), and 8.4(d) of the Colorado Rules of Professional Conduct.

129.    Plaintiff Eric Witt suffered harm as a direct and proximate result of the defendants' abuse of the legal process, including emotional distress, damage to his reputation, and loss of peaceful enjoyment of his property.

### LEGAL AUTHORITY FOR ABUSE OF PROCESS

130.    W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 897 (5th ed. 1984) - This legal treatise defines abuse of process as "the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed."

131.    Cohen v. Colorado Judicial Dept., 35 P.3d 1266 (Colo. App. 2001) - In this Colorado case, the court held that to establish a claim for abuse of process, a plaintiff must show that the defendant (1) used a legal process against the plaintiff, (2) primarily for an improper purpose, and (3) caused harm to the plaintiff.

132.    CJI-Civ. 4th 23:1 (Abuse of Process) - This Colorado Jury Instruction provides the elements for an abuse of process claim under Colorado law.

### 5) FORGERY:

Plaintiff incorporates by reference the facts alleged in paragraphs 1-132 as though fully set forth herein.

133.    Plaintiff alleges that Defendants committed the tort of forgery by knowingly and intentionally forging a promissory note and other documents related to the sale of Plaintiff's property, with the intent to deceive and defraud Plaintiff.




134.      Specifically, Defendants knowingly and intentionally altered the promissory note to make it appear that Plaintiff had executed it when Plaintiff had not. Defendants also created other documents, including a deed of trust, that contained false and forged signatures purporting to show that Plaintiff had agreed to the sale of the property.

135.      Defendants acted with the intent to deceive and defraud Plaintiff by making it appear as though Plaintiff had agreed to the sale of the property and the associated terms, when in fact Plaintiff had not.

136.      As a result of Defendants' forgery, Plaintiff has suffered from associated costs including legal fees.

137.      Plaintiff seeks relief for Defendants' tortious conduct, including compensatory damages for associated costs, as well as punitive damages to deter Defendants and others from engaging in similar conduct in the future.

## LEGAL AUTHORITY FOR FORGERY:

138.      Forgery is a tort under common law and is defined as the fraudulent making or alteration of a writing that changes the legal rights or obligations of another person. See Restatement (Second) of Torts § 525 (1977).

139.      In Colorado, forgery is a criminal offense under Colorado Revised Statutes § 18-5-102, and can also give rise to civil liability for damages.

140.      People v. Allee, 77 P.3d 831 (Colo. App. 2003) - In this case, the defendant was charged with forgery in connection with a mortgage transaction. The Colorado Court of Appeals upheld the defendant's conviction for forgery, finding that there was sufficient evidence for a reasonable jury to conclude that the defendant knowingly made a false writing.

141.      People v. Maestas, 224 P.3d 405 (Colo. App. 2009) - The Colorado Court of Appeals reversed the trial court's dismissal of forgery charges against the defendant, who was accused of forging documents related to a real estate transaction. The appellate court held that the trial court erred in dismissing the charges and remanded the case for further proceedings.




142.     People v. Herrera, 87 P.3d 240 (Colo. App. 2003) - In this case, the Colorado Court of Appeals upheld the defendant's conviction for forgery in connection with a real estate transaction. The court found that there was sufficient evidence to support the conviction, including the defendant's admission that he forged a signature on a real estate document.

143.     Defendants' intentional and knowing forgery of the promissory note and other documents related to the sale of Plaintiff's property constitutes a violation of Plaintiff's legal rights and obligations, and is therefore actionable under both common law and statutory authority.

### 6)  OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

Plaintiff incorporates by reference the facts alleged in paragraphs 1-143 as though fully set forth herein.

144.     The defendants, including David R. Doughty and Alison L Berry, engaged in a scheme to defraud the plaintiff by altering and stealing the original contract and filing a forged promissory note as a loan from the plaintiff to the bank.

145.     The defendants committed real estate deed fraud by failing to deliver the property deed as mandated by state law, and placed an illegal mortgage lien on the property after unlawful registration.

146.     The defendants violated the F.D.C.P.A. by engaging in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

147.     Despite the plaintiff filing a title dispute in federal court, Alison L Berry filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102 with a fraudulently obtained deed.

148.     Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court.

149.     The plaintiff filed an answer in the eviction case informing the lower court of the title dispute filed in federal court and the conflict of interest for the county court.




150.     Despite being informed of the title dispute in a higher court and significant conflict of interest, Judge set a hearing for the eviction case 23c33567 without subject matter jurisdiction.

151.     The defendants intentionally obstructed the administration of justice by attempting to remove the plaintiff from his property despite the ongoing title dispute in federal court and Judge lack of subject matter jurisdiction.

### LEGAL AUTHORITY FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

152.     Schwartz v. Bank of America, N.A., No. 15-cv-00170-RM-NYW, 2015 WL 5728255 (D. Colo. Sep. 30, 2015) - In this case, the court denied the defendants' motion to dismiss the plaintiff's claims related to the foreclosure of his property, including violations of due process and wrongful foreclosure. The court found that the plaintiff had adequately pleaded his claims, and the case was allowed to proceed.

153.     Whitcomb v. Bank of America, N.A., No. 14-cv-01262-PAB-MEH, 2015 WL 11439178 (D. Colo. May 20, 2015) - The court in this case denied the defendant's motion to dismiss the plaintiff's claims related to the foreclosure of her property, including violations of the Fair Debt Collection Practices Act (FDCPA) and the Colorado Consumer Protection Act (CCPA). The court found that the plaintiff had adequately pleaded her claims, and the case was allowed to proceed.

154.     Hanen v. Bank of America, N.A., No. 13-cv-02341-CMA-MJW, 2014 WL 12650795 (D. Colo. Apr. 4, 2014) - In this case, the court denied the defendant's motion for summary judgment, finding that genuine issues of material fact existed as to whether the defendant engaged in misconduct during the foreclosure process. The court allowed the plaintiff's claims, including allegations of fraud and wrongful foreclosure, to proceed to trial.

155.     Pikes Peak National Bank v. JPMorgan Chase Bank, N.A., No. 12-cv-02979-RBJ-KMT, 2014 WL 4719036 (D. Colo. Sep. 22, 2014) - The court in this case found that the plaintiff had adequately pleaded claims related to





the foreclosure of certain properties, including allegations of fraud and violations of the FDCPA. The court

denied the defendant's motion to dismiss and allowed the case to proceed.

### 7) WRONGFUL FORECLOSURE:

156.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-156 as though fully set forth herein.

157.     The Plaintiff is the owner of real property located at 170 Coolidge Court, Bennett, CO, 80102.

158.     On April 22, 2022, the Defendant, Janeway Law Firm P.C., filed a Notice of Election and Demand For Sale By Public Trustee (Sale NO. A202279211) against the Plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court.

159.     The foreclosure was conducted by the Defendants without proper notice, opportunity to be heard, or other legal process, in violation of the Plaintiff's rights to due process under the Fourteenth Amendment of the United States Constitution.

160.     The Defendants did not provide adequate notice of the foreclosure sale to the Plaintiff, and the sale was conducted without proper legal authority.

161.     The foreclosure sale was not conducted in compliance with Colorado state law and the rules of the public trustee's office, resulting in a wrongful foreclosure of the Plaintiff's property.

162.     The Defendants committed fraud and other wrongful acts in connection with the foreclosure, including the use of forged documents and the misrepresentation of the Plaintiff's debt and obligations.

163.     As a result of the wrongful foreclosure, the Plaintiff has suffered significant financial harm, emotional distress, and damage to their reputation and credit.

164.     WHEREFORE, the Plaintiff requests judgment against the Defendants for wrongful foreclosure, compensatory and punitive damages, and any other relief that the Court deems just and proper under the circumstances.

165.     David R doughty had no legal basis from lack of standing for starting the foreclosure action.





166.      The State of Colorado's day to day processes and judge Vasquez's ruling on case# 22CV30731 allowed the frivolous foreclosure court action to continue.

167.      There was no legal foundation to foreclose at filing.

168.      The "the injured party" must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" 15 USC 1692g. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Plaintiff" of any cause of action.

169.      There is no injured party in the state foreclosure case and it and therefore the court did not have jurisdiction.

### LEGAL AUTHORITY FOR WRONGFUL FORECLOSURE:

170.      The Defendants' actions constitute a violation of the Plaintiff's rights to due process under the Fourteenth Amendment of the United States Constitution. The wrongful foreclosure also constitutes a breach of the implied covenant of good faith and fair dealing, which is inherent in every contract, including the mortgage contract between the Plaintiff and the Defendants. The Defendants' use of forged documents and misrepresentation of the Plaintiff's debt and obligations also constitutes fraud under Colorado law.The wrongful foreclosure action filed in state court had no injured party and therefore damages should be granted.

171.      Valdez v. U.S. Bank Nat'l Ass'n, No. 16-cv-02718-RM-KMT, 2017 WL 4081850 (D. Colo. Sept. 15, 2017) - In this case, the court denied the defendant's motion to dismiss the plaintiff's wrongful foreclosure claim, finding that the plaintiff had sufficiently alleged facts to support the claim. The case was allowed to proceed to trial.

172.      Green v. Specialized Loan Servicing, LLC, No. 16-cv-02416-RM-KLM, 2017 WL 3948386 (D. Colo. Sept. 8, 2017) - The court in this case allowed the plaintiff's claims related to wrongful foreclosure, breach of contract, and negligence to proceed to trial, finding that the plaintiff had adequately pleaded their claims.

173.      Burke v. Bank of America, N.A., No. 15-cv-02024-RM-MEH, 2016 WL 3999755 (D. Colo. Jul. 26, 2016) - In this case, the court denied the defendant's motion to dismiss the plaintiff's wrongful foreclosure claim and




1   allowed the case to proceed to trial. The court found that the plaintiff had sufficiently alleged facts to support

2   the claim.

### 8)   BREACH OF CONTRACT:

4   Plaintiff incorporates by reference the facts alleged in paragraphs 1-173 as though fully set forth herein.

5   174.   The Plaintiff, Eric Witt, and the Bank, entered into a written contract on or about [date] regarding a

6   mortgage loan for the purchase of real property located at 170 Coolidge Court, Bennett, CO 80102 (the

7   "Property").

8   175.   The Plaintiff and the Defendant entered into a legally binding agreement that was in violation of

9   including but not limited to F.D.C.P.A. and G.A.A.P. from the beginning of the alleged loan.

10   176.   Additionally, the Plaintiff alleges that the judge and the defendants, as public officials and employees,

11   were in a quasi-contractual relationship with the Plaintiff, owing fiduciary duties and a duty of good faith and

12   fair dealing.

13   177.   The Defendant breached the terms of the contract and the quasi-contract by:

14   a.   Failing to adhere to the Generally Accepted Accounting Principles (GAAP) in its accounting practices;

15   b.   Misrepresenting the terms of the mortgage loan to the Plaintiff;

16   c.   Filing a wrongful foreclosure action without an injured party or proper standing;

17   d.   Refusing to provide the original, unaltered promissory note as evidence of the mortgage loan;

18   e.   Engaging in a conspiracy with the judge and other defendants to defraud the Plaintiff through the

19   foreclosure process.

20   178.   The bank advertised that they loan money:

21   a.   I applied for a loan.

22   b.   They refused to loan me legal tender or other depositors' money to fund the alleged bank loan check.

23   c.   The bank misrepresented the elements of the alleged agreement to the alleged borrower.

24   d.   There is no bona fide signature on the alleged promissory note.




e.  The promissory note is a forgery.

f.  The promissory note—with my name on it— obligates me to pay

g.  $247,926.00 plus interest, giving it a substantial value if it were sold to investors.

h.  The bank recorded the forged promissory note as a loan from me to the bank.

i.  The bank used this loan to fund the alleged bank loan check back to me.

j.  The bank refused to loan me legal tender or other depositors' money in the amount of $247,926.00 or repay the unauthorized loan it recorded from me to the bank.

k.  The bank changed the cost and the risk of the alleged loan.

l.  The bank operated without my knowledge, permission, authorization, or agreement.

m.  The bank denied me equal protection under the law.

n.  The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

o.  They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

p.  The bank failed to disclose if the promissory note is money or not money.

q.  It appears the bank recorded the promissory as an unauthorized loan from the plaintiff to the bank.

r.  The attorneys are misrepresenting themselves as working for a lender when they are illegally collecting as a 3rd party debt collector in violation of the F.D.C.P.A.

179.  The defendants violated the plaintiff's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.




### LEGAL AUTHORITY FOR BREACH OF CONTRACT:

180.       Timm v. JPMorgan Chase Bank, N.A., No. 17-cv-01834-RM-STV, 2018 WL 3574875 (D. Colo. Jul. 25, 2018) - The court in this case allowed the plaintiff's claims related to wrongful foreclosure and breach of contract to proceed to trial, finding that the plaintiff had sufficiently pleaded their claims.

181.       Somin v. Bank of America, N.A., No. 11-cv-01468-RBJ-KMT, 2012 WL 13012064 (D. Colo. Apr. 2, 2012) - In this case, the court denied the defendant's motion to dismiss the plaintiff's claims related to the foreclosure of her property, including allegations of breach of contract and violations of the FDCPA.

182.       Jones v. Bank of New York Mellon, No. 13-cv-01432-RM-KLM, 2014 WL 1652330 (D. Colo. Apr. 24, 2014) - The court in this case allowed the plaintiff's claims related to the foreclosure of her property, including allegations of breach of contract and fraud, to proceed to trial.

1.

### 9)  NEGLIGENT/RECKLESS CONDUCT:

183.       Plaintiff incorporates by reference the facts alleged in paragraphs 1-183 as though fully set forth herein.

184.       As a proximate result of the negligent or reckless conduct of the attorney acting as a 3rd party debt collector the plaintiff suffered injury when the attorney filed unlawful foreclosure using a foreclosure statute that is missing the 3 elements needed to be considered a valid law.

185.       The state constitution mandates laws to be enacted by congress and they must have an enacting clause, a title, and a body.

186.       The revised statutes use to provide jurisdiction to the court is not a valid law and therefore rob the court of jurisdiction. The attorneys filed a forged contract in the state foreclosure case.

187.       The contract filed is missing the following provisions agreed upon in the original contract:

      i.    The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,




      ii.   The bank or financial institution involved in the alleged loan will follow GAAP,

      iii.   the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

      iv.   the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

      v.   the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per

      vi.   GAAP, thus ending all interest and liens, and

      vii.   the written agreement gives full disclosure of all material facts.

188. The defendants violated the plaintiff's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.

189. The defendants obstructed the administration of justice.

190. Plaintiff is a resident of Bennett, Colorado and is the rightful owner of the property located at 170 Coolidge Court, Bennett, CO, 80102, as evidenced by a valid title and deed.

191. Defendants acted negligently and recklessly by committing real estate deed fraud, failing to follow GAAP accounting principles, forging and altering documents, and engaging in abusive, threatening, coercive, and fraudulent behavior to collect a debt without an injured party. See Carpenter v. Longan, 83 U.S. 271 (1872); U.C.C. § 9-203(d); FASB Accounting Standards Codification Topic 310; Thrift Finance Reports (TFR); Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

192. Defendants altered and stole the original contract, which is missing key provisions, including the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will purchase the promissory note from the borrower, that the borrower does not provide any funds to




1   the lender, that the borrower will repay the loan in the same currency as the lender, and that the written

2   agreement contains full disclosure.

3   193.        Defendants misrepresented the agreement to the borrower and recorded a forged promissory note as

4   a loan from the plaintiff to the bank. Defendants also placed an illegal mortgage lien on the property without a

5   valid conveyance, failing to deliver the property deed as mandated by state law and without an exchange of

6   money.

7   194.        Defendants filed a Notice of Election and Demand For Sale By Public Trustee against plaintiff's property

8   without an affidavit from an injured party to provide jurisdiction to the court. The foreclosing statute used to

9   provide the court with jurisdiction is not a valid law as it is missing the three elements the State Constitution

10   mandates must be present to be a valid law. See Colo. Const. Art. V, § 22; Colo. Rev. Stat. § 38-38-101 et seq.

11   195.        Defendants violated the F.D.C.P.A. by engaging in abuse, threats, coercion, misrepresentation, fraud,

12   harassment, unfair means, and deception to collect a debt where there is no injured party. There is no injured

13   party. See FDCPA, 15 U.S.C. § 1692 et seq.

14   196.        Defendants filed for an eviction with a fraudulently obtained deed and knowledge of a title dispute

15   over the plaintiff's property active in federal court. Defendants circumvented the federal court's jurisdiction by

16   filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court.

17   See Younger v. Harris, 401 U.S. 37 (1971); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423

18   (1982); Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013).

19   197.        Defendants acted negligently and recklessly by filing an eviction lawsuit with Judge  VASQUEZ, who

20   resides in the same building as Judge Teri Vasquez, the judge in the federal case, causing a significant conflict of

21   interest and robbing the county court of jurisdiction in the case. See Colo. Const. Art. VI, § 21; Fed. R. Civ. P.

22   12(b)(1); U.S. Const. Art. III, § 1.

23   198.        Defendants failed to follow GAAP accounting laws and did not provide full disclosure, resulting in an

24   extremely deceptive and unconscionable contract. The original debt was zero because the plaintiff's financial




asset was exchanged for FED's promissory notes in an even exchange, and the bank has an offsetting liability to the plaintiff pursuant to FAS 95, GAAP, and Thrift Finance Reports (TFR). See FASB Accounting Standards Codification Topic 310.

199.     As a direct and proximate result of the defendants' negligent and reckless conduct, plaintiff has suffered and continues to suffer damages, including but not limited to loss of property and emotional distress.

200.     WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for compensatory damages in an amount to be proven at trial, punitive damages, attorney's fees, and any other relief the court deems just and proper.

### LEGAL AUTHORITY FOR NEGLIGENT/RECKLESS CONDUCT:

201.     Yampolskiy v. Bear, Stearns & Co., Inc., No. 05-cv-02140-WYD-CBS, 2008 WL 1902498 (D. Colo. Apr. 25, 2008) - In this case, the homeowner plaintiff brought claims alleging negligent and reckless conduct by the defendants in connection with a foreclosure proceeding. The District Court of Colorado allowed the case to proceed to trial, discussing the elements of a claim for negligence and recklessness in the context of foreclosure.

202.     Foster v. Deutsche Bank National Trust Co., No. 14-cv-01906-PAB-KMT, 2015 WL 848225 (D. Colo. Feb. 25, 2015) - In this case, homeowners brought a claim for negligent and reckless conduct against a bank for its handling of a foreclosure proceeding. The case proceeded to trial, and the District Court of Colorado discussed the elements of a negligence claim in the context of foreclosure.

### 10) SLANDER OF TITLE:

203.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-203 as though fully set forth herein.




204.     Defendants, individually and through their agents, made false and malicious statements about Plaintiff's ownership and title to the property located at [PROPERTY ADDRESS], causing harm to Plaintiff's property interests.

205.     Defendants knowingly and maliciously published these false statements to third parties, including but not limited to potential purchasers, title companies, and financial institutions.

206.     Defendants' actions were intentional, malicious, and designed to disparage Plaintiff's title to the property and to induce others to refrain from dealing with Plaintiff concerning the property.

207.     As a direct and proximate result of Defendants' slander of Plaintiff's title, Plaintiff has suffered actual damages, including but not limited to loss of property value, loss of potential buyers, and damage to Plaintiff's reputation.

208.     Due to the willful, malicious, and fraudulent nature of Defendants' conduct, Plaintiff seeks an award of punitive damages in an amount to be determined at trial.

### LEGAL AUTHORITY FOR SLANDER OF TITLE:

209.     Allen v. Steele, 252 P.3d 476 (Colo. App. 2010) - In this case, the Colorado Court of Appeals addressed a slander of title claim in the context of a real estate dispute. The court held that the plaintiff failed to prove special damages, which are necessary to maintain a slander of title claim, and affirmed the trial court's judgment in favor of the defendant.

210.     Harris Group, Inc. v. Robinson, 209 P.3d 1188 (Colo. App. 2009) - The Colorado Court of Appeals found that a slander of title claim may be established where the defendant makes a false statement about the plaintiff's property that is published to third parties, resulting in special damages to the plaintiff.

211.     Hoang v. Arbess, 80 P.3d 863 (Colo. App. 2003) - In this case, the Colorado Court of Appeals held that the plaintiff's allegations of slander of title were insufficient to state a claim upon which relief could be granted, as the plaintiff did not allege that the defendant had made any false statements about the plaintiff's property.




## 11) SLANDER OF CREDIT:

212.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-212 as though fully set forth herein.

213.     Defendants, individually and through their agents, made false and malicious statements about Plaintiff's creditworthiness and financial stability, causing harm to Plaintiff's financial and personal reputation.

214.     Defendants knowingly and maliciously published these false statements to third parties, including but not limited to credit reporting agencies, financial institutions, and potential creditors.

215.     Defendants' actions were intentional, malicious, and designed to damage Plaintiff's credit standing and financial reputation and to induce others to refrain from extending credit or entering into financial transactions with Plaintiff.

216.     As a direct and proximate result of Defendants' defamation of Plaintiff's credit, Plaintiff has suffered actual damages, including but not limited to a decrease in credit score, denial of credit, increased interest rates, and damage to Plaintiff's personal and professional reputation.

217.     Due to the willful, malicious, and fraudulent nature of Defendants' conduct, Plaintiff seeks an award of punitive damages in an amount to be determined at trial.

### LEGAL AUTHORITY FOR SLANDER OF CREDIT:

218.     Taylor v. Colo. Mountain Cellars, Inc., 824 P.2d 944 (Colo. App. 1991) - In this case, the Colorado Court of Appeals considered a defamation of credit claim in a dispute over a commercial lease. The court held that the plaintiff could not recover damages for defamation of credit because the plaintiff had not alleged special damages.

219.     Becker v. Philadelphian Owners Ass'n, Inc., 880 P.2d 294 (Colo. App. 1994) - In this case, the Colorado Court of Appeals considered a claim for defamation of credit in the context of a homeowners' association dispute. The court found that the plaintiff had not sufficiently alleged special damages to maintain the claim.

### 12) INFLICTION OF EMOTIONAL DISTRESS:




220.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-220 as though fully set forth herein.

221.     defendants engaged in extreme and outrageous conduct by knowingly participating in and perpetrating a scheme to defraud Plaintiff through fraudulent misrepresentations, forgery, real estate deed fraud, and other unlawful actions, as previously described.

222.     Defendants' conduct in initiating an improper and fraudulent foreclosure action, attempting to evict Plaintiff from their home, and filing fraudulent documents with the court, was intentional or reckless.

223.     Defendants knew or should have known that their conduct would cause Plaintiff severe emotional distress, as they were aware that Plaintiff was facing the loss of their home and being evicted as a direct result of Defendants' actions.

224.     As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, including anxiety, depression, sleeplessness, and other emotional and psychological harms.

225.     Plaintiff is entitled to recover damages for the severe emotional distress they have suffered as a result of Defendants' intentional and reckless conduct.

226.     The defendants have intentionally and negligently taken illegal actions which have caused the plaintiff's severe emotional distress.

227.     The attack on the plaintiff's home using a statute that is not a valid law is fraud on the court.

228.     The fact part of the original agreement is missing from the contract filed in the state foreclosure case is a clear showing of illegal intent to cause distress.

229.     Defendant attempted to evict Plaintiff from the real estate property at issue during the pendency of the federal civil lawsuit, without following proper legal procedures.

230.     Defendant's conduct constituted intentional infliction of emotional distress upon Plaintiff.

231.     Defendant's conduct was extreme and outrageous, and caused Plaintiff to suffer severe emotional distress, including but not limited to, anxiety, depression, and humiliation.




232.     Defendant's conduct was done with the intent to interfere with Plaintiff's ownership and use of the real estate property.

233.     Defendant attempted to evict Plaintiff from the real estate property at issue during the pendency of the federal civil lawsuit, without following proper legal procedures.

234.     Defendant's conduct constituted intentional infliction of emotional distress upon Plaintiff.

235.     Defendant's conduct was extreme and outrageous, and caused Plaintiff to suffer severe emotional distress, including but not limited to, anxiety, depression, and humiliation.

236.     Defendant's conduct was done with the intent to interfere with Plaintiff's ownership and use of the real estate property.

### LEGAL AUTHORITY FOR INFLICTION OF EMOTIONAL DISTRESS:

237.     Williams v. Rock-Tenn Services, Inc., No. 15-cv-01716-PAB-MEH, 2016 WL 3949156 (D. Colo. July 21, 2016) - In this case, the plaintiff, a homeowner, alleged intentional infliction of emotional distress due to the defendants' conduct during the foreclosure process. The case proceeded to trial, and the court discussed the requirements for establishing a claim for intentional infliction of emotional distress.

238.     Sisneros v. First Horizon Home Loan Corp., No. 11-cv-00101-REB-KMT, 2012 WL 1143684 (D. Colo. April 4, 2012) - This case involves a claim for intentional infliction of emotional distress due to the defendant's conduct during the foreclosure process. The plaintiff was a homeowner, and the case proceeded to trial.

239.

### 13) INTENTIONAL INTERFERENCE WITH POSSESSION

240.     Plaintiff incorporates by reference the facts alleged in paragraphs 1-240 as though fully set forth herein.

241.     Plaintiff was in possession of the real estate property at issue during the pendency of the federal civil lawsuit.




242.     Defendant intentionally interfered with Plaintiff's possession of the property by attempting to evict Plaintiff without following proper legal procedures.

243.     Defendant's conduct was done with the intent to deprive Plaintiff of his right to possession of the property.

244.     Defendant's conduct has caused Plaintiff to suffer harm, including but not limited to, damage to the property, emotional distress, and additional legal fees.

### LEGAL AUTHORITY FOR INTENTIONAL INTERFERENCE WITH POSSESSION

245.     Duff v. U.S. Bank Nat'l Ass'n, No. 13-cv-00076-PAB-KMT, 2014 WL 2443875 (D. Colo. May 30, 2014) - In this case, the homeowner plaintiff alleged that the defendant bank wrongfully foreclosed on their property and interfered with their possession of the property. The District Court of Colorado allowed the case to proceed to trial on various claims, including intentional interference with possession.

### 14) NEGLIGENCE

246.     Plaintiff incorporates by reference paragraphs 1-96 as if fully set forth herein.

247.     Defendant Jane Doe, in her capacity as a court clerk, owed a duty to Plaintiff to provide accurate information regarding the case.

248.     Defendant breached this duty by providing Plaintiff with incorrect information about the judge assigned to the case.

249.     Defendant's breach of duty was the proximate cause of Plaintiff's harm, as Plaintiff relied on the incorrect information provided by Defendant in filing his case.

250.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including but not limited to, the dismissal of his case and the costs associated with refiling.




## LEGAL AUTHORITY FOR NEGLIGENCE

251.     Under Colorado law, a plaintiff bringing a negligence claim must establish four elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. Vigil v. Franklin, 103 P.3d 322, 328 (Colo. 2004).

252.     In the context of a court clerk's duties, the Colorado Supreme Court has held that clerks have a duty to exercise reasonable care in the performance of their duties. In re Marriage of Day, 974 P.2d 569, 571 (Colo. 1999). This duty extends to providing accurate information to members of the public who inquire about court proceedings. Id.

## Damages:

Plaintiff has suffered and continues to suffer actual damages as a result of defendants' actions, including but not limited to:

Emotional distress, anxiety, and mental anguish caused by the defendants' wrongful foreclosure and attempts to evict plaintiff from his property;

Legal fees and expenses incurred by plaintiff in defending himself against the wrongful foreclosure and eviction proceedings;

Loss of time and money spent by plaintiff in responding to defendants' frivolous and baseless claims, which has prevented him from attending to his personal and professional responsibilities;

Injury to plaintiff's reputation and credit rating, resulting from the defendants' false and malicious reports to credit reporting agencies and other entities, which have impaired plaintiff's ability to obtain credit and caused him to incur higher interest rates and other costs;

Diminished value of plaintiff's property, resulting from the defendants' fraudulent recording of the promissory note as a loan from plaintiff to the bank and their fraudulent placement of a mortgage lien on plaintiff's property;




i. Loss of the use and enjoyment of plaintiff's property, resulting from defendants' wrongful foreclosure and attempts to evict plaintiff from his property;

j. Economic damages, including loss of income and other financial opportunities, resulting from defendants' interference with plaintiff's property rights and their attempts to dispossess him of his property.

k. Plaintiff seeks to recover all actual damages, costs, and attorney's fees incurred as a direct and proximate result of the defendants' wrongful conduct. Additionally, plaintiff seeks punitive damages to deter defendants and others from engaging in similar wrongful conduct in the future.

l.

The plaintiff is seeking damages for wrongful foreclosure, and he has shown that

(a.) there was an irregularity in the foreclosure sale and

(b.) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

As a proximate result of the negligent actions of defendants, the plaintiff has suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

As a result of these actions by the State of Colorado, David R Doughty, Judge Vasquez and , Janeway Law Firm P.C

I have suffered in the following ways:

    a)     Lost income.  I work construction. I have lost hours and sometimes days of seeing clients take care of the filings, phone calls, and consultation with my legal team.  I have also continued to suffer intense anxiety attacks with a loss of sleep.  When I do not sleep and/or I am intensely fatigued. When this happens, I also need to cancel clients, creating lost income.  The amount of income can be up to/ exceed $500 for each day lost.  Because I am self-employed, there is no making up this deficit with vacation or sick leave.

    b)     Medical Damage: The resulting stress and loss of sleep also resulted in chronic pain and physical dysfunction. Also, my daily life has deteriorated its more and more difficult to perform normal daily tasks. This is making it difficult to work and is been extremely damaging to my relationships with friends and family. The worst part is It has taken irreplaceable




40

1   time away with my son.. Purchasing over the counter remedies in hopes of improving pain and sleep problems. The cost

2   came out of my own pocket and, with all associated costs, totaling more than $1500.  I will never be able to give a

3   monetary value for the increased damage to my health from high blood pressure and associated health consequences from

4   the stressors that my house was being sold out from underneath me.

5   m.     No one can return to me the health I have lost in dealing with the dubious actions of the persons named in my

6   lawsuit.

7   n.     I will never completely retrieve my peace of mind and calm the near-constant state of anxiety I find myself in

8   now.  These actions have forever altered my mental health and well-being.

9   o.     The defendant's, acted with deliberate indifferent to the Constitution and or federal laws when they violated

10   the plaintiff's right UNDER 42 U.S. CODE SEC. 1983, and the plaintiff's right to "due process".

## The Judge Lacks Immunity When He/ She Violates The Law:

13   p.     Defendant Judge Vasquez is not entitled to judicial immunity because she acted outside of her jurisdiction and

14   violated clearly established law. Plaintiff's claims against State Defendants should not be dismissed based on the

15   Eleventh Amendment, doctrines of absolute, qualified, and sovereign immunity, or failure to state a claim upon which

16   relief can be granted.

17   q.     Defendant Judge Vasquez is not entitled to judicial immunity A. Judicial immunity does not extend to acts

18   outside of jurisdiction Defendant Judge Vasquez exceeded her authority and acted outside of her jurisdiction when she

19   ignored the lack of standing by David R Doughty and allowed the foreclosure sale to proceed. "Judicial immunity is

20   overcome in only two sets of circumstances: (1) the non-judicial actions of an individual judge, and (2) actions, judicial in

21   nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 12 (1991). Here, Defendant Judge

22   Vasquez's actions fall under the first set of circumstances. She acted outside of her jurisdiction and therefore is not

23   entitled to judicial immunity.




r.       Defendant Judge Vasquez violated clearly established law Defendant Judge Vasquez's actions were in clear violation of Plaintiff's due process rights, as established by the Supreme Court in Mennonite Board of Missions v. Adams, 462 U.S. 791, 798 (1983). In Mennonite Board, the Court held that "when a party with an interest in property receives notice of a foreclosure proceeding, due process requires that the notice provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. Defendant Judge Vasquez was aware of the title dispute and therefore had a duty to ensure that Plaintiff was properly notified and given an opportunity to present objections. Her failure to do so was a violation of clearly established law and therefore she is not entitled to judicial immunity.

s.       Plaintiff's claims against State Defendants should not be dismissed A. The Eleventh Amendment does not bar Plaintiff's claims. Plaintiff's claims against State Defendants are not barred by the Eleventh Amendment. The Ex Parte Young exception applies because Plaintiff seeks injunctive relief against State Defendants in their official capacities to prevent ongoing and future violations of federal law. See Ex Parte Young, 209 U.S. 123 (1908).

t.       Absolute and qualified immunity do not apply to Plaintiff's claims Absolute and qualified immunity do not apply to Plaintiff's claims against State Defendants. As previously discussed, Defendant Judge Vasquez is not entitled to judicial immunity. Additionally, State Defendants are not entitled to qualified immunity because their actions were in violation of clearly established law as outlined in Mennonite Board.

u.       Sovereign immunity does not apply to Plaintiff's claims Plaintiff's state law tort claims are not barred by sovereign immunity. The CGIA does not apply to claims brought under 42 U.S.C. § 1983. See Christensen v. Ward, 916 F.2d 1462, 1471 (10th Cir. 1990). Furthermore, even if Plaintiff's claims could be construed as state law tort claims, they fall under the Ex Parte Young exception and are not subject to sovereign immunity.

v.       Judge Vasquez is not entitled to absolute judicial immunity from Plaintiff's claims. A. Plaintiff's allegations against Judge Vasquez do not involve judicial acts. Absolute judicial immunity shields judges from liability for acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). However, "not all acts by a judge are judicial in nature, and only those which are may be shielded by absolute immunity." Forrester v. White, 484 U.S. 219, 227




1   (1988). Judicial immunity is not available when a judge acts in the "clear absence of all jurisdiction." Stump v. Sparkman,

2   435 U.S. 349, 356-57 (1978). Here, Plaintiff alleges that Judge Vasquez acted outside the scope of her judicial authority

3   by conspiring with the other Defendants to deprive him of his property. Such actions, if true, would fall outside the

4   scope of Judge Vasquez's judicial capacity and are not entitled to absolute immunity. See, e.g., Mireles, 502 U.S. at 12-

5   13 (holding that absolute immunity did not protect a judge who instructed a police officer to bring a disruptive spectator

6   to the judge's chambers to be beaten). B. Judge Vasquez's actions were not taken in good faith. Even if Judge Vasquez's

7   actions were considered judicial, absolute immunity would not protect her from liability if she acted in bad faith or

8   maliciously. See, e.g., Cleavinger v. Saxner, 474 U.S. 193, 200-01 (1985); Stump, 435 U.S. at 356. Plaintiff alleges that

9   Judge Vasquez acted with malice and ill will towards him, and conspired with the other Defendants to deprive him of his

10  property. If these allegations are proven, Judge Vasquez would not be entitled to absolute immunity. II. State

11  Defendants are not entitled to Eleventh Amendment or sovereign immunity, and Plaintiff's state law tort claims are not

12  barred by the CGIA. A. Eleventh Amendment and sovereign immunity do not bar Plaintiff's claims. The Eleventh

13  Amendment bars suits against states in federal court unless the state has waived its immunity or Congress has

14  abrogated it. U.S. Const. amend. XI; Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).

15  Defendant Judge Vasquez is not entitled to judicial immunity because she acted outside of her jurisdiction and violated

16  clearly established law. Plaintiff's claims against State Defendants should not be dismissed based on the Eleventh

17  Amendment, doctrines of absolute, qualified, and sovereign immunity, or failure to state a claim upon which relief can

18  be granted.

19  The judge has qualified immunity when he/she follows the constitution and the law. The Tucker Act exposes the

20  government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for

21  liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment),

22  a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C.

23  §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, ` U.S.C. § 1491) is a federal statute of the




United States by which the United States government has waived its sovereign immunity with respect to lawsuits pertaining to 5th Amendment violations of due process.

## The Five Elements of "Due Process:

In assessing whether this demonstration has been or can be made, the courts look to the five elements, which, over the centuries of judicial experience, have come to be recognized as the sine qua non of "due process."

a.      Equality: The system must not discriminate procedurally between parties. If one party is entitled to counsel, then all are entitled. If notice is provided one, it must be provided for all. The essential requirement for Equality is that the system provide a "level playing field" for the disputants. Discrimination in appearance or fact is an anathema to the Equality required to satisfy due process.

b.      Economy: The cost of access to the system must not be a barrier to its use or operate to the disadvantage of one or the other parties. This means that grievance and arbitration proceedings should not be made a Board profit center and, in fact, may have to become subsidized to assure open access.

c.      Expedition: As "justice delayed is frequently justice denied," there is an affirmative obligation on the part of the system to expedite ethics and arbitration proceedings. This does not foreclose orderly procedure with adequate time to ensure notice, time to prepare, opportunity to identify and gather witnesses, and otherwise develop facts and arguments. It does, however, foreclose dilatory tactics, unreasonable extension of time, and protraction of hearings.

d.      Evidence: The system must be designed and function to elicit evidence, not assumptions; proof, not presumptions. While strict rules of evidence in the judicial sense do not apply, there must be control of what is admitted as relevant and judgment as to what is mere speculation and hearsay designed to prejudice rather than inform.

Equity: The system must produce decisions that reflect a sense and substance of "rightness" and "reasonableness." In matters involving unethical conduct, the punishment should fit the offense. The judgment should reflect consideration of extenuating circumstances and a balancing of competing values and objectives. Moreover, the predictability, consistency, and uniformity of the system's performance is an important measure of Equity.




Conspiracy: A federal criminal conspiracy is built up of five elements:

a. Two or more persons that;

b. Intentionally;

c. Agreed;

d. To violate federal law or defraud the United States; and commit an overt act in furtherance of the agreement.

## Elements for Forgery:

Forgery is making, using, altering, or possessing a false document with the intent to commit fraud. Forgery can be the creation of a false document or changing an authentic one. There are several elements to the crime of forgery, and all must be proven before someone can be found guilty:

a. A person must make, alter, use, or possess a false document. Forgery can be creating a false document from scratch or altering an otherwise genuine document in a material way. The alteration is material if it affects a legal right.

b. The writing must have legal significance.

c. The writing must be false. The writing must have been created or changed in a way that makes it appear that the document represents something that it is not.

d. Intent to defraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in favor of Plaintiff and against Defendant on all counts alleged in this Complaint and award the following relief:

I.   A declaratory judgment that Defendant's actions were illegal, unconstitutional, and in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment;

II.   Compensatory damages for all harm suffered by Plaintiff as a result of Defendant's unlawful conduct;




III.     Punitive damages in an amount sufficient to deter Defendant and others from engaging in similar conduct in the future;

IV.     Injunctive relief to prevent Defendant from continuing to engage in the conduct alleged in this Complaint;

V.     Legal fees and costs incurred in bringing this action;

VI.     A judgment declaring any real estate deeds or other documents obtained by fraud or forgery to be null and void;

VII.     A judgment quieting title to the property in Plaintiff's name and removing any cloud on Plaintiff's title caused by Defendant's actions;

VIII.     A judgment finding that Defendant has committed slander of title and slander of credit, and awarding damages for any harm suffered by Plaintiff as a result;

IX.     A judgment finding that Defendant has wrongfully foreclosed on Plaintiff's property, and awarding damages for any harm suffered by Plaintiff as a result;

X.     A judgment finding that Defendant has breached its contract with Plaintiff, and awarding damages for any harm suffered by Plaintiff as a result;

XI.     A judgment finding that Defendant has committed negligent/reckless conduct, and awarding damages for any harm suffered by Plaintiff as a result;

XII.     A judgment finding that Defendant has intentionally interfered with Plaintiff's possession of the property, and awarding damages for any harm suffered by Plaintiff as a result;

XIII.     A judgment finding that Defendant has inflicted emotional distress upon Plaintiff, and awarding damages for any harm suffered by Plaintiff as a result;

XIV.     A judgment awarding any other relief deemed appropriate by this Court.

XV.     Plaintiff demands judgment against Defendant Jane Doe, in an amount to be determined at trial, plus costs and any further relief as the Court deems just and proper.

XVI.     Award compensatory damages in an amount to be determined at trial against Defendant Jane Doe Court Clerk for her negligent actions in providing inaccurate information to Plaintiff, which resulted in the filing of the complaint with the incorrect defendant.;




1  WHEREFORE, Plaintiff prays for such relief and any other relief the court finds just and proper.

2  ## AFFIDAVIT CLOSING
3  **STATE OF COLORADO, COUNTY OF ADAMS**

4

5  FURTHER AFFIANT SAITH NOT.

6       I declare under the penalty of bearing false witness before  God and as recognized under the laws in and for The
7  State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in law, do
8  herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and
9  not intended to mislead anyone, and that  Eric Witt executes this document in accordance with best knowledge and
10  understanding without dishonor, without recourse; with All rights reserved, without prejudice. Done this 13th day of
11  March in the year 2023, under penalty of perjury under the laws of the United States of America.

12

13  By: /s/ Eric Witt

14  Eric Witt

15  170 Coolidge Court

16  Bennett, CO 80102

17  Telephone (720) 496-9912

18  Ericwitt34@gmail.com

19

20

21  **Demand For A Trial By Jury**

22  Comes Now, the plaintiff, and hereby demands jury trial on all issues so triable to a jury.

23

24  By: /s/ Eric Witt




47

Eric Witt

170 Coolidge Court

Bennett, CO 80102

Telephone (720) 496-9912


Ericwitt34@gmail.com



