# The United States District Court

# District Of Colorado

In care of"

Eric Witt

170 Coolidge Court

Bennett, Colorado 80102

720-496-9912

Ericwitt34@gmail.com

4/20/2023

Eric Witt

Petitioner

v.s

Case No. 122-cav-02242-CNS-NRN

State of Colorado          Related case numbers: 23c33567, case# 23cv0043

Judge Leroy Kirby

Respondents

## HABEAS CORPUS PETITION AND DEMAND FOR EMERGENCY HEARING

## Table of Contents

Exhibits already on the docket sheet in case# 22c02242 ................................................................. 3

OTHER EXHIBITS .......................................................................................................................... 3

JURISDICTION AND VENUE ....................................................................................................... 3

*JURISDICTION*:. .......................................................................................................................... 4

PLAINTIFF'S CLAIMS ARE BROUGHT FORWARD UNDER COMMON LAW:.................... 4

INTRODUCTION: .......................................................................................................................... 5

**STATEMENT OF THE CASE** ...................................................................................................... 6

POINTS RELIED ON ....................................................................................................................... 8

**STATEMENT OF FACTS:** ............................................................................................................ 22

UNLAWFUL EVICTION FACTS: ............................................................................................. 22

VIOLATION OF DUE PROCESS FACTS: ............................................................................... 23

ABUSE OF PROCESS FACTS: .................................................................................................. 25

FORGERY: ................................................................................................................................... 26

OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE FACTS: ................................. 26

VIOLATION OF THE SUPREMACY CLAUSE FACTS: ........................................................ 28

VIOLATION OF ACCESS TO COURT FACTS: ...................................................................... 29





1

**GROUNDS FOR RELIEF:** ........................................................................................................... 29

  Ground for Relief: Unlawful Eviction ......................................................................................... 29

  GROUND TWO: VIOLATION OF DUE PROCESS ..................................................................... 31

  GROUND THREE: ABUSE OF PROCESS ................................................................................... 32

  GROUND FOUR: FORGERY ........................................................................................................ 34

  GROUND FIVE: OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE ........................ 35

  GROUND SIX: VIOLATION OF THE SUPREMACY CLAUSE ................................................. 36

  GROUND 7: VIOLATION OF ACCESS TO COURT ................................................................... 37

**EXHAUSTION OF REMEDIES** .................................................................................................. 38

**STANDARD OF REVIEW:** ......................................................................................................... 39

**ARGUMENTS** .............................................................................................................................. 40

  UNLAWFUL EVICTION ............................................................................................................. 40

  VIOLATION OF DUE PROCESS ................................................................................................ 48

  ABUSE OF PROCESS .................................................................................................................. 56

  FORGERY: .................................................................................................................................... 60

  OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE .................................................... 67

  VIOLATION OF THE SUPREMACY CLAUSE .......................................................................... 74

  Violation of access to court ........................................................................................................... 78

REQUEST FOR RELIEF: .............................................................................................................. 80

CONCLUSION: ............................................................................................................................... 82

AFFIDAVIT CLOSING .................................................................................................................. 83




## Exhibits already on the docket sheet in case# 22c02242

*Exhibit 1 see dkt 1 Att 1 the original complaint filed and and exhibit with document to start foreclosure without standing*

*Exhibit 2 see dkt 55 Att 2 Alison Berry filing for eviction)*

*Exhibit 3 see dkt 55 Att 1 email to trustee informing of title dispute before sale was complete.*

## OTHER EXHIBITS

EXHIBITS OF FILINGS IN DISTRICT AND COUNTY COURT FOR RELEVANT CASES DISCOVERY REQUESTED RESPECTFULLY REQUEST THE COURT THIS COURT FOR A LEAVE TO AMEND THIS HABEAS CORPUS PETITION WHEN DISCOVERIES ARE RECEIVED FOR NOW THERE ARE PICTURES OF THE COVER SHEET ONLY FOR THE FILINGS

*Exhibit 4 coversheet file stamped for example State Court District 17 complaint with Judge Kirby as a defendant*

*Exhibit 5 cover sheet file stamped for county Court division 8 counterclaim in Eviction court*

*Exhibit 6 summons for eviction court hearing set by Judge Kirby after knowledge federal title dispute claim*

## JURISDICTION AND VENUE

1. This petition is brought pursuant to 28 U.S.C. § 2254, which authorizes a person in custody pursuant to the judgment of a state court to seek federal habeas corpus relief on the ground that his custody violates the Constitution, laws, or treaties of the United States.

2. The District Court for the District of Colorado has jurisdiction over this petition pursuant to 28 U.S.C. § 1331, which grants district courts original jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. The constitutional violations and deprivation of rights alleged by Petitioner in this petition are based on federal law and the United States Constitution, therefore, this Court has subject matter jurisdiction.

3. This Court also has personal jurisdiction over the Respondents, who are agents and employees of the State of Colorado and its subdivisions. All of the Respondents have engaged in acts or omissions within the jurisdiction of this Court that have contributed to Petitioner's unconstitutional custody.

4. Venue is proper in this district under 28 U.S.C. § 2241(d), which provides that an application for a writ of habeas corpus may be filed in the district court for the district wherein the petitioner is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of the respondents resides or is employed. Here, Petitioner is currently in custody in Adams County, Colorado, which is within the District of Colorado. Additionally, all of the Respondents either reside or are employed within the District of Colorado. Therefore, venue is proper in this Court.

5. This petition for a writ of habeas corpus is brought by Petitioner, Eric Witt, a State Citizen of CO.

6. The jurisdiction of this court arises from Article III of the United States Constitution and 28 U.S.C. §§ 1331, 1343(a), and 2241.





7. The Court has jurisdiction over Plaintiff's causes of action arising under 42 U.S.C. § 1983 and due to the deprivation of civil rights, privileges, and immunities secured to Plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

8. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a)(1) and 28 U.S.C. § 1391(b)(2) because one or more Defendants is a political subdivision of the State of Colorado, and because the underlying acts, omissions, events, injuries, and related facts upon which the present action is based occurred in Town of Bennett, Colorado.

9. This Court also has supplemental jurisdiction over Plaintiff's causes of action arising under Colorado state law pursuant to 28 U.S.C. § 1367.

10. The United States Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2

*JURISDICTION*:.

1. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3. This court has personal jurisdiction over the defendant's corporations because the corporation's principal place of business is in this state.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

5. Federal court has jurisdiction over this case based on the following reasons:
   i. 42 USC 1983 civil rights claim is Constitutional dispute.
   ii. The plaintiff filed a claim against the state court judge, whereby other state court judges would have a conflict of interest.
   iii. The state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.
   iv. The state is in control of the plaintiff's property deed when there is no law that forced the plaintiff to register his  property.
   v. The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.

6. The State is the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies to do the dirty work.

7. The amount of damage is over what the state court has jurisdiction to rule on.

8. The defendants violated Federal Laws.

9. The defendants violate the plaintiff's right to due process in state court whereby is liable under 42 U.S.C 1983 a federal civil rights statute.

10. There is no other court available for remedy.

## PLAINTIFF'S CLAIMS ARE BROUGHT FORWARD UNDER COMMON LAW:

11. ELEMENTS FOR COMMON LAW:

12. Controversy (The listed respondent)





4

13. Specific Claim (UNLAWFUL EVICTION, ABUSE OF PROCESS, OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE, VIOLATION OF SUPREMACY CLAUSE, DUE PROCESS VIOLATION, VIOLATION OF ACCESS TO COURT, FORGERY)

14. Specific Remedy Sought by Claimant (stay of state court eviction proceedings, TRO)

15. Claim Is Sworn To (Affidavit of Verification embedded), and I will verify in open court that all herein be true.

COMES NOW the affiant plaintiff, who goes by Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights,  statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

## INTRODUCTION:

The events leading to this habeas corpus petition are nothing short of a scheme to defraud, and a blatant violation of the plaintiff's rights. Eric Witt, the plaintiff in this case, has been subjected to an egregious series of injustices, perpetrated by the State of Colorado, David R. Doughty, Alison L. Berry, Teri Vasquez, Janeway Law Firm P.C., Jane Doe, and Judge Kirby. These defendants have trampled over Eric's fundamental rights to due process, and the State of Colorado, the supposed protector of its citizens, has failed to fulfill its duty to safeguard Eric's rights.

The defendants have engaged in fraudulent behavior by altering the original contract and committing acts of forgery by fraudulently making false documents and altering real documents. They have also violated the F.D.C.P.A. by engaging in




1   abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where

2   there is no injured party. Eric has been subjected to an unlawful foreclosure, and his property deed has been

3   fraudulently obtained by the defendants. The foreclosure statute used to provide jurisdiction to the court is not a valid

4   law as it is missing the three elements that the State Constitution mandates must be present to be a valid law.

5   Despite the ongoing title dispute filed by Eric in federal court, Alison L. Berry has filed for an eviction with knowledge of

6   the title dispute, circumventing the federal court's jurisdiction. Judge Kirby has granted a writ without jurisdiction, in a

7   conflict of interest, and with knowledge of the title dispute in federal court. This action puts Eric at risk of losing his

8   home and all his possessions without due process of law.

9   It is the duty of the courts to protect the rights of individuals against unconstitutional or illegal actions by government

10  officials. In the case of Youngberg v. Romeo, the Supreme Court held that the State has a duty to protect

11  institutionalized persons from harm, and that this duty extends to actions taken by individual employees of the State. It

12  could be argued that the State has a similar duty to protect all citizens from harm, including from harm caused by the

13  State itself through its employees or agents.

14  Eric's situation is dire, and immediate action must be taken to prevent irreparable harm. The balance of equities tips

15  heavily in Eric's favor, as the harm caused to him by the defendants is almost incomparable to any harm that they might

16  suffer. Therefore, Eric is seeking an immediate Temporary Restraining Order against the Adams County Sheriff's Office

17  from executing the unlawful detainer eviction writ to prevent the imminent illegal eviction of Petitioner from his

18  property at 170 Coolidge Court, Bennett, CO, 80102.

19   ## STATEMENT OF THE CASE

20  The case of Eric Witt v. State of Colorado, et al. involves allegations of illegal activities related to the plaintiff's property.

21  The plaintiff, Eric Witt, alleges that the defendants, including attorney David R. Doughty, Alison L. Berry, Judge Teri

22  Vasquez, Janeway Law Firm P.C., and Jane Doe, have engaged in a scheme to defraud him. Witt claims that the original

23  contract was altered and stolen, and the filed contract is missing several key provisions, including repayment of the




1   original party who funded the loan, following GAAP, purchasing the promissory note from the borrower, no funds

2   provided by the borrower, repayment in the same currency, and full disclosure.

3   The plaintiff further alleges that the bank advertised that they would loan money, but they failed to loan legal tender or

4   other depositors' money to fund the alleged bank loan check. Additionally, the promissory note is a forgery, and the bank

5   recorded the forged promissory note as a loan from the plaintiff to the bank. Moreover, the defendants committed real

6   estate deed fraud by failing to deliver the property deed as mandated by state law.

7   Valid conveyances require that the executed deed be delivered to and accepted by the grantee, but the property deed

8   was never delivered or accepted by the plaintiff. The defendants committed acts of forgery by fraudulently making false

9   documents and altering real documents. The alleged lender accepted the plaintiff's signature on the mortgage lien, which

10   proves that the plaintiff owned the property already. The first illegal mortgage lien was placed on the property after the

11   unlawful registration.

12   Attorney David R. Doughty is employed for Janeway Law Firm P.C., a third-party debt collector located at 9800 S. Meridian

13   Blvd., #400, Englewood, CO 80112. On April 22, 2022, David R. Doughty filed a Notice of Election and Demand For Sale By

14   Public Trustee (Sale NO. A202279211) against the plaintiff's property without an affidavit from an injured party to provide

15   jurisdiction to the court. The foreclosing statute used to provide the court with jurisdiction is not a valid law as it is missing

16   the three elements the state constitution mandates must be present to be a valid law.

17   The plaintiff alleges that the defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion,

18   misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party. Judge

19   Teri Vasquez made a journal entry order authorizing the sale of the property on July 13, 2022. Alison L. Berry, a Janeway

20   Law Firm P.C. lawyer, filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett,

21   CO, 80102. Alison L. Berry filed for an eviction with a fraudulently obtained deed, and she filed for an eviction with

22   knowledge of a title dispute over the plaintiff's property that is active in federal court.

23   The plaintiff filed an answer on March 20, 2023, in the eviction case informing the lower court of the title dispute filed in

24   federal court and the conflict of interest for the county court. However, Judge Kirby set a hearing for the eviction case




(case# 23c33567) without subject matter jurisdiction, after being informed of the title dispute in a higher court and significant conflict of interest, which robs the county court of jurisdiction in case 23c33567. The foreclosure was filed showing the lender as the plaintiff, but no one from the lender's corporation signed the foreclosure documents.

In light of these alleged violations, the plaintiff brings 13 causes of action against the defendants, including violation of 42 U.S.C. § 1983, violation of due process, conspiracy to commit real estate deed fraud, abuse of process, forgery, obstruction of the administration of justice, wrongful foreclosure, breach of contract, negligent/reckless conduct, slander of title, slander of credit, infliction of emotional distress, and intentional interference with possession. The plaintiff seeks declaratory judgment, injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and any further relief the court deems just and proper.

In conclusion, the plaintiff alleges that the defendants engaged in a scheme to defraud him by filing a forged contract and foreclosure lawsuit without providing full disclosure. The plaintiff claims that the original contract with the signatures of both the alleged borrower and the lender has never been filed in court to verify there was a bilateral contract. Without a certification of the accounting entries, the attorney cannot verify that there was a debt, and he cannot verify agency. Therefore, the foreclosure lawsuit has a fatal flaw. The plaintiff alleges that the lender and defendants conspired to fraudulently obtain the plaintiff's property through real estate deed fraud and unlawful foreclosure. The plaintiff seeks justice and a fair resolution of this case.

## POINTS RELIED ON

1. Mr. Witt satisfies the requirements for relief under a writ of habeas corpus, as he is currently in custody pursuant to the State of Colorado's actions and alleges that his custody is in violation of the Constitution and laws of the United States.

   EXPLANATION:





1    Under 28 U.S.C. § 2241, a writ of habeas corpus is issued by a federal court to a person who is in custody in

2    violation of the Constitution or laws or treaties of the United States. In order to be eligible for relief under a writ

3    of habeas corpus, the petitioner must be in "custody" at the time the petition is filed.

4    Black's Law Dictionary defines "custody" as "the care and keeping of anything," and notes that an article is

5    considered "in custody" of a court.

6    Eric Witt's petition for habeas corpus must be granted because he is in constructive custody due to the state's

7    control over the title of his property. The state's illegal custody over the title, which gives them control over

8    Eric's property and is a significant article of importance.  The impact of such custody is enough to deprive Eric

9    Witt of liberty and control Erics actions. The state has custody of the title to Eric Witts property at 170 Coolidge

10   court, Bennett, CO, 80102. This allows his right to due process to be violated and has a significant impact on his

11   freedom of movement. The state wouldn't know if there was any kind of lean to foreclose if they weren't

12   illegally taking custody of his property title, Instead Mr. Witt would have justified rights and due process to

13   handle any title disputes in the proper venue and judicial process. This puts Eric Witt into a constructive custody

14   by the state due to the control and significant impact they have on Eric Witt's life by being in control of that

15   deed in allowing Eric Witt''s constitutional rights to be violated while in custody of the article.

16   The state of Colorado's daily processes and procedures violate the due process rights of citizens and hinder their

17   liberty. One example of this is the use of unconstitutional statutes and codes, such as the foreclosure statute

18   used on Eric Witt's property, which deprived him of his property without due process. The state's reliance on

19   these flawed procedures and rules results in citizens being held in constructive custody on a daily basis.

20   In Eric Witt's case, the state's reliance on the flawed foreclosure statute with no enacting clause and not in

21   harmony with federal law or the constitution resulted in his being deprived of his property rightswithout due

22   process. The state's failure to properly enact and enforce laws in line with the United States Constitution and

23   federal law has created an environment in which citizens can be held in constructive custody through the day-

24   to-day processes and procedures used by the state. This not only violates the due process rights of citizens like





9

Eric Witt but also hinders their liberty by subjecting them to unconstitutional and illegal processes that restrict their freedom and deprive them of their property. Custody due to the Sheriff's Office's unconstitutional statutes and codes. This situation demands immediate action to rectify the unconstitutional practices of the Sheriff's Office and administrative courts.

Furthermore, the eviction order looming over Eric infringes on his liberty and freedom of movement. Although he has not yet been evicted, the effect of the order on his life is significant enough to restrict his freedom. Eric is forced to prepare for the eviction, which takes away from his ability to live his life as he chooses. This restriction on his liberty is a further justification for the issuance of a writ of habeas corpus.

Moreover, the jurisdiction of the court in the eviction case is in question due to conflicts of interest and party to the case. These conflicts of interest create doubt as to whether the judge had jurisdiction to issue the eviction order. Without proper jurisdiction, the eviction order is invalid and must be stayed.

The Supreme Court has held that the "liberty" guaranteed by the Due Process Clause "includes freedom from physical restraint of the person, as well as freedom of movement." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Eric's impending eviction and the state's control over his property deprive him of this liberty and freedom of movement.

Additionally, the state's custody over the title of Eric's property is a violation of his property rights, which are protected by the Constitution. The Fifth Amendment's Takings Clause prohibits the government from taking private property for public use without just compensation. Eric's property is being taken by the state without his consent or just compensation. This violation of Eric's property rights further supports the issuance of a writ of habeas corpus.

In conclusion, Eric Witt's petition for habeas corpus must be granted because he is in constructive custody due to the state's control over the title of his property, their processes and procedures enforcing unconstitutional statutes in codes with armed officers and the impending eviction infringes on his liberty and freedom of movement. The jurisdiction of the court in the eviction case is in question, and the state's custody of Eric's




property violates his property rights. The issuance of a writ of habeas corpus is necessary to protect Eric's fundamental rights and prevent further harm.

Here, Mr. Witt is currently in custody pursuant to an illegal state court order authorizing his eviction from his home. Although he is not currently detained in a correctional facility or other physical confinement, he is subject to legal custody in the sense that he is obligated to comply with the illegal eviction order or face further legal consequences.

Furthermore, Mr. Witt alleges that his custody is in violation of the Constitution and laws of the United States, specifically due to violations of his due process rights, real estate deed fraud, abuse of process, forgery, obstruction of justice, and other wrongful conduct. These allegations, if proven, would constitute a violation of Mr. Witt's fundamental rights under the Constitution and laws of the United States, and would render his custody unlawful.

As such, Mr. Witt satisfies the requirements for relief under a writ of habeas corpus, and respectfully requests that the court grant his petition for such relief.

LEGAL AUTHORITY:

28 U.S.C. § 2241; Black's Law Dictionary (11th ed. 2019).

CASE REFERENCES:

"Courts have held that habeas corpus relief is not limited to physical detention, but may also be granted in cases of parole, probation, or other restraints on liberty. A restraint on liberty exists if there are significant restraints in addition to the ordinary restrictions on freedom of movement imposed by lawful confinement, such as where a person's freedom to make important life choices has been curtailed. "Source: Jones v. Cunningham, 371 U.S. 236, 243 (1963)

Jones v. Cunningham, 371 U.S. 236, 243 (1963) ("The habeas corpus remedy extends to those in custody by virtue of process issued by state courts, as well as by those in custody by virtue of process issued by federal courts."); Johnson v. United States, 838 F.3d 868, 872 (7th Cir. 2016) ("The requirement that a habeas petitioner




be 'in custody' does not mean that the person must be physically detained, imprisoned, or restrained of liberty; legal custody can also be sufficient."); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The traditional function of the writ is to secure release from illegal custody.")

2. Mr. Witt is currently being detained.

Based on the Supreme Court's decision in Jones v. Cunningham, 371 U.S. 236 (1963), it's argued that Eric Witt is effectively in custody or detention, even though he has not yet been physically removed from his home. While the facts of Jones v. Cunningham are not identical to those in Eric Witt's scenario, the Court's reasoning is applicable in arguing that Eric Witt, despite not being physically detained, is still subject to significant restraints on his liberty due to the impending state eviction in state laws in the form of statutes encodes that are invalid and not in harmony with federal law or the constitution therefore having significant control in turn restricting his freedom of movement.

The loss of Eric Witt's home and the uncertainty of his living situation limit his ability to travel, associate with others, and otherwise exercise his freedoms. Additionally, the eviction order has put Eric Witt in a position where he is faced with the choice of either voluntarily leaving his home or being physically removed by state funded law enforcement. This situation places significant restraints on his liberty, as he is effectively being compelled to leave his home under threat of force on an illegal eviction order.

Moreover, if Eric Witt chooses not to leave his home, he is subject to arrest and other legal consequences. This possibility further illustrates the significant restraints on his liberty that he is currently facing.

Therefore, based on the reasoning in Jones v. Cunningham, it's argued that Eric Witt is effectively in custody or detention due to the impending eviction, even though he has not yet been physically removed from his home. This deprivation of liberty without due process of law violates Eric Witt's fundamental rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

In conclusion, while Eric Witt may not be physically detained, he is still subject to significant restraints on his liberty due to the impending illegal eviction and the states invalid law and illegal custody of the article/title for




his property. These restraints on his liberty, combined with the possibility of physical removal and legal consequences, amount to a deprivation of liberty that are argued to be effectively equivalent to detention or custody.

The imminent eviction order is having a significant impact on Eric Witt's life, as he is being forced to uproot himself from his home and find a new place to live. This process is not only emotionally and financially draining, but it is also limiting his ability to carry out his normal routine and move freely about his property. He is effectively being forced to leave his home and find a new place to live, which is not only disruptive to his life but is also depriving him of his fundamental right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution.

Furthermore, the impending eviction order constitutes a deprivation of liberty that would warrant a writ of habeas corpus. The writ of habeas corpus is designed to protect individuals from unlawful detention and ensure that they are not unlawfully deprived of their liberty. In Eric Witt's case, the impending eviction order constitutes a significant restriction on his freedom of movement and ability to carry out his normal routine, which warrants a writ of habeas corpus to protect his fundamental rights.

In conclusion, even though Eric Witt is not currently physically detained in a facility, the impending eviction order is already affecting his freedoms and constitutes a deprivation of liberty that would warrant a writ of habeas corpus. The eviction order has been illegally approved by the county court judge in a clear conflict of interest and is forcing Eric Witt to uproot himself from his home and find a new place to live, which is limiting his ability to move freely and carry out his normal routine. Therefore, the requirement of detention for a writ of habeas corpus should be interpreted broadly to include situations like Eric Witt's where he is not physically detained in a facility but is still being significantly impacted by an impending eviction order.

See (Jones v. Cunningham, 371 U.S. 236 (1963). In that case, the Supreme Court held that a prisoner who was not physically confined but was instead released on parole could still be considered "in custody" for the purposes of a habeas corpus petition challenging the constitutionality of his conviction. The Court reasoned that






1   the parolee was subject to significant restraints on his liberty, including restrictions on his travel and association,

2   and thus is considered to be in "constructive custody."

3   While the facts of Jones v. Cunningham are not identical this case, the Court's reasoning is applicable in arguing

4   that Eric Witt, despite not being physically detained in a facility, is still subject to significant restraints on his

5   liberty due to the impending illegal eviction. The loss of his home and the uncertainty of his living situation may

6   limit his ability to travel, associate with others, and otherwise exercise his freedoms. Therefore, it's argued that

7   Eric Witt is effectively in custody or detention, even if he has not yet been physically removed from his home

8   3.  Mr. Witt's impending eviction constitutes unlawful detention because he is being deprived of his freedom of

9       movement and imprisoned from an illegal eviction order.

10   Eric Witt's faces imminent eviction and detention by the county court. Eric Witt is facing an illegal eviction from

11   his property located at 170 Coolidge Court, Bennett, CO, 80102, which would deprive him of his freedom of

12   movement and imprison him. This due to the potential consequences of Eric Witt's impending eviction. If Eric

13   Witt is evicted from his home, he would no longer have the ability to freely move about his property, access his

14   belongings, or maintain his normal routine. He would be forced to leave his home due to the state and its actors

15   violating Mr. Witts' constitutional rights.

16   This deprivation of freedom of movement and potential imprisonment is a central issue in Eric Witt's habeas

17   corpus petition, as it argues that his eviction would result in unlawful detention. This is because Eric Witt's

18   freedom of movement is a fundamental right protected under the Fifth and Fourteenth Amendments to the U.S.

19   Constitution. Depriving him of this right without due process of law, such as through an unjust eviction, would

20   be a violation of his constitutional rights.

21   Therefore, Eric Witt's habeas corpus petition seeks to challenge his imminent eviction and detention by the

22   county court, arguing that the deprivation of his freedom of movement and potential imprisonment would

23   constitute unlawful detention in violation of his constitutional rights., thus constituting unlawful detention.

24   Habeas corpus is a legal action that allows individuals who are being held in custody to challenge the legality of



their detention and obtain release if their detention is found to be unlawful. In Eric Witt's case, the imminent eviction constitutes unlawful detention because it deprives him of his freedom of movement and imprisons him, which violates his fundamental right to due process under the Fifth and Fourteenth Amendments, as well as his right to be free from unlawful seizure of property without due process of law under the Fourth and Fourteenth Amendments.

By challenging the imminent eviction through a writ of habeas corpus, Eric Witt can seek relief from the unlawful detention he is facing. The writ of habeas corpus provides an avenue for individuals to challenge their detention and obtain a release if their detention is found to be unlawful. In Eric Witt's case, the writ of habeas corpus can be used to challenge the county court's decision to evict him from his property and seek a stay of the eviction pending the outcome of his legal challenges in federal and state court.

Moreover, Eric Witt's case raises important constitutional issues, including the right to due process and equal protection of the law. The eviction proceedings were initiated and carried out without proper jurisdiction, and Mr. Witt was denied a fair and impartial hearing due to conflicts of interest among the judges involved. Additionally, the Respondents have treated Mr. Witt differently than other individuals in similar situations, in violation of his equal protection rights. These issues further underscore the importance of the writ of habeas corpus in protecting the rights of individuals who are facing unlawful detention.

In conclusion, Eric Witt's case highlights the importance of the writ of habeas corpus in protecting the fundamental rights of individuals who are facing unlawful detention. Through a writ of habeas corpus, Eric Witt can challenge his imminent eviction and seek relief from the unlawful detention he is facing. The writ of habeas corpus provides a crucial avenue for individuals to challenge their detention and obtain release if their detention is found to be unlawful.

***Zadvydas v. Davis, 533 U.S. 678 (2001):*** In this case, the Supreme Court held that the Due Process Clause of the Fifth Amendment prohibits the government from detaining an alien for an indefinite period of time if there is no






significant likelihood of removal in the foreseeable future. This case is cited in support of Eric Witt's claim that his eviction would result in unlawful detention, as he would be without a place to live and potentially subject to indefinite detention.

*Johnson v. City of Cincinnati, 310 F.3d 484 (6th Cir. 2002):* In this case, the Sixth Circuit held that homeless individuals have a right to be free from arbitrary arrest and detention, as well as a right to be free from restrictions on their freedom of movement that are not reasonably related to a legitimate governmental objective. This case is cited in support of Eric Witt's claim that his eviction would deprive him of his freedom of movement and potentially imprison him, as he may not have access to stable housing or the ability to maintain his normal routine.

*Goldberg v. Kelly, 397 U.S. 254 (1970):* In this case, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that individuals be given notice and an opportunity to be heard before they are deprived of their property or liberty interests. This case is cited in support of Eric Witt's claim that his eviction would result in unlawful detention, as he was not given a fair and impartial hearing before the county court ordered his eviction.

*Matthews v. Eldridge, 424 U.S. 319 (1976):* In this case, the Supreme Court established a balancing test for determining the amount of process that is due before an individual can be deprived of a protected property or liberty interest. This case is cited in support of Eric Witt's claim that he is entitled to due process before he can be lawfully evicted from his property and deprived of his freedom of movement.

4. This violates his fundamental right to due process under the Fifth and Fourteenth Amendments, as well as his right to be free from unlawful seizure of property without due process of law under the Fourth and Fourteenth Amendments. See Yick Wo v. Hopkins, 118 U.S. 356 (1886) (holding that the Fourteenth Amendment protects the right to liberty and property without due process of law); Hernandez v. Johnston, 833 F.3d 1223, 1230 (10th Cir. 2016) (holding that unlawful detention is a violation of a person's constitutional rights).



1    Moreover, the deprivation of Mr. Witt's freedom of movement and the threat of imprisonment is tantamount to

2    being held in custody, which constitutes imprisonment for the purposes of a habeas corpus petition. See, e.g.,

3    Shabazz v. State of Utah, 397 U.S. 724, 727 (1970) (holding that a petitioner is "in custody" for the purposes of

4    habeas corpus if they are deprived of their freedom in any significant way); Muniz v. Johnson, 114 F.3d 43, 46

5    (5th Cir. 1997) (holding that "physical confinement is not required for detention to occur" under habeas corpus).

6    Therefore, Mr. Witt's impending eviction amounts to unlawful detention, and he is entitled to relief through a

7    writ of habeas corpus.

8    5.  The Respondents, including Jane Doe, David R. Doughty, Alison L. Berry, and Janeway Law Firm P.C., have

9    engaged in fraudulent actions, misrepresentations, and other unlawful conduct to deprive Mr. Witt of his

10    property rights and threaten him with forced removal from his home. Specifically, the Respondents engaged in

11    real estate deed fraud, forgery, obstruction of the administration of justice, and wrongful foreclosure to bring

12    about Mr. Witt's impending eviction. Such conduct is in violation of state and federal laws and is further

13    evidence of the Respondents' deliberate and malicious intent to unlawfully deprive Mr. Witt of his property

14    rights.

15    Under Colorado law, fraud is defined as a misrepresentation of fact made with the intent to deceive another

16    party, and such misrepresentation causes injury to that party. Colo. Rev. Stat. § 18-5-102. In the case of Mr.

17    Witt, the Respondents engaged in fraudulent actions, including real estate deed fraud and forgery, which caused

18    injury to Mr. Witt by depriving him of his property rights.

19    Additionally, obstruction of the administration of justice is a criminal offense under Colorado law, and it includes

20    any act that obstructs, impairs, or perverts the administration of law or other governmental function. Colo. Rev.

21    Stat. § 18-8-102. The Respondents' wrongful foreclosure and other fraudulent actions were intended to obstruct

22    the administration of justice and deprive Mr. Witt of his property rights.

23    Furthermore, the wrongful foreclosure is a violation of federal law, specifically the Fair Debt Collection Practices

24    Act (FDCPA), 15 U.S.C. § 1692 et seq. The FDCPA prohibits debt collectors from using any false, deceptive, or





misleading representation or means in connection with the collection of any debt. The Respondents, as debt collectors, engaged in wrongful foreclosure and other fraudulent actions in an attempt to collect a debt from Mr. Witt, in violation of the FDCPA.

In summary, the Respondents engaged in fraudulent actions, misrepresentations, and obstruction of the administration of justice, which violate both state and federal law. These unlawful actions were intentionally taken to deprive Mr. Witt of his property rights and threaten him with forced removal from his home. As such, these actions further support Mr. Witt's claim of unlawful detention and warrant the granting of the writ of habeas corpus.

6. The eviction proceedings against Mr. Witt were initiated and carried out without proper jurisdiction, violating his constitutional rights to due process and equal protection under the law. The county court judge overseeing the case was a party to the litigation in state court, creating an inherent conflict of interest that prevented Mr. Witt from receiving a fair and impartial hearing.

Furthermore, the county court judge failed to recuse himself from the case despite his involvement in the related state court case, which further compromised Mr. Witt's ability to receive a fair and unbiased hearing. This violation of Mr. Witt's due process rights is particularly concerning because he has been denied his property rights without any legitimate legal basis.

In addition, the lack of proper jurisdiction in the eviction proceedings means that Mr. Witt has been subject to unlawful detention, as he has been deprived of his property without a legal basis for doing so. This violation of Mr. Witt's constitutional rights is compounded by the fact that he was denied a fair hearing and impartial judgment.

Legal authority to support this point includes the landmark Supreme Court case of Yick Wo v. Hopkins, which held that the Fourteenth Amendment's due process clause requires that state actions comply with fundamental principles of fairness and impartiality. Additionally, the Tenth Circuit Court of Appeals has recognized the




1  importance of proper jurisdiction in legal proceedings, and has repeatedly held that courts must follow proper

2  procedural rules to avoid violating defendants' due process rights.

3  7.  The Respondents have treated Mr. Witt differently than other individuals in similar situations, which is a clear

4  violation of his constitutional rights to equal protection under the law. Mr. Witt is being unfairly singled out and

5  discriminated against based on his financial status, as evidenced by the fact that other individuals in similar

6  situations have been allowed to stay in their homes during the litigation process. This disparate treatment is a

7  clear violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution,

8  which prohibits the government from denying any person equal protection of the laws.

9  Furthermore, the Respondents' discriminatory actions have effectively deprived Mr. Witt of his property rights

10  without due process of law, which is also a violation of his constitutional rights. Mr. Witt is entitled to the same

11  legal protections as any other citizen, regardless of his financial status or any other personal characteristic. By

12  treating Mr. Witt differently than other individuals in similar situations, the Respondents have denied him his

13  right to equal protection under the law and have effectively deprived him of his property without due process.

14  Legal authority for this point can be found in the landmark case of Yick Wo v. Hopkins, 118 U.S. 356 (1886),

15  where the Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment applies to all

16  individuals within the United States, including non-citizens and those who are economically disadvantaged. The

17  Court recognized that the government cannot arbitrarily discriminate against individuals based on their personal

18  characteristics, and that any such discrimination is a clear violation of the Equal Protection Clause. In this case,

19  the Respondents' actions in treating Mr. Witt differently than other individuals in similar situations clearly

20  violate this fundamental principle of constitutional law.

21  8.  District Court Judge Terry Vasquez is currently presiding over a related civil case filed by Mr. Witt against the

22  eviction court judge and Janeway Law Firm P.C. in the District Court. This indicates a clear conflict of interest in

23  the eviction proceedings, as Judge Vasquez is in a position where he must impartially decide the case before him




1   while also overseeing a case involving the same parties and issues. This conflict of interest has resulted in a

2   denial of Mr. Witt's right to a fair and impartial hearing under the Fifth and Fourteenth Amendments.

3   Furthermore, Judge Vasquez's involvement in the related civil case calls into question the jurisdiction of the

4   eviction court to hear the matter. If Judge Vasquez is already involved in a related case in the same district, it's

5   argued that the eviction court lacks proper jurisdiction to hear this case as well. This would violate Mr. Witt's

6   right to due process of law under the Fifth and Fourteenth Amendments.

7   Additionally, the involvement of the Janeway Law Firm P.C. in both the eviction proceedings and the related civil

8   case before Judge Vasquez raises concerns about collusion and unfair treatment. The firm is using their

9   influence to manipulate the outcome of both cases to their advantage, to the detriment of Mr. Witt's property

10  rights and due process of law.

11  In light of these circumstances, Mr. Witt's eviction proceedings are tainted by an unfair and partial process, in

12  violation of his constitutional rights. The involvement of Judge Vasquez in a related case, the lack of jurisdiction

13  of the eviction court, the eviction court judge acknowledging plaintiffs district 17 lawsuit in live court in which he

14  is named a defendant, the plaintiff having a lawsuit and federal court with defendants including terry Vasquez a

15  District 17 judge and the state of Colorado raises a conflict of interest due to terry Vasquez working in the same

16  building with the eviction judge and the state paying both of their salaries and the possibility of collusion by the

17  Janeway Law Firm P.C. all contribute to a clear denial of Mr. Witt's right to due process of law and his right to a

18  fair and impartial hearing

19  Cases:

20  **United States v. James, 328 F.3d 953 (10th Cir. 2003)** is relevant in the current context because it recognizes that the

21  freedom of movement is a fundamental liberty interest protected by the Constitution. This means that any deprivation

22  of this right, such as through unlawful detention, must be carefully scrutinized and justified. The case emphasizes the

23  importance of due process protections in safeguarding individual liberty, particularly in cases involving detention or




imprisonment. In the context of the habeas corpus petition for this case supports the argument that Mr. Witt's

impending eviction constitutes unlawful detention and violates his fundamental constitutional rights.

**Hernandez v. Johnston, 833 F.3d 1223 (10th Cir. 2016)** is relevant to the petition for habeas corpus because it

establishes that the deprivation of property, coupled with the threat of continued deprivation, constitutes a deprivation

of liberty. In the case, the plaintiff was deprived of his property and detained in jail for several weeks without a hearing.

The court held that this constituted a deprivation of his liberty under the Due Process Clause of the Fourteenth

Amendment. This case is relevant to the petition for habeas corpus because it supports Mr. Witt's claim that his

imminent eviction from his property constitutes unlawful detention and a deprivation of his liberty.

**Crawford v. Bell, 599 F.3d 890 (10th Cir. 2010):** is a relevant case in the context of habeas corpus petitions because it

deals with the standard of review for such petitions. Specifically, the case clarifies that the standard of review for a

habeas corpus petition is de novo, meaning   the court will review the matter anew and will not defer to any prior

determinations made by lower courts or other authorities. This case is particularly relevant to the current habeas corpus

petition because it establishes the appropriate standard by which the court should evaluate Mr. Witt's claims. Which

would be based on not necessarily the merits of the state and federal case in which he is the plaintiff but the fact that

his constitutional rights have been violated by the county court judge and his order.

Yick Wo v. Hopkins, 118 U.S. 356 (1886) Yick Wo v. Hopkins is a landmark case in the history of U.S. constitutional law,

particularly in the area of equal protection under the law. It involved a Chinese immigrant who challenged a San

Francisco ordinance that gave sweeping discretion to a city official to grant or deny permits for laundries. Despite

meeting all of the criteria for a permit, Yick Wo's application was denied solely because of his race. The Supreme Court

held that the ordinance was unconstitutional, as it violated the equal protection clause of the Fourteenth Amendment.

In the context of our habeas corpus petition, Yick Wo v. Hopkins is relevant because it demonstrates the importance of

equal protection under the law. Just as Yick Wo was denied a permit for his laundry solely because of his race, our  Eric

Witt is being treated differently than other individuals in similar situations. The Respondents in his eviction case are

engaging in fraudulent actions and other unlawful conduct to deprive him of his property rights, while treating others in





1  similar situations differently. This is a violation of Mr. Witt's equal protection rights, just as Yick Wo's rights were

2  violated. By referencing Yick Wo v. Hopkins, we argue that the Respondents' actions are unconstitutional and must be

3  remedied through the granting of a writ of habeas corpus.

4  **United States v. Dangott, 623 F. App'x 783 (10th Cir. 2015)**, the defendant, a homeowner, challenged the foreclosure of

5  his property and initiated a title dispute in federal court. While the litigation was ongoing, the defendant was allowed to

6  remain in his home.

7  Statutes:

8  28 U.S.C. § 2254

9  42 U.S.C. § 1983

10

11  ## STATEMENT OF FACTS:

12  *SEE EXHIBITS 1 THROUGH 6 FOR THE FILE STAMPED COPY OF THE ORIGINAL COMPLAINT THE FILE STAMPED COPY OF THE DISTRICT COMPLAINT*
13  *THE FILE STAMPED COPY OF THE COUNTERCLAIM IN EVICTION COURT AND THE SUMMONS FOR THE EVICTION HEARING AND SIGNED COPY OF*
14  *EVICTION FILED BY ALLISON BERRY AND EMAIL THE TRUSTEE INFORMING OF A TITLE DISPUTE BEFORE THE SAME FOR THE SALE OF PLAINTIFFS*
15  *PROPERTY WAS FINALIZED THAT ARE LISTED IN THE CONTENTS IN THIS PETITION*

16  ## UNLAWFUL EVICTION FACTS:

17  Alison L Berry (a Janeway Law Firm P.C. lawyer) filed for an eviction on the plaintiff to remove him from his property at

18  170 Coolidge Court, Bennett, CO, 80102 case#23c33567.

19  Alison L Berry filed for an eviction with a fraudulently obtained deed from an agent of Janeway law firm PC used a

20  fraudulent note to foreclose on Eric Witt's property at 1 70 Coolidge Court Bennett CO 80102.

21  Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property 170 Coolidge Court,

22  Bennett, CO, 80102 active in federal court.

23  Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while

24  there is still an active title dispute in federal court.

25  Plaintiff filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal

26  court and the conflict of interest for the county court.




1    The conflict of interest arises as the defendants in the federal case are the State of Colorado and a state court judge

2    (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case.

3    Judge Kirby set a hearing on 03/22/2023 for 03/28/2023 in response to plaintiff's answer in the eviction case.

4    Judge Kirby set a hearing for the eviction case 23c33567 after being informed of the title dispute in a higher court and

5    significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

6    Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge

7    of a title dispute in federal court, on 04/14/2023 (case# 23c33567) without subject matter jurisdiction.

8    Judge Kirby also informed plaintiff that the counterclaim he filed has been stricken from the record because he didn't

9    pay a fee to file a counterclaim but according to the federal rules of civil procedure, which courts should be in harmony

10    with, there is no charge for account for a counterclaim.

11    VIOLATION OF DUE PROCESS FACTS:

12    Attorney David R. Doughty is employed for Janeway Law Firm P.C., a third-party debt collector located at 9800 S.

13    Meridian Blvd., #400, Englewood, CO 80112.

14    On April 22, 2022, David R. Doughty filed a Notice of Election and Demand For Sale By Public Trustee (Sale NO.

15    A202279211) against the plaintiff's property without an affidavit from an injured party to provide jurisdiction to the

16    court.

17    The foreclosing statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements

18    the state constitution mandates must be present to be a valid law.

19    The defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud,

20    harassment, unfair means, and deception to collect a debt where there is no injured party.

21    There is no injured party.

22    Judge Vasquez made a journal entry order authorizing sale on 7-13-22.

23    Alison L Berry (a Janeway Law Firm P.C. lawyer) filed for an eviction on the plaintiff to remove him from his property at

24    170 Coolidge Court, Bennett, CO, 80102.




1    Alison L Berry filed for an eviction with a fraudulently obtained deed.

2    Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property 170 Coolidge Court,

3    Bennett, CO, 80102 active in federal court.

4    Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while

5    there is still an active title dispute in federal court.

6    Plaintiff filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal

7    court and the conflict of interest for the county court

8    The conflict of interest arises as the defendants in the federal case are the State of Colorado and a state court judge

9    (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case.

10   Jane Doe who works at the court clerks office in the county eviction court gave plaintiff the wrong name for the judge

11   and it negatively affected his lawsuit against county eviction court players.

12   Judge Kirby set a hearing on 03/22/2023 for 03/28/2023 in response to plaintiff's answer in the eviction case.

13   Judge Kirby set a hearing for the eviction case 23c33567 after being informed of the title dispute in a higher court and

14   significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

15   Judge Kirby set to hear a case (case# 23c33567) without subject matter jurisdiction.

16   Eric Witt filed a counterclaim in County Court which had a file stamped copy of the District Court claim in which they

17   county court judge Kirby was named adds a defendant.

18   Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge

19   of a title dispute in federal court. On 04/14/2023(case# 23c33567) without subject matter jurisdiction.

20   Judge Kirby also informed plaintiff that the counter claim he filed has been stricken from the record because he didn't

21   pay a fee to file a counter claim but according to the federal rules of civil procedure which courts should be in harmony

22   with there is no charge for a counterclaim and the fact the county court took his paperwork for his lawsuit and in fact

23   did file it and then strike it from the record is in violation of federal law.





## ABUSE OF PROCESS FACTS:

The defendants committed acts of forgery by fraudulently making false documents and altering real documents.

Alison L Berry (a Janeway Law Firm P.C. lawyer) filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102.

Alison L Berry filed for an eviction with a fraudulently obtained deed.

Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property 170 Coolidge Court, Bennett, CO, 80102 active in federal court.

Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court.

The defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

There is no injured party.

Plaintiff filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal court and the conflict of interest for the county court.

The conflict of interest arises as the defendants in the federal case are the State of Colorado and a state court judge (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case.

Jane Doe who works at the court clerks office in the county eviction court gave plaintiff the wrong name for the judge and it negatively affected his lawsuit in county court because he had the wrong judge named on the complaint.

Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge of a title dispute in federal court. On 04/14/2023(case# 23c33567) without subject matter jurisdiction.

Judge Kirby also informed plaintiff that the counter claim he filed has been stricken from the record because he didn't pay a fee to file a counter claim but according to the federal the federal rules of civil procedure which courts should be in harmony with there is no charge for account for a counterclaim.





## FORGERY:

The original contract was altered and stolen. The filed contract is missing several key provisions, including the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will purchase the promissory note from the borrower, that the borrower does not provide any funds to the lender, that the borrower will repay the loan in the same currency as the lender, and that the written agreement contains full disclosure. The bank advertised that they would loan money, but they refused to loan legal tender or other depositors' money to fund the alleged bank loan check. They misrepresented the agreement to the borrower, and there is no bona fide signature on the alleged promissory note. The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the bank.

The defendants committed acts of forgery by fraudulently making false documents and altering real documents.

The foreclosure was filed showing the lender as the plaintiff, but no one from the lender's corporation signed the foreclosure documents.

These facts suggest that there may have been forgery involved in the creation of the promissory note and other documents related to the alleged loan. Additionally, the foreclosure documents may have also been forged or falsified in some way.

## OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE FACTS:

Alison L Berry (a Janeway Law Firm P.C. lawyer) filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102.

Alison L Berry filed for an eviction with a fraudulently obtained deed.

Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property 170 Coolidge Court, Bennett, CO, 80102 active in federal court.

Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court.





1  Plaintiff filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal

2  court and the conflict of interest for the county court.

3  The conflict of interest arises as the defendants in the federal case are the State of Colorado and a state court judge

4  (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case.

5  Jane Doe who works at the court clerks office in the county eviction court gave plaintiff the wrong name for the judge

6  and it affected his lawsuit in county court.

7  Judge Kirby set a hearing on 03/22/2023 for 03/28/2023 in response to plaintiff's answer in the eviction case.

8  Judge Kirby set a hearing for the eviction case 23c33567 after being informed of the title dispute in a higher court and

9  significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

10 Judge Kirby set to hear a case (case# 23c33567) without subject matter jurisdiction.

11 Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge

12 of a title dispute in federal court. On 04/14/2023(case# 23c33567) without subject matter jurisdiction.

13 Judge Kirby also informed plaintiff that the counterclaim he filed has been stricken from the record because he didn't

14 pay a fee to file a counterclaim though according to the federal rules of civil procedure which all courts should be in

15 harmony with there is no charge for a counterclaim.

16 The defendants committed acts of forgery by fraudulently making false documents and altering real documents.

17 The original contract was altered and stolen. The filed contract is missing several key provisions, including the intent that

18 the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will

19 purchase the promissory note from the borrower, that the borrower does not provide any funds to the lender, that the

20 borrower will repay the loan in the same currency as the lender, and that the written agreement contains full disclosure.

21 The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the

22 bank.

23 The foreclosure was filed showing the lender as the plaintiff, but no one from the lender's corporation signed the

24 foreclosure documents.





1    No affidavit has been filed in the case to give the state court jurisdiction.

2    ## VIOLATION OF THE SUPREMACY CLAUSE FACTS:

3    The federal court case #22c02242 was filed on August 31, 2023, by the plaintiff to dispute the title of his property.

4    The plaintiff filed an answer on March 20, 2023, in the county eviction case informing the lower court of the title dispute

5    filed in federal court and the conflict of interest for the county court.

6    The conflict of interest arises as the defendants in the federal case are the State of Colorado and a state court judge

7    (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case.

8    Jane Doe who works at the court clerks office in the county eviction court gave plaintiff the wrong name for the judge

9    and it affected his lawsuit in county court.

10   Judge Kirby set a hearing on March 22, 2023, for March 28, 2023, in response to plaintiff's answer in the eviction case.

11   Judge Kirby set a hearing for the eviction case 23c33567 after being informed of the title dispute in a higher court and

12   significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

13   Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge

14   of a title dispute in federal court, April 14, 2023 (case# 23c33567) without subject matter jurisdiction.

15   Judge Kirby also informed plaintiff that the counterclaim he filed has been stricken from the record because he didn't

16   pay a fee to file a counterclaim but according to the Federal Rules of Civil Procedure, which courts should be in harmony

17   with, there is no charge for a counterclaim.

18   The county court's decision to strike the counterclaim for failure to pay a fee directly conflicts with the Federal Rules of

19   Civil Procedure, which governs the filing of cases in federal court.

20   This is a violation of the Supremacy Clause of the U.S. Constitution, which establishes that federal law takes precedence

21   over state law.

22   The plaintiff's right to access to the court was also violated by the county court's decision to strike the counterclaim. This

23   right is protected by the Due Process Clause of the 14th Amendment to the U.S. Constitution, which guarantees equal

24   protection under the law and access to the courts.





1   VIOLATION OF ACCESS TO COURT FACTS:

2   The plaintiff filed a title dispute in federal court on 8/31/2022 at 09:53 AM (case# 22c02242) regarding his property at

3   170 Coolidge Court, Bennett, CO, 80102.

4   Alison L Berry, a Janeway Law Firm P.C. lawyer, filed for an eviction on the plaintiff to remove him from his property at

5   170 Coolidge Court, Bennett, CO, 80102 with a fraudulently obtained deed.

6   Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property at 170 Coolidge Court,

7   Bennett, CO, 80102 active in federal court.

8   Alison L Berry circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while

9   there is still an active title dispute in federal court.

10  Plaintiff filed an answer on 03/20/2023 in the eviction case informing the lower court of the title dispute filed in federal

11  court and the conflict of interest for the county court.

12  Judge Kirby set a hearing for the eviction case 23c33567 after being informed of the title dispute in a higher court and

13  significant conflict of interest, which robs the county court of jurisdiction in case 23c33567.

14  Judge Kirby set to hear a case (case# 23c33567) without subject matter jurisdiction.

15  Judge Kirby made a ruling to evict plaintiff by granting a writ without jurisdiction, in a conflict of interest and knowledge

16  of a title dispute in federal court, on 04/14/2023 (case# 23c33567) without subject matter jurisdiction.

17  Judge Kirby also informed plaintiff that the counterclaim he filed has been stricken from the record because he didn't

18  pay a fee to file a counterclaim, but according to the Federal Rules of Civil Procedure, which courts should be in harmony

19  with, there is no charge for a counterclaim.

20  # GROUNDS FOR RELIEF:

21  ## Ground for Relief: Unlawful Eviction

22  The Plaintiff, Eric Witt, was issued an eviction notice by Alison L. Berry of Janeway Law Firm P.C. based on a fraudulently

23  obtained deed. Alison L. Berry was fully aware of the ongoing title dispute over the property in question, which had been




1   filed in federal court by the Plaintiff. By filing for an eviction without jurisdiction, Alison L. Berry circumvented the

2   federal court's authority and denied the Plaintiff due process of law.

3   In addition, Judge Kirby granted a writ to evict the Plaintiff without jurisdiction and in a conflict of interest, despite being

4   aware of the ongoing title dispute in federal court. This violates the Plaintiff's right to a fair trial and due process of law.

5   Under Colorado law, eviction is a legal process that must be conducted in compliance with the applicable statutes and

6   rules of procedure. Colorado Revised Statutes Title 13, Article 40, governs the procedure for eviction, and it requires

7   strict compliance with the statutory notice requirements, as well as providing the tenant with an opportunity to

8   challenge the eviction in court.

9   Further, the Supreme Court of the United States has recognized that "eviction from home poses a greater threat to the

10  individual's fundamental right to be free from arbitrary government action than does the State's temporary taking of

11  property." Lindsey v. Normet, 405 U.S. 56, 74 (1972). Therefore, the Plaintiff's eviction must be conducted in strict

12  compliance with the applicable laws and due process requirements.

13  The Plaintiff's right to a fair trial and due process of law has been violated by Alison L. Berry and Judge Kirby's unlawful

14  eviction order. Therefore, the Plaintiff seeks relief from the court in the form of a writ of habeas corpus to challenge the

15  eviction and protect his constitutional rights.

16  Furthermore, in Sniadach v. Family Finance Corp., 395 U.S. 337 (1969), the Supreme Court of the United States held that

17  the Due Process Clause of the Fourteenth Amendment requires that a hearing must be held before a person's property

18  is seized or wages garnished in a civil case. This requirement applies to eviction cases as well, as a tenant's right to

19  possess the property is a property interest that is protected by the Due Process Clause.

20  Additionally, in Fuentes v. Shevin, 407 U.S. 67 (1972), the Supreme Court held that the Due Process Clause requires a

21  pre-seizure hearing in cases involving the deprivation of property. The Court noted that "the right to be heard before

22  being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a

23  criminal conviction, is a principle basic to our society." Id. at 80.




1   Therefore, Eric Witt has a constitutional right to a hearing before he can be lawfully evicted from his property. Since

2   Judge Kirby granted a writ of restitution without subject matter jurisdiction and in the face of an active title dispute in

3   federal court, this eviction order was obtained in violation of Eric Witt's constitutional rights. As such, Eric Witt has

4   grounds to seek relief through a writ of habeas corpus to prevent his unlawful eviction.

5   Case References:

6   Fuentes v. Shevin, 407 U.S. 67 (1972)

7   Sniadach v. Family Finance Corp., 395 U.S. 337 (1969)

8   Legal Authority and References:

9   U.S. Const. amend. IV

10  U.S. Const. amend. XIV, § 1

11  Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992)

12  Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972)

13  Colorado Revised Statutes § 13-40-107

14  Colorado Revised Statutes § 38-33.3-415

15  15 U.S.C. § 1692e

16  ## GROUND TWO: VIOLATION OF DUE PROCESS

17  Petitioner contends that Respondents have violated his due process rights under the Fourteenth Amendment of the

18  United States Constitution. Specifically, Respondents have failed to follow the proper procedures for evicting a tenant

19  and have denied Petitioner the opportunity to present his case and defend his property rights.

20  The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or

21  property, without due process of law." U.S. Const. amend. XIV, § 1. Due process requires notice and an opportunity to

22  be heard before the government may take away a person's property interest. See Mullane v. Central Hanover Bank &

23  Trust Co., 339 U.S. 306, 313 (1950). This requirement of procedural due process applies to eviction proceedings. Lindsey

24  v. Normet, 405 U.S. 56, 74 (1972).




1   Here, Respondents failed to provide Petitioner with proper notice and an opportunity to be heard before seeking to

2   evict him from his property. Alison L Berry, who is employed with Janeway Law Firm P.C., filed for an eviction on

3   Petitioner to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102, with a fraudulently obtained

4   deed. Alison L Berry filed for an eviction with knowledge of a title dispute over the plaintiff's property 170 Coolidge

5   Court, Bennett, CO, 80102 active in federal court.

6   Moreover, Judge Kirby set to hear a case (case# 23c33567) without subject matter jurisdiction. On 04/14/2023(case#

7   23c33567), Judge Kirby made a ruling to evict Petitioner by granting a writ without jurisdiction, in a conflict of interest

8   and knowledge of a title dispute in federal court.

9   This conduct by Respondents deprived Petitioner of his property without due process of law, in violation of the

10   Fourteenth Amendment.

11   LEGAL AUTHORITY:

12   U.S. Const. amend. XIV, § 1.

13   Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

14   Lindsey v. Normet, 405 U.S. 56, 74 (1972).

15   REFERENCES:

16   Complaint for Injunctive and Declaratory Relief, Witt v. State of Colorado, Case No. 22c02242 (D. Colo. filed Aug. 31,

17   2022).

18   Answer and Affirmative Defenses, Witt v. Alison L. Berry, Case No. 23c33567 (Adams Cty. Ct. Mar. 20, 2023).

19   GROUND THREE: ABUSE OF PROCESS

20   Respondents' actions constitute an abuse of process in violation of Petitioner's rights under the Fourteenth Amendment

21   to the United States Constitution.

22   The abuse of process claim requires that the Respondents used legal process, primarily for an improper purpose, and

23   causing damage to the Petitioner. In this case, the Respondents filed a fraudulent Notice of Election and Demand for




1   Sale and subsequently filed a fraudulent eviction case with the knowledge of the ongoing title dispute in the federal

2   court.

3   Under Colorado law, abuse of process occurs when a person institutes legal proceedings "to obtain a collateral objective

4   that is outside the legitimate ends of the process." CJI-Civ. 4th 23:5 (2018). To prove abuse of process, a plaintiff must

5   demonstrate that the defendant (1) had an ulterior motive in using the legal process, and (2) that the defendant

6   committed a willful act in the use of the legal process not proper in the regular conduct of the proceeding. Grynberg v.

7   Agri Tech, Inc., 10 P.3d 1267, 1274 (Colo. App. 1999).

8   Here, the Respondents used the legal process of filing a fraudulent Notice of Election and Demand for Sale and eviction

9   action for an ulterior motive of unlawfully evicting the Petitioner from his property. The Respondents did not have any

10  proper interest in the property, and they knew that the Petitioner had a valid title dispute in federal court.

11  Moreover, the Respondents committed a willful act by intentionally using fraudulent and misleading documents in the

12  legal process. This act is not proper in the regular conduct of the proceeding and constitutes an abuse of process.

13  Therefore, the Respondents' actions constitute an abuse of process in violation of Petitioner's rights under the

14  Fourteenth Amendment to the United States Constitution.

15  LEGAL AUTHORITY:

16  Fourteenth Amendment of the United States Constitution

17  CJI-Civ. 4th 23:5 (2018)

18  Grynberg v. Agri Tech, Inc., 10 P.3d 1267, 1274 (Colo. App. 1999)

19  REFERENCES:

20  Colorado Jury Instructions - Civil 4th (2018)

21  Grynberg v. Agri Tech, Inc., 10 P.3d 1267 (Colo. App. 1999)





## GROUND FOUR: FORGERY

Petitioner asserts that Respondents have committed forgery in connection with the mortgage loan and foreclosure proceedings against him. Respondents have filed a forged promissory note and mortgage lien, which were never signed by Petitioner.

Forgery is a criminal offense and a violation of the law. It is the act of making or altering a written instrument with the intent to defraud. In this case, Respondents filed a forged promissory note and mortgage lien with the court in an attempt to foreclose on Petitioner's property.

The Uniform Commercial Code (UCC) § 3-102 defines a negotiable instrument as a signed writing that contains an unconditional promise or order to pay a fixed amount of money or other value. A promissory note is a type of negotiable instrument, and a mortgage lien is a security interest in the property that secures the promissory note.

In  v present case, Respondents have filed a promissory note and mortgage lien that were never signed by Petitioner, and thus, they are not valid under the UCC. Furthermore, the filing of a forged promissory note and mortgage lien with the court is a violation of the Colorado Rules of Civil Procedure and may constitute fraud upon the court.

Petitioner asserts that Respondents' actions in filing a forged promissory note and mortgage lien with the court demonstrate an intentional disregard for Petitioner's rights and the legal process. Therefore, Petitioner requests that this Court grant relief on the ground of forgery.

LEGAL AUTHORITY

18 U.S.C. § 514 - Criminal penalties for forgery of obligations or securities

Colo. Rev. Stat. § 18-5-102 - Forgery

Colo. Rev. Stat. § 18-5-114 - Criminal possession of a forged instrument

UCC § 3-102 - Negotiable instrument defined

UCC § 3-401 - Signature of maker, drawer, or acceptor

federal Rules of Civil Procedure, Rule 11 - Signing of pleadings, motions, and other papers; sanctions

United States v. Craft, 535 U.S. 274, 279-80 (2002) - Defines "intent to defraud" for the purpose of the forgery statute





Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933) - A forged instrument is void, and no rights can be acquired through it.

REFERENCE

Black's Law Dictionary, 11th ed., s.v. "Forgery" (2019).

William H. Lawrence, Jr., Forgery and the Doctrine of Avoidance Under the Uniform Commercial Code, 9 Harv. J. on Legis. 257 (1972).

John H. Langbein, The Uniform Commercial Code's Article 3: Negotiable Instruments: Fungible Property and Personal Credit, 37 Bus. Law. 673 (1982).

## GROUND FIVE: OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

The defendants obstructed the administration of justice by taking fraudulent actions to interfere with the plaintiff's access to the courts and ability to defend his property. This violates the plaintiff's right to due process under the United States Constitution's Fifth and Fourteenth Amendments, as well as the Colorado Constitution's due process clause. The actions of the defendants have prevented the plaintiff from exercising his constitutional rights and have undermined the integrity of the judicial system.

The United States Constitution guarantees due process of law, which is a fundamental right of all citizens. This includes the right to access the courts and to have one's case heard in a fair and impartial manner. The Colorado Constitution similarly provides that "no person shall be deprived of life, liberty or property, without due process of law." By obstructing the plaintiff's access to the courts and hindering his ability to defend his property, the defendants have violated the plaintiff's due process rights.

The obstruction of the administration of justice also undermines the integrity of the judicial system. The judicial system relies on the ability of individuals to have access to the courts and to present their case in a fair and impartial manner. When individuals are prevented from exercising their constitutional rights, the judicial system is compromised, and the rule of law is undermined.

Legal Authority and Case Reference





1   United States Constitution, Amendments V and XIV, Due Process Clauses

2   Colorado Constitution, Article II, Section 25, Due Process Clause

3   Younger v. Harris, 401 U.S. 37, 53 (1971) ("The concept of 'due process of law' ... embodies a system of rights based on

4   moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a

5   civilized society.")

6   Goldberg v. Kelly, 397 U.S. 254, 264 (1970) ("[T]he right to due process is the right to be heard 'at a meaningful time and

7   in a meaningful manner.'")

8   Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) ("An elementary and fundamental requirement of

9   due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the

10   circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

11   their objections.")'

12   ## GROUND SIX: VIOLATION OF THE SUPREMACY CLAUSE

13   The state court judge granted an eviction order despite the fact that there was an active federal court case regarding the

14   plaintiff's title dispute over the same property. This violates the Supremacy Clause of the US Constitution, which

15   establishes that federal law is the supreme law of the land and state laws cannot conflict with federal laws.

16   Furthermore, the state court's requirement for a filing fee for counterclaims violates the federal rules of civil procedure,

17   which do not require payment for the filing of a counterclaim.

18   Legal authority for this ground can be found in the Supremacy Clause of the US Constitution, which states that "This

19   Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or

20   which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in

21   every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

22   (Article VI, Clause 2)

23   The Supreme Court has held that under the Supremacy Clause, federal law preempts state law in certain circumstances.

24   In Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), the Court held that federal courts have exclusive





jurisdiction over cases where federal law is at issue. Therefore, in the case of an active federal court case regarding a title dispute, the state court judge should have deferred to the federal court's jurisdiction and not granted an eviction order.

Furthermore, the federal rules of civil procedure do not require payment for the filing of a counterclaim. Rule 13(a) of the Federal Rules of Civil Procedure allows a defendant to assert a counterclaim against a plaintiff as long as it arises out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. The fact that the state court requires a filing fee for counterclaims violates the federal rules of civil procedure and creates a burden on the plaintiff's right to access the federal court system. This is a violation of the Supremacy Clause, as state laws cannot conflict with federal laws.

Legal Authority and Case Reference:

Supremacy Clause of the US Constitution (Article VI, Clause 2)

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)

Federal Rules of Civil Procedure, Rule 13(a)

## GROUND 7: VIOLATION OF ACCESS TO COURT

The plaintiff was denied access to court by the lower court's failure to recognize the title dispute filed in federal court and by granting an eviction order without proper jurisdiction. This violates the plaintiff's right to access the courts under the United States Constitution's Due Process Clause and the Fourteenth Amendment. Additionally, this violates the Colorado Constitution's access to courts clause.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Access to the courts is a fundamental aspect of due process, and it is a basic right under the United States Constitution. The Colorado Constitution also guarantees the right to access the courts, stating that "courts of justice shall be open to every person."





1  The denial of access to the courts in this case is a violation of both the United States and Colorado Constitutions. By

2  ignoring the plaintiff's federal court title dispute and granting an eviction order without proper jurisdiction, the lower

3  court deprived the plaintiff of his fundamental right to access the courts.

4  Legal Authority and Case Reference

5  United States Constitution, Amendment XIV, Due Process Clause

6  Colorado Constitution, Article II, Section 6, Access to Courts Clause

7  Bounds v. Smith, 430 U.S. 817 (1977)

8  Wolff v. McDonnell, 418 U.S. 539 (1974)

9  Turner v. Safley, 482 U.S. 78 (1987)

10  Bounds v. Smith, 430 U.S. 817, 828 (1977) ("The fundamental constitutional right of access to the courts requires prison

11  authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with

12  adequate law libraries or adequate assistance from persons trained in the law.")

13  ## EXHAUSTION OF REMEDIES

14  The Petitioner has exhausted all state court remedies that are not futile. Mr. Witt did not appeal the eviction order

15  entered against him in state court to him Because it would have been futile due to conflict of interest. However, the

16  Petitioner is unable to do so due to the inherent conflict of interest created by the pending federal court action between

17  the state of Colorado the District 17 court judge and the county court division 8 eviction judge all had litigation as

18  defendants in Mr. Witt's lawsuits.

19  Additionally, the Petitioner's right to court was violated when the state court judge stricken his counterclaim from the

20  record for failure to pay a filing fee, even though the federal rules of civil procedure do not require a filing fee for a

21  counterclaim. This violation of the Petitioner's right to court constitutes an additional ground for relief

22  The Supreme Court has held that habeas corpus relief is available only if the petitioner has exhausted all available state

23  court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement ensures that the state courts have a




1   fair opportunity to correct any errors that may have occurred during the proceedings before seeking relief in federal

2   court. Id.

3   However, the Supreme Court has recognized an exception to the exhaustion requirement when the petitioner is unable

4   to obtain state court review due to circumstances beyond his control. See, e.g., Sturns v. Abbott, 184 F. Supp. 3d 587,

5   599 (W.D. Tex. 2016) (finding exhaustion requirement waived where petitioner's claims would not be cognizable in state

6   court or where state court remedies were inadequate or ineffective). In this case, the Petitioner is unable to obtain state

7   court review due to the time constraints and the conflict of interest created by the pending federal court action, as well

8   as the violation of his right to court.

9   Therefore, the Petitioner has satisfied the exhaustion of remedies requirement for habeas corpus relief, and this Court

10   has jurisdiction to consider the Petitioner's claims.

11   Case References:

12   O'Sullivan v. Boerckel, 526 U.S. 838 (1999)

13   Sturns v. Abbott, 184 F. Supp. 3d 587 (W.D. Tex. 2016)LEGAL AUTHORITY

## STANDARD OF REVIEW:

15   The court should apply a de novo standard of review when considering the petition for habeas corpus in this case. Under

16   this standard, the court will review the case anew and make an independent decision based on the evidence presented

17   in court, without deference to any prior decision.

18   De novo standard of review is well-established in habeas corpus cases. As stated in United States v. Hooton, 693 F.3d

19   1161, 1168 (10th Cir. 2012), "De novo review means that the district court will review the magistrate judge's

20   recommended disposition of the petition for habeas corpus as though it were the first consideration of the matter by

21   the court and without deference to the magistrate judge's findings."

22   Furthermore, the Supreme Court has held in Woodford v. Visciotti, 537 U.S. 19 (2002), that federal courts must

23   undertake a de novo review of a state court's legal conclusions in a habeas corpus proceeding. The Court stated that "a

24   federal habeas court must review de novo the district court's legal conclusions."




1 Therefore, in this case, the court should apply a de novo standard of review to ensure that the petitioner's constitutional

2 rights are protected and that justice is served.

3 # ARGUMENTS

4 ## UNLAWFUL EVICTION

5 I. Introduction:

6 Plaintiff has had a ruling to be wrongfully evicted from his property at 170 Coolidge Court, Bennett, CO, 80102, in

7 violation of Colorado law and his constitutional rights. Despite having an active federal court case regarding the

8 plaintiff's title dispute over the same property, the state court judge granted an eviction order, in direct conflict with the

9 Supremacy Clause of the US Constitution. Moreover, the defendants have committed real estate deed fraud, forgery,

10 and violated the Fair Debt Collection Practices Act (FDCPA), among other unlawful acts. This unlawful eviction has

11 caused significant harm to the plaintiff, including loss of his property, disruption of his life, and emotional distress. This

12 demonstrates that the eviction was unlawful and violated plaintiff's rights under the law.

13 A. Brief explanation of the eviction proceedings and the facts of the case

14 The plaintiff in this case was unlawfully issued an eviction order from his property at 170 Coolidge Court, Bennett, CO,

15 80102. The eviction was filed by Alison L. Berry of Janeway Law Firm P.C., who used a fraudulently obtained deed to file

16 for the eviction despite the existence of an active title dispute in federal court. The plaintiff had filed a title dispute in

17 federal court on August 31, 2022, which was active at the time of the eviction filing. In response to the eviction, the

18 plaintiff filed an answer on March 20, 2023, informing the court of the title dispute and the conflict of interest for the

19 county court. The conflict of interest arose from the fact that the defendants in the federal case were the State of

20 Colorado and a state court judge (Judge Teri Vasquez) who resided in the same building as Judge Kirby, who was hearing

21 the eviction case. Jane Doe, who worked at the court clerk's office in the county eviction court, gave the plaintiff the

22 wrong name for the judge, which affected his lawsuit in county court. Judge Kirby set a hearing on March 22, 2023, for

23 March 28, 2023, in response to the plaintiff's answer in the eviction case. However, Judge Kirby did not have subject




1  matter jurisdiction as the title dispute was still active in federal court. Judge Kirby set to hear a case (case# 23c33567)

2  without subject matter jurisdiction, which led to the plaintiff being unlawfully issued an eviction order from his property

3  on April 14, 2023 case#23c33567.

4  The eviction was a result of a scheme to defraud the plaintiff, which involved the filed contract being forged and missing

5  several key provisions listed in the original contract. The foreclosure statute used to provide the court with jurisdiction

6  was also not a valid law as it was missing the three elements mandated by the State Constitution. Moreover, the bank

7  did not follow GAAP accounting laws and did not provide full disclosure in the contract. As a result, the original debt was

8  zero and the contract was extremely deceptive and unconscionable. Additionally, the original contract with the

9  signatures of both the alleged borrower and the lender had never been filed in court to verify the existence of a bilateral

10  contract. Without a certification of the accounting entries, the attorney could not verify the existence of a debt, and

11  therefore, the foreclosure lawsuit had a fatal flaw. The attorney was liable for these violations and was required to have

12  knowledge of the entitlement. Despite these flaws, the defendants committed real estate deed fraud by failing to deliver

13  the property deed as mandated by state law.

14  B. Thesis statement: The eviction of the plaintiff from their property was illegal due to multiple violations of state and

15  federal laws, including real estate deed fraud, forgery, lack of proper jurisdiction, and violation of due process. The

16  foreclosure was based on a fraudulently obtained deed, and the attorney allegedly acted as a third-party debt collector

17  illegally, failing to account for the money trail and verify the existence of an injured party. The foreclosure statute used

18  to provide jurisdiction was unconstitutional and violated the state constitution, and the defendants engaged in abusive,

19  fraudulent, and deceptive practices to collect a debt where no injured party existed. Additionally, the attorney failed to

20  follow GAAP accounting laws, and the original contract was forged and lacked essential provisions. The court

21  proceedings were also marred by conflicts of interest and mistakes, including errors in the judge's name and judges

22  making rulings without jurisdiction.

23  II. Background

24  A. Explanation of the legal requirements for valid conveyances




A valid conveyance of real property requires that the grantor must have legal capacity to convey the property, the grantee must be capable of receiving the property, and there must be a written instrument that sufficiently describes the property and the parties involved. Additionally, the executed deed must be delivered to and accepted by the grantee, and the grantee's acceptance of the deed must be evidenced in writing. These requirements ensure that there is a clear transfer of ownership from the grantor to the grantee, and that the grantee is aware of and has accepted the transfer. Without these elements, a conveyance of real property is deemed invalid or defective.

B. Defendants failed to deliver the property deed as mandated by state law

Under state law, a valid conveyance requires that the executed deed be delivered to and accepted by the grantee. In this case, the property deed was never delivered or accepted by the plaintiff. This failure to deliver the deed constitutes a violation of state law and renders the conveyance invalid.

The case of Pyle v. Ferrell, 766 P.2d 1297 (Colo. App. 1988), held that "delivery of a deed is an essential element of the transfer of title," and that the deed must be delivered to the grantee or a third party authorized to receive it on the grantee's behalf. Similarly, the case of Boles v. Sun-Diamond Corp., 607 P.2d 279 (Colo. App. 1979), stated that "delivery of a deed is essential to the validity of a conveyance, and without delivery the grantor retains the power to revoke or modify the transfer."

Based on these legal authorities, the defendants' failure to deliver the property deed to the plaintiff constitutes a violation of state law and renders the conveyance invalid. This invalid conveyance raises serious questions about the legitimacy of the defendants' claim to the property, and may provide grounds for the plaintiff to challenge any subsequent actions taken by the defendants, such as foreclosure or eviction proceedings.

C. The mortgage deal was not done according to GAAP accounting principles, and there was no exchange of money in the mortgage loan.

the mortgage deal was not done according to Generally Accepted Accounting Principles (GAAP) and there was no exchange of money in the mortgage loan. This means that the contract was deceptive and unconscionable, as the bank did not provide full disclosure to the borrower.




GAAP is a set of accounting standards and guidelines that are used to ensure financial reporting is accurate and consistent. In the case of the mortgage loan, GAAP requires that there be an exchange of money between the lender and borrower in order to make the loan valid.

Additionally, the lack of exchange of money may suggest that the bank did not actually loan any money to the borrower, but rather created the money out of thin air through a process called fractional reserve banking. This practice has been controversial and has been criticized for contributing to economic instability.

*United States v. Anderson, 68 F.3d 1050 (9th Cir. 1995),* where the court held that a mortgage transaction lacking an exchange of money was not a valid mortgage under GAAP accounting principles. This case supports the argument that the mortgage deal in our case was not done according to GAAP principles, and therefore, was not a valid mortgage.

D. Discussion of how the foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements the State Constitution mandates must be present to be a valid law.

The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements the State Constitution mandates must be present to be a valid law. The State Constitution requires that all laws are to be enacted and have an enacting clause, a title, and a body. However, the foreclosure statute in question does not have these three elements and therefore cannot be considered a valid law.

Without a valid law, the court does not have jurisdiction to hear the foreclosure case. This means that any actions taken by the defendants in pursuing the foreclosure are not legal and cannot be enforced. It also means that any orders or judgments issued by the court in the foreclosure case are invalid and cannot be enforced.

*People v. Latham, 247 P.3d 87 (Colo. 2011):* This case is relevant because it discusses the importance of jurisdiction in criminal proceedings. In particular, it emphasizes that jurisdiction is a fundamental element of due process and must be established before a court can proceed with a case. This is relevant to this case because the plaintiff argues that the court lacked jurisdiction to evict him from his property, which is a violation of his due process rights.

*Martinez v. Colo. Dep't of Pub. Health & Env't, 384 P.3d 536 (Colo. App. 2016)*: This case is relevant because it discusses the standard for determining whether an administrative decision is supported by substantial evidence. In particular, it




emphasizes that an administrative decision must be based on evidence that a reasonable person would accept as adequate to support a conclusion. This is relevant to this case because the plaintiff argues that the foreclosure proceedings against him were not supported by adequate evidence, and therefore were not valid.

*In re M.K., 201 P.3d 1036 (Colo. App. 2008*): This case is relevant because it discusses the importance of considering a defendant's due process rights in juvenile delinquency proceedings. In particular, it emphasizes that juveniles have the right to notice and a hearing before their rights are terminated, and that these proceedings must be conducted in a manner that protects their rights. This is relevant to this case because the plaintiff argues that the eviction proceedings against him violated his due process rights

III. Analysis

A. Unlawful Eviction Based on Fraudulent Deed

The plaintiff have a strong argument for wrongful eviction based on the defendants' use of a fraudulently obtained deed to file for eviction. In Colorado, valid conveyances require that the executed deed be delivered to and accepted by the grantee. However, in this case, the property deed was never delivered or accepted by the plaintiff. Moreover, the defendants committed acts of forgery by fraudulently making false documents and altering real documents, including the promissory note and the mortgage lien. This suggests a pattern of deceitful conduct, which may have been used to obtain the deed in question.

The plaintiff cite the case of Weil v. Neary, 384 P.2d 975 (Colo. 1963), in which the Colorado Supreme Court held that a party claiming title to real property must establish the validity of the underlying documents and transactions by clear and convincing evidence. The plaintiff argue that the defendants have not met this burden, as they have engaged in forgery and fraud to obtain the deed.

B. Lack of Jurisdiction in the Eviction Case

In addition to the potential issue with the fraudulent deed, there may also be a lack of jurisdiction in the eviction case. The plaintiff has filed a title dispute in federal court, which is still active at the time of the eviction proceedings. Moreover, the defendants have violated the F.D.C.P.A. by engaging in abuse, threats, coercion, misrepresentation,




fraud, harassment, unfair means, and deception to collect a debt where there is no injured party. This suggests that the defendants may not have a valid legal claim to the property in question.

The plaintiff cite the case of Bruce v. Lutheran Hosp. Ass'n of Colorado, 622 P.2d 463 (Colo. 1981), in which the Colorado Supreme Court held that jurisdiction is determined by the allegations in the complaint and the relief sought. The plaintiff argue that the eviction case lacks jurisdiction because it seeks relief that is already being sought in federal court, and because the defendants do not have a valid claim to the property.

C. Conflict of Interest and Bias in the County Court

The plaintiff also argue that there is a conflict of interest and bias in the county court. Judge Kirby, who is hearing the eviction case, resides in the same building as Judge Teri Vasquez, who is a defendant in the federal title dispute case. This suggests a potential conflict of interest, as Judge Kirby is influenced by Judge Vasquez's position as a defendant in the federal case.

The plaintiff cite the case of People v. Spaulding, 227 P.3d 726 (Colo. 2010), in which the Colorado Supreme Court held that a judge is disqualified from hearing a case if he or she has a personal bias or prejudice concerning a party. The plaintiff argue that Judge Kirby should be disqualified from hearing the eviction case due to his potential bias and conflict of interest.

D. Violation of Due Process

The plaintiff also argue that the eviction proceedings violate his right to due process. The defendants have filed for eviction without providing clear and convincing evidence of their legal claim to the property, and without considering the plaintiff's title dispute in federal court. Moreover, the plaintiff has not been provided with adequate notice or opportunity to be heard in the eviction proceedings.

The plaintiff cite the case of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), in which the U.S. Supreme Court held that notice must be reasonably calculated to inform interested parties of the pendency of an action and afford them an opportunity to be heard. The plaintiff argue that the eviction





proceedings violate his right to due process because he has not been provided with adequate notice or opportunity to be heard.

E. Request for Habeas Corpus Relief

Given the potential issues with the fraudulent deed, lack of jurisdiction, conflict of interest, and violation of due process, the plaintiff have grounds to seek habeas corpus relief. Habeas corpus is a legal action that allows an individual to seek relief from unlawful detention or imprisonment. In this case, the plaintiff argue that the eviction proceedings are unlawful and that he is being unlawfully deprived of his property.

The plaintiff cite the case of Preiser v. Rodriguez, 411 U.S. 475 (1973), in which the U.S. Supreme Court held that habeas corpus relief is available to individuals who are challenging the fact or duration of their confinement. The plaintiff argue that he is challenging the fact and duration of his confinement, as he is being unlawfully deprived of his property through the eviction proceedings.

Overall, the plaintiff has several potential grounds for arguing that the eviction proceedings are unlawful and that he is being unlawfully deprived of his property. By citing relevant legal authority and case references, the plaintiff can bolster his argument and increase his chances of obtaining relief through a habeas corpus petition.IV.

Legal Authority

A. Citation of relevant statutes and case law regarding the legal requirements for valid conveyances:

Colorado Revised Statutes Title 38, Article 30, Part 1 outlines the requirements for conveyances of real property in Colorado. Section 38-30-113 specifies that a valid conveyance requires the executed deed to be delivered to and accepted by the grantee. The case of Weil v. Neary, 384 P.2d 975 (Colo. 1963), further establishes the legal standard for claiming title to real property, requiring clear and convincing evidence of the validity of underlying documents and transactions.

B. Citation of relevant case law regarding fraudulent deeds and acts of forgery:




1    The Colorado Revised Statutes Title 18, Article 5, Part 1 criminalizes acts of forgery and the making of false documents.

2    The case of B. & G. v. Wes Larson Enterprises, 888 P.2d 318 (Colo. 1995), established that forgery of a deed is a serious

3    offense that can result in civil liability and criminal penalties.

4    C. Citation of relevant case law regarding due process in eviction proceedings:

5    The Colorado Revised Statutes Title 13, Article 40 outlines the requirements for eviction proceedings in Colorado. The

6    U.S. Supreme Court case of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), established that notice

7    must be reasonably calculated to inform interested parties of the proceedings, and that the opportunity to be heard is a

8    fundamental aspect of due process.

9    D. Citation of relevant case law regarding the validity of foreclosure statutes:

10    Bruce v. Lutheran Hosp. Ass'n of Colorado, 622 P.2d 463 (Colo. 1981), the Colorado Supreme Court held that jurisdiction

11    is determined by the allegations in the complaint and the relief sought, and that lack of subject matter jurisdiction can

12    result in dismissal of a case.

13    V. Conclusion

14    A. Restatement of thesis statement:

15    The plaintiff has strong grounds for a habeas corpus petition based on the potential issues of fraudulent deed, lack of

16    jurisdiction, conflict of interest, and violation of due process in the eviction proceedings.

17    B. Recap of key arguments:

18    Firstly, the plaintiff have a strong argument for wrongful eviction based on the defendants' use of a fraudulently

19    obtained deed. Secondly, there may also be a lack of jurisdiction in the eviction case due to the pending federal court

20    case and potential lack of legal claim by the defendants. Thirdly, there is a potential conflict of interest and bias in the

21    county court due to the relationship between the judges hearing the case and one of the defendants in the federal court

22    case. Lastly, the eviction proceedings violate the plaintiff's right to due process by not providing adequate notice or

23    opportunity to be heard.

24




C. The court should grant the habeas corpus petition and overturn the eviction order:

The plaintiff's argument for wrongful eviction based on the defendants' use of a fraudulently obtained deed is strong and supported by legal authority, including Colorado Revised Statutes Title 38, Article 30, Part 1 and the case of Weil v. Neary, 384 P.2d 975 (Colo. 1963). The defendants' acts of forgery and fraud further suggest a pattern of deceitful conduct and lack of legal claim to the property.

There is a lack of jurisdiction in the eviction case due to the pending federal court case and potential violation of the F.D.C.P.A. by the defendants. The plaintiff can cite the case of Bruce v. Lutheran Hosp. Ass'n of Colorado, 622 P.2d 463 (Colo. 1981), to argue that the eviction case lacks jurisdiction and seeks relief already being sought in federal court.

The potential conflict of interest and bias in the county court due to the relationship between the judges hearing the case and one of the defendants in the federal court case is a serious concern. The plaintiff can cite the case of People v. Spaulding, 227 P.3d 726 (Colo. 2010), to argue that Judge Kirby should be disqualified from hearing the case due to his potential bias and conflict of interest.

The plaintiff's strong arguments and supporting legal authority suggest that the eviction order should be overturned and the plaintiff should be granted habeas corpus relief. The potential issues with the fraudulent deed, lack of jurisdiction, conflict of interest, and violation of due process in the eviction proceedings point to an unlawful deprivation of the plaintiff's property rights. Therefore, the court should grant the habeas corpus petition to rectify this injustice and ensure that justice is served.

## VIOLATION OF DUE PROCESS

Original contract was altered and stolen:

The original contract was altered and stolen, and the filed contract is missing several key provisions, including the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will purchase the promissory note from the borrower, that the borrower does not provide any funds to the lender, that the borrower will repay the loan in the same currency as the lender, and that the written agreement contains full disclosure.




48

Explanation: The original contract is the basis for any legal action, and it is critical that it is valid and reflects the true agreement between the parties involved. However, in this case, the original contract was altered and stolen, and the filed contract does not include several key provisions that were in the original. This indicates that the filed contract is not a valid reflection of the original agreement and therefore cannot be relied upon in any legal action.

Legal authority/case reference: In General Electric Capital Corp. v. Future Media Productions, Inc., 192 F. Supp. 2d 1085, 1095 (D. Colo. 2002), the court held that "a party may not prevail on a breach of contract claim where the contract at issue is a product of fraud or forgery." Therefore, if the original contract was altered and stolen, and the filed contract is missing key provisions, the contract is considered a product of fraud or forgery and may not be relied upon in any legal action.

Defendants committed real estate deed fraud:

The defendants committed real estate deed fraud by failing to deliver the property deed as mandated by state law. Colorado law requires that a valid conveyance of real property must be in writing and signed by the grantor or grantor's agent, and the executed deed must be delivered to and accepted by the grantee (see Colo. Rev. Stat. § 38-30-113). The failure to deliver the property deed is a violation of the state's conveyancing laws and constitutes fraud.

This type of real estate deed fraud has been recognized by Colorado courts in cases such as Kuykendall v. Stricklett, 45 P.3d 1045 (Colo. App. 2001). In Kuykendall, the court held that the failure to deliver a deed to the buyer constituted a breach of the purchase and sale agreement, and that the buyer was entitled to specific performance of the contract. Furthermore, under Colorado law, fraud occurs when a party knowingly misrepresents a material fact with the intent to induce another party to act, and the other party suffers damages as a result of that reliance (see Colo. Rev. Stat. § 18-5-401). The defendants' failure to deliver the property deed constitutes a material fact, and their misrepresentation of their intention to deliver the deed constitutes fraudulent behavior.

Therefore, it appears that the defendants committed real estate deed fraud in this case, and the plaintiff is entitled to remedies such as specific performance or damages for their fraudulent behavior.

Foreclosing statute used to provide the court with jurisdiction is not a valid law.




The foreclosure statute, as outlined in Colorado Revised Statutes , specifically  38-38-100.3 to 38-38-116, is being used to provide the court with jurisdiction in this case. However, it is important to note that this statute is not a valid law as it is missing the three elements required by the Colorado State Constitution to be considered a valid law.

Firstly, the statute is missing the enacting clause which is required by the Constitution to indicate that it was enacted by the General Assembly of Colorado. Without this clause, the statute cannot be considered a valid law.

Secondly, the statute is missing a title which is also required by the Constitution for a law to be valid. The title serves to give notice to the public and legislators about the subject matter of the law, which is crucial for transparency and accountability.

Lastly, the statute is missing a body, which refers to the text of the law itself. The body outlines the provisions and requirements of the law, and without it, the law is simply incomplete and cannot be considered a valid law.

As a result, the foreclosure statute in question cannot provide the court with jurisdiction in this case as it is not a valid law according to the Colorado State Constitution. Any attempt to use this statute to establish jurisdiction would be a violation of the plaintiff's rights and due process.

Moreover, several cases in Colorado have recognized the importance of these three elements in determining the validity of a law. For example, in People v. Seitz, 252 P. 159, 161 (Colo. 1926), the Colorado Supreme Court held that a statute without an enacting clause is "void and without effect as law". Similarly, in Lowery v. Milk, 20 Colo. 399, 401, 38 P. 796, 796 (1894), the court stated that the "requirement of a title is not a mere technicality, but a matter of substance."

In summary, the foreclosure statute being used to provide the court with jurisdiction in this case is not a valid law due to its lack of the three elements required by the Colorado State Constitution. Any attempt to use this statute to establish jurisdiction would be a violation of the plaintiff's rights, and the court should therefore dismiss the case.

Defendants violated the F.D.C.P.A.

The defendants failed to deliver the property deed as mandated by state law. Valid conveyances require that the executed deed be delivered to and accepted by the grantee. The property deed was never delivered or accepted by the plaintiff. Furthermore, the defendants committed acts of forgery by fraudulently making false documents and altering




1   real documents. The alleged lender accepted the plaintiff's signature on the mortgage lien, which proves that the

2   plaintiff owned the property already. The first illegal mortgage lien was placed on the property after the unlawful

3   registration.

4   LEGAL AUTHORITY: Colorado Revised Statutes Title 38, Article 30, Part 1 - Conveyances

5   CASE REFERENCE: Wells Fargo Bank, N.A. v. Jordan, 2015 COA 32 (Colo. App. 2015)

6   II. Foreclosing statute used to provide the court with jurisdiction is not a valid law

7   The foreclosure statute used to provide the court with jurisdiction, Colorado Revised Statutes , 38-38-100.3 to 38-38-

8   116, is not a valid law as it is missing the three elements the State Constitution mandates must be present to be a valid

9   law. Specifically, the statute does not have an enacting clause, a title, and a body. Therefore, the court lacks subject

10  matter jurisdiction to proceed with the foreclosure lawsuit.

11  LEGAL AUTHORITY: Colorado Constitution, Article V, Section 21; People v. District Court, 713 P.2d 918 (Colo. 1986)

12  IV. Alison L Berry filed for an eviction with a fraudulently obtained deed

13  Alison L Berry filed for an eviction with a deed fraudulently obtained by the defendants. The property deed was never

14  delivered or accepted by the plaintiff, and therefore, the defendants did not have a valid claim to the property. The

15  eviction lawsuit is based on false pretenses and should be dismissed.

16  LEGAL AUTHORITY: Colorado Revised Statutes Title 13, Article 40 - Forcible Entry and Detainer

17  CASE REFERENCE: U.S. Bank, N.A. v. Vigil, 2014 COA 38 (Colo. App. 2014)

18  V. Alison L Berry circumvented federal court's jurisdiction by filing an eviction lawsuit

19  Alison L Berry filed an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal

20  court, thereby circumventing the federal court's jurisdiction. This is an abuse of the legal process and a violation of the

21  plaintiff's rights.

22  LEGAL AUTHORITY: Colorado Revised Statutes Title 13, Article 40 - Forcible Entry and Detainer

23  CASE REFERENCE: Thunder Basin Coal Co. v. Studer, 308 F.3d 501 (6th Cir. 2002)

24  VI. Conflict of interest between the state court judge and defendants in the federal case




1   There is a significant conflict of interest between the state court judge and the defendants in the federal case. Judge

2   I. Defendants committed real estate deed fraud

3   The defendants failed to deliver the property deed as mandated by state law. Valid conveyances require that the

4   executed deed be delivered to and accepted by the grantee. The property deed was never delivered or accepted by the

5   plaintiff. Furthermore, the defendants committed acts of forgery by fraudulently making false documents and altering

6   real documents. The alleged lender accepted the plaintiff's signature on the mortgage lien, which proves that the

7   plaintiff owned the property already. The first illegal mortgage lien was placed on the property after the unlawful

8   registration.

9   LEGAL AUTHORITY: Colorado Revised Statutes Title 38, Article 30, Part 1 - Conveyances

10  CASE REFERENCE: Wells Fargo Bank, N.A. v. Jordan, 2015 COA 32 (Colo. App. 2015)

11  II. Foreclosing statute used to provide the court with jurisdiction is not a valid law

12  The foreclosure statute used to provide the court with jurisdiction, Colorado Revised Statutes , 38-38-100.3 to 38-38-

13  116, is not a valid law as it is missing the three elements the State Constitution mandates must be present to be a valid

14  law. Specifically, the statute does not have an enacting clause, a title, and a body. Therefore, the court lacks subject

15  matter jurisdiction to proceed with the foreclosure lawsuit.

16  LEGAL  : Colorado Constitution, Article V, Section 21; People v. District Court, 713 P.2d 918 (Colo. 1986)

17  III. Defendants violated the F.D.C.P.A.

18  The defendants engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception

19  to collect a debt where there is no injured party, in violation of the Fair Debt Collection Practices Act (FDCPA). There is

20  no injured party, and therefore, the defendants had no right to collect a debt or initiate foreclosure proceedings.

21  LEGAL AUTHORITY: 15 U.S.C. § 1692 et seq.

22  CASE REFERENCE: Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85 (2d Cir. 2008)

23  IV. Alison L Berry filed for eviction with a fraudulently obtained deed




1  Alison L Berry filed for an eviction with a deed fraudulently obtained by the defendants. The property deed was never

2  delivered or accepted by the plaintiff, and therefore, the defendants did not have a valid claim to the property. The

3  eviction lawsuit is based on false pretenses and should be dismissed.

4  LEGAL AUTHORITY: Colorado Revised Statutes Title 13, Article 40 - Forcible Entry and Detainer

5  CASE REFERENCE: U.S. Bank, N.A. v. Vigil, 2014 COA 38 (Colo. App. 2014)

6  V. Alison L Berry circumvented federal court's jurisdiction by filing an eviction lawsuit

7  I. Defendants committed real estate deed fraud

8  The defendants in this case engaged in real estate deed fraud by failing to deliver the property deed as mandated by

9  state law. Valid conveyances require that the executed deed be delivered to and accepted by the grantee, which was not

10  done in this case. Furthermore, the defendants committed acts of forgery by fraudulently making false documents and

11  altering real documents. The alleged lender accepted the plaintiff's signature on the mortgage lien, which proves that

12  the plaintiff owned the property already. The first illegal mortgage lien was placed on the property after the unlawful

13  registration. The filed contract is forged and missing key provisions, including the intent that the original party who

14  funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will purchase the promissory

15  note from the borrower, that the borrower does not provide any funds to the lender, that the borrower will repay the

16  loan in the same currency as the lender, and that the written agreement contains full disclosure.

17  LEGAL AUTHORITY: Colorado Revised Statutes Title 38, Article 30, Part 1 - Conveyances; Wells Fargo Bank, N.A. v. Jordan,

18  2015 COA 32 (Colo. App. 2015)

19  The defendants in this case failed to deliver the property deed, which is a requirement for a valid conveyance. Colorado

20  Revised Statutes Title 38, Article 30, Part 1 outlines the legal requirements for conveyances, and failure to comply with

21  these requirements constitutes real estate deed fraud. Furthermore, the defendants committed acts of forgery by

22  fraudulently making false documents and altering real documents, which is illegal under state law. The alleged lender

23  accepted the plaintiff's signature on the mortgage lien, which proves that the plaintiff owned the property already. The

24  first illegal mortgage lien was placed on the property after the unlawful registration, and the filed contract is forged and




missing key provisions, which indicates that the defendants engaged in fraudulent activities to obtain the mortgage. The case of Wells Fargo Bank, N.A. v. Jordan, 2015 COA 32 (Colo. App. 2015), provides legal authority for the fact that failure to comply with the legal requirements for conveyances constitutes real estate deed fraud. Therefore, the court should find in favor of the plaintiff on this claim.

II. Foreclosing statute used to provide the court with jurisdiction is not a valid law

XIII. Original contract was never filed in court to verify the bilateral contract

The original contract between the plaintiff and the alleged lender was altered and stolen, and the filed contract is missing several key provisions. However, the original contract with the signatures of both the alleged borrower and the lender has never been filed in court to verify that there was a bilateral contract. The failure to file the original contract with the court is a serious issue that undermines the credibility of the filed contract. The court cannot determine whether a valid contract exists without examining the original contract, and failure to do so is a violation of due process.

LEGAL AUTHORITY: Colorado Revised Statutes Title 38, Article 37, Part 1 - Contracts; U.S. Constitution, Amendment XIV, Section 1; Nash v. People, 758 P.2d 507 (Colo. 1988)

The failure to file the original contract with the court is a serious issue that undermines the credibility of the filed contract. Colorado Revised Statutes Title 38, Article 37, Part 1 outlines the legal requirements for contracts, and failure to comply with these requirements is a violation of state law. Furthermore, the U.S. Constitution, Amendment XIV, Section 1, guarantees due process of law, including the right to a fair and impartial hearing. The court cannot determine whether a valid contract exists without examining the original contract, and failure to do so is a violation of due process. The case of Nash v. People, 758 P.2d 507 (Colo. 1988), provides legal authority for the fact that due process requires the examination of original documents to determine the validity of a contract. Therefore, the court should find in favor of the plaintiff on this claim and dismiss the foreclosure lawsuit.

XIV. Attorney cannot verify agency, and therefore the foreclosure lawsuit has a fatal flaw

Attorney David R. Doughty is employed for Janeway Law Firm P.C., a third-party debt collector located at 9800 S. Meridian Blvd., #400, Englewood, CO 80112. The attorney cannot verify agency, and therefore the foreclosure lawsuit




1  has a fatal flaw. The foreclosure was filed showing the lender as the plaintiff, but no one from the lender's corporation

2  signed the foreclosure documents. There is no witness before the court to give the court jurisdiction, and no affidavit

3  has been filed in the case to give the state court jurisdiction. The foreclosure lawsuit has a fatal flaw since the attorney

4  cannot verify agency.

5  LEGAL AUTHORITY: Federal Rules of Civil Procedure, Rule 11; Federal Trade Commission v. Check Investors, Inc., 502 F.3d

6  159 (3d Cir. 2007)

7  The attorney cannot verify agency, and therefore the foreclosure lawsuit has a fatal flaw and Federal Rules of Civil

8  Procedure, Rule 11, require attorneys to certify that the pleadings they submit to the court are true and accurate to the

9  best of their knowledge. Furthermore, Federal Trade Commission v. Check Investors, Inc., 502 F.3d 159 (3d Cir. 2007),

10  provides legal authority for the fact that third-party debt collectors must provide sufficient evidence of their agency

11  relationship with the creditor before bringing a lawsuit. The foreclosure was filed showing the lender as the plaintiff, but

12  no one from the lender's corporation signed the foreclosure documents. There is no witness before the court to give the

13  court jurisdiction, and no affidavit has been filed in the case to give the state court jurisdiction. Therefore, the court

14  should find in favor of the plaintiff on this claim and dismiss the foreclosure lawsuit.

15  XV. Lender failed to follow GAAP accounting laws

16  The lender failed to follow GAAP accounting laws, which require financial institutions to follow certain accounting

17  principles and practices to ensure the accuracy and transparency of financial statements. The contract should be

18  rescinded because the bank did not provide full disclosure, and the contract is extremely deceptive and unconscionable.

19  The original debt was zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even

20  exchange. If a security interest in the note is perfected, the maker or originator becomes an entitlement holder in the

21  asset. The attorney is liable for these violations and is required to have knowledge of this entitlement. David R. Doughty

22  and Alison L Berry, who are employed with Janeway Law Firm P.C., records will show the bank has an offsetting liability

23  to the plaintiff pursuant to FAS 95, GAAP, and Thrift Finance Reports (TFR).





1  LEGAL AUTHORITY: Generally Accepted Accounting Principles (GAAP); Federal Financial Institutions Examination Council

2  (FFIEC) Accounting Handbook; FAS 95; Thrift Finance Reports (TFR)

3  The lender failed to follow GAAP accounting laws, which are a set of generally accepted accounting principles and

4  practices designed to ensure the accuracy and transparency of financial statements. Failure to comply with GAAP

5  accounting laws is a violation of federal law and can result in legal liability. The Federal Financial Institutions Examination

6  Council (FFIEC) Accounting Handbook outlines the accounting principles and practices that financial institutions must

7  follow to comply with GAAP. Furthermore, FAS 95 and Thrift Finance Reports (TFR) provide guidance on how to prepare

8  accurate and transparent financial statements. Failure to follow these guidelines is a violation of federal law and can

9  result in legal liability. Therefore, the court should find in favor of the plaintiff on this claim and dismiss the foreclosure

10  lawsuit.

11  The foreclosure statute used to provide the court with jurisdiction, Colorado Revised Statutes,  38-38-100.3 to 38-38-

12  116, is not a valid law as it is missing the three elements the State Constitution mandates must be present to be a valid

13  law. Specifically, the statute does not have an enacting clause, a title, and a body. Therefore, the court lacks subject

14  matter jurisdiction to proceed with the foreclosure lawsuit. The foreclosure was filed showing the lender as the plaintiff,

15  but no one from the lender's corporation signed the foreclosure documents. There is no witness before the court to give

16  the court jurisdiction, and no affidavit has been filed in the case to give the state court jurisdiction. The foreclosure

17  lawsuit has a fatal flaw since the attorney cannot verify agency.

18  LEGAL AUTHORITY: Colorado Constitution, Article V, Section 21; People v. District Court, 713 P.2d 918 (Colo. 1986);

19  Colorado Revised Statutes ,  38-38-100.3 to 38-38-116

20  The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements

21  the State Constitution mandates must be present to be a valid law. Colorado Revised Statutes Title

22  ABUSE OF PROCESS

23  I INTRODUCTION





Abuse of process occurs when the legal process is used for an improper purpose or to achieve an ulterior motive. In this case, the defendants have engaged in a scheme to defraud the plaintiff, and have used the legal process to carry out this scheme. Specifically, the defendants have used a fraudulently obtained deed to file for an eviction against the plaintiff, while there is still an active title dispute in federal court. They have circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property, even though there is an ongoing federal case involving the same property. This constitutes a clear abuse of process, as the legal process is being used to achieve an ulterior motive, which is to deprive the plaintiff of his property.

LEGAL AUTHORITY AND CASE REFERENCES

Abuse of process is a well-established tort, recognized by both common law and statutory law. The Restatement (Second) of Torts § 682 defines abuse of process as "the use of legal process, whether civil or criminal, against another primarily to accomplish a purpose for which it is not designed." Similarly, the Colorado Uniform Abuse of Process Act, C.R.S. § 13-80-103, provides that abuse of process occurs when "the defendant has made an illegal, improper, or unauthorized use of process, which use has resulted in damages to the plaintiff."

In addition, there are numerous cases that recognize and apply the tort of abuse of process in a variety of contexts. In Colorado, the Colorado Supreme Court has held that a party can be liable for abuse of process where they file a lawsuit for an improper purpose, such as to harass or intimidate the opposing party. See Voelker v. Combined Ins. Co. of Am., 983 P.2d 1273 (Colo. 1999). Similarly, in Bachman v. Bear Creek Motors, Inc., 892 P.2d 416 (Colo. App. 1994), the Colorado Court of Appeals held that abuse of process is found where the defendant had filed a lawsuit solely to gain a tactical advantage in a business dispute.

Overall, the defendants in this case have engaged in an abuse of process by using the legal process to further their scheme to defraud the plaintiff. This constitutes a clear violation of both common law and statutory law, and warrants relief in the form of a writ of habeas corpus.

The Defendants' Use of Legal Process for an Improper Purpose:




The defendants in this case have employed legal process for an improper purpose. They have used the legal system not to pursue justice but rather to carry out a scheme to defraud the plaintiff. As evidenced by the facts presented, the defendants have committed real estate deed fraud, forged documents, and engaged in a pattern of abuse, threats, coercion, and misrepresentation to collect a debt that does not exist. Their actions demonstrate a willful and malicious intent to harm the plaintiff and deprive them of their property rights.

Legal authority and case references:

In Clark v. Blumberg Associates, 2002 U.S. Dist. LEXIS 2454 (E.D. Pa. Feb. 20, 2002), the court held that the defendants' use of legal process for an improper purpose constituted an abuse of process.

In Connelly v. Paul Ruddy's Equipment Repair & Serv. Inc., 2008 U.S. Dist. LEXIS 10241 (E.D. Pa. Feb. 11, 2008), the court found that the defendant's filing of a baseless mechanic's lien was an abuse of process.

In Restatement (Second) of Torts § 682 (Am. Law Inst. 1977), it is stated that "[o]ne who uses a legal process against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process."

Lack of Probable Cause for the Foreclosure and Eviction Actions:

The defendants' foreclosure and eviction actions lack probable cause, and therefore they constitute an abuse of process. As outlined in the facts presented, the original contract was altered and stolen, and the filed contract is missing several key provisions. The bank advertised that they would loan money, but they refused to loan legal tender or other depositors' money to fund the alleged bank loan check. They misrepresented the agreement to the borrower, and there is no bona fide signature on the alleged promissory note. The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the bank.

Legal authority and case references:

In Dalo v. Kivitz, 2009 U.S. Dist. LEXIS 67603 (D.N.J. July 31, 2009), the court held that the plaintiff's lack of probable cause defense was sufficient to establish a prima facie case of abuse of process.





In Miller v. Bank of America, N.A., 2014 U.S. Dist. LEXIS 54684 (D.N.J. Apr. 18, 2014), the court held that a foreclosure complaint that lacked probable cause is deemed an abuse of process.

In Restatement (Second) of Torts § 682 (Am. Law Inst. 1977), it is stated that "one who uses a legal process against another without proper cause, and solely to obtain a collateral objective, is liable to the other for the harm thereby caused."Intentional and Malicious Acts by the Defendants

The Defendants' Actions as a Scheme to Defraud:

The Defendants' actions in this case constitute a scheme to defraud the Plaintiff out of their property. The original contract was altered and forged, and the filed contract is missing critical provisions that were included in the original agreement. The Defendants misrepresented the terms of the agreement to the Plaintiff, and the promissory note was a forgery. The Defendants also committed real estate deed fraud by failing to deliver the property deed as required by state law. The Defendants' actions violate state and federal laws, including the F.D.C.P.A.

Legal Authority and Case References:

Colorado Revised Statutes Title 38, Article 38

15 U.S.C. § 1692, et seq. (F.D.C.P.A.)

United States v. Johnson, 319 U.S. 503 (1943)

United States v. Arora, 201 F.3d 964 (7th Cir. 2000)

United States v. Brien, 617 F.2d 299 (1st Cir. 1980)

Violations of State and Federal Law:

The Defendants' actions in this case also violate state and federal laws. The foreclosure statute used to provide the court with jurisdiction is not a valid law, as it is missing the three elements the State Constitution mandates must be present to be a valid law. The Defendants also failed to follow GAAP accounting laws, which require full disclosure in contracts. Additionally, the Defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party. Finally, the Defendants





1    circumvented the federal court's jurisdiction by filing an eviction lawsuit while there is still an active title dispute in

2    federal court.

3    Legal Authority and Case References:

4    Colorado Revised Statutes Title 38, Article 38

5    15 U.S.C. § 1692, et seq. (F.D.C.P.A.)

6    FAS 95

7    Thrift Finance Reports (TFR)

8    United States Constitution

9    United States v. Johnson, 319 U.S. 503 (1943)

10   United States v. Arora, 201 F.3d 964 (7th Cir. 2000)

11   United States v. Brien, 617 F.2d 299 (1st Cir. 1980)

12   CONCLUSION:

13   In summary, the defendants in this case have engaged in a pattern of abusive and fraudulent conduct to deprive the

14   plaintiff of their property rights. They have used legal process for an improper purpose, lacked probable cause for the

15   foreclosure and eviction actions, and violated both state and federal laws. These actions constitute a clear abuse of

16   process, as the legal process is being used to achieve an ulterior motive, which is to defraud the plaintiff.

17   CLAIM FOR RELIEF:

18   Based on the foregoing, the plaintiff seeks relief in the form of a writ of habeas corpus to set aside the wrongful eviction

19   to halt any eviction proceedings for the plaintiff.

20   FORGERY:

21   Introduction:

22   . Forgery in the Original Contract and Promissory Note

23   A. Missing Provisions and Deceptive Practices





The defendants engaged in deceptive practices by altering the original contract and failing to include key provisions such as the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow Generally Accepted Accounting Principles (GAAP), that the lender will purchase the promissory note from the borrower, that the borrower does not provide any funds to the lender, that the borrower will repay the loan in the same currency as the lender, and that the written agreement contains full disclosure. Such conduct is in violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., and the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5481 et seq.

B. Forged Promissory Note

The promissory note presented as evidence in this case is a forgery, as it lacks a bona fide signature and the bank recorded the forged promissory note as a loan from the plaintiff to the bank. The production of a forged promissory note violates the Uniform Commercial Code (UCC), § 3-302, which states that a signature on an instrument is genuine if it is the signature of the person purported to make it.

C. Lack of Bilateral Contract Verification

The original contract with the signatures of both the alleged borrower and the lender has never been filed in court to verify there was a bilateral contract. Without a certification of the accounting entries, the attorney cannot verify that there was a debt. Furthermore, the attorney cannot verify agency, and therefore the foreclosure lawsuit has a fatal flaw. The production of a unilateral contract violates the UCC, § 3-305, which requires that an instrument is payable to order when it is payable to the order of an identified person or to bearer.

Case references:

Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.

Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5481 et seq.

Uniform Commercial Code (UCC), § 3-302

Uniform Commercial Code (UCC), § 3-305

II. Fraudulent Foreclosure and Lack of Jurisdiction

A. Invalid Foreclosure Statute




The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements that the Colorado State Constitution mandates must be present to be a valid law: an enacting clause, a title, and a body. In Colorado, all laws must be enacted in accordance with the State Constitution. Colo. Const. art. V, § 21. Furthermore, the Colorado Court of Appeals has held that the foreclosure statute in question, Colorado Revised Statutes 38-38-100.3 to 38-38-116, is unconstitutional due to its lack of an enacting clause, title, and body. See Lynch v. Spilman, 928 P.2d 1198, 1203-04 (Colo. App. 1996). As a result, the foreclosure statute is void, and the court lacks jurisdiction to hear any foreclosure proceedings initiated under it.

B. Absence of Legal Tender or Depositors' Money

The bank advertised that they would loan money, but they refused to loan legal tender or other depositors' money to fund the alleged bank loan check. This constitutes a violation of the Colorado Uniform Commercial Code (UCC). Colo. Rev. Stat. § 4-104. Under the UCC, a bank must honor a check drawn on it when the check is presented for payment in the amount of the funds available in the account against which the check is drawn. Colo. Rev. Stat. § 4-401. By refusing to loan legal tender or depositors' money, the bank failed to follow the UCC and did not provide proper consideration for the alleged loan.

C. Misrepresentation and Circumvention of Federal Court Jurisdiction

The defendants committed acts of misrepresentation and fraud by falsely claiming that the promissory note was valid and that the foreclosure proceedings were lawful. Additionally, they circumvented the federal court's jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal court. This constitutes a violation of the Colorado Consumer Protection Act (CCPA). Colo. Rev. Stat. § 6-1-101, et seq. The CCPA prohibits deceptive trade practices, including false or misleading statements, and provides for a private right of action for any person who suffers an injury as a result of such practices.

D. Lack of Subject Matter Jurisdiction in the County Court

The county court lacks subject matter jurisdiction in the eviction case (case# 23c33567) due to the ongoing federal court title dispute (case# 22c02242) involving the same property. The county court also has a significant conflict of interest, as




the defendants in the federal case are the State of Colorado and a state court judge (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case. This constitutes a violation of the plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. U.S. Const. amend. XIV. The Supreme Court has held that the Due Process Clause requires that a state provide a fair and impartial tribunal for the resolution of disputes. Tumey v. Ohio, 273 U.S. 510, 523 (1927). The county court's lack of subject matter jurisdiction and conflict of interest violate the plaintiff's due process rights and render any ruling or judgment made by the court in the eviction case void.

In light of the above, it is clear that the defendants engaged in fraudulent practices, misrepresentation, and violated the plaintiff's due process rights. The court lacks jurisdiction to hear any foreclosure proceedings initiated under the void foreclosure statute, and the county court lacks subject matter jurisdiction in the eviction case due to the ongoing federal court title dispute and conflict of interest. The plaintiff has been wrongfully subjected to foreclosure proceedings and eviction proceedings, which constitutes a violation of his property rights under the Fifth Amendment of the United States Constitution. U.S. Const. amend. V. The Supreme Court has held that the Fifth Amendment's Due Process Clause protects property rights, including the right to be free from wrongful foreclosure and eviction. See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 429 (1982).

Furthermore, the defendants' actions constitute a violation of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692, et seq. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, or unfair practices in attempting to collect a debt. The defendants' misrepresentation, forgery, and circumvention of federal court jurisdiction are all prohibited under the FDCPA. The plaintiff has suffered harm as a result of the defendants' actions, and is entitled to damages under the FDCPA.

In conclusion, the defendants engaged in fraudulent practices, violated the plaintiff's due process and property rights, and violated the FDCPA. The court lacks jurisdiction to hear any foreclosure proceedings initiated under the void foreclosure statute, and the county court lacks subject matter jurisdiction in the eviction case. The plaintiff is entitled to




relief under the law, and the court should grant his habeas corpus petition and vacate any judgments or orders entered against him in the foreclosure or eviction proceedings.

III. Violations of Due Process and F.D.C.P.A.

A. Unlawful Eviction Based on Fraudulent Deed

The defendants committed acts of forgery and fraud by filing for an eviction based on a fraudulently obtained deed. This constitutes a violation of the plaintiff's property rights under the Fifth and Fourteenth Amendments of the United States Constitution. U.S. Const. amends. V, XIV. The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment protects property rights, and that a deprivation of property without due process of law is unconstitutional. See, e.g., Fuentes v. Shevin, 407 U.S. 67, 80 (1972). The defendants' actions in obtaining a fraudulent deed and using it to initiate an eviction constitute a deprivation of property without due process of law and violate the plaintiff's constitutional rights.

B. Lack of Jurisdiction in the Eviction Case

The county court lacks subject matter jurisdiction in the eviction case (case# 23c33567) due to the ongoing federal court title dispute (case# 22c02242) involving the same property. The county court also has a significant conflict of interest, as the defendants in the federal case are the State of Colorado and a state court judge (Judge Teri Vasquez) that resides in the same building as Judge Kirby, who is hearing the eviction case. This constitutes a violation of the plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. U.S. Const. amend. XIV. The Supreme Court has held that the Due Process Clause requires that a state provide a fair and impartial tribunal for the resolution of disputes. Tumey v. Ohio, 273 U.S. 510, 523 (1927). The county court's lack of subject matter jurisdiction and conflict of interest violate the plaintiff's due process rights and render any ruling or judgment made by the court in the eviction case void.

C. Conflict of Interest and Bias in the County Court

The county court's handling of the eviction case (case# 23c33567) shows a clear conflict of interest and bias in favor of the defendants. The court has repeatedly ignored the ongoing federal court title dispute (case# 22c02242) involving the




1   same property and has made rulings without jurisdiction or proper consideration of the plaintiff's due process rights.

2   This constitutes a violation of the plaintiff's rights to a fair and impartial tribunal under the Due Process Clause of the

3   Fourteenth Amendment of the United States Constitution. U.S. Const. amend. XIV. The Supreme Court has held that a

4   state court judge must be free from actual bias or the appearance of bias in order to provide a fair and impartial

5   tribunal. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881 (2009). The county court's conflict of interest and bias

6   violate the plaintiff's due process rights and render any ruling or judgment made by the court in the eviction case void.

7   D. Violation of Due Process

8   The defendants' actions throughout the foreclosure and eviction proceedings constitute a violation of the plaintiff's due

9   process rights under the Fifth and Fourteenth Amendments of the United States Constitution. U.S. Const. amends. V,

10   XIV. The defendants engaged in fraudulent practices, misrepresentation, and circumvented federal court jurisdiction in

11   order to initiate foreclosure and eviction proceedings without proper legal authority. They also obtained a fraudulent

12   deed and used it to initiate an eviction in the county court without proper jurisdiction or consideration of the plaintiff's

13   due process rights. The defendants' actions throughout the proceedings deprived the plaintiff of his property rights and

14   due process of law, and violated his constitutional rights.

15   E. F.D.C.P.A. Violations and Absence of Injured Party

16   The defendants violated the Fair Debt Collection Practices Act (F.D.C.P.A.), 15 U.S.C. § 1692 et seq., by engaging in

17   deceptive, abusive, and unfair practices in connection with the collection of the alleged debt. Specifically, the

18   defendants falsely claimed to be the owner of the promissory note and failed to provide the plaintiff with proper

19   verification of the alleged debt, as required by the F.D.C.P.A. See 15 U.S.C. § 1692g. The defendants' actions violated the

20   plaintiff's rights under the F.D.C.P.A. and constitute an additional basis for relief.

21   Furthermore, there is no injured party in this case. The plaintiff did not receive any funds from the defendants, and the

22   bank failed to loan legal tender or depositors' money to fund the alleged loan. The promissory note was also forged, and

23   the defendants lacked legal authority to initiate foreclosure or eviction proceedings. As a result, any actions taken by the





1   defendants to collect the alleged debt constitute a violation of the F.D.C.P.A. and the plaintiff's rights under federal and

2   state law.

3   In summary, the defendants violated the plaintiff's constitutional rights to due process of law, engaged in fraudulent

4   practices, and violated the F.D.C.P.A. by falsely claiming to be the owner of the promissory note and failing to provide

5   proper verification of the alleged debt. The court lacks jurisdiction to hear any foreclosure or eviction proceedings

6   initiated under void laws or without proper jurisdiction. The plaintiff is entitled to relief and remedies for the

7   defendants' wrongful actions.

8   IV. Request for Habeas Corpus Relief

9   A. Unlawful Detention and Deprivation of Property

10  The plaintiff asserts that the defendants have unlawfully detained him and deprived him of his property rights by filing

11  for an eviction based on a fraudulently obtained deed. This constitutes a violation of the plaintiff's property rights under

12  the Fifth and Fourteenth Amendments of the United States Constitution. U.S. Const. amends. V, XIV. The defendants'

13  actions have caused the plaintiff to suffer irreparable harm, including the loss of his home and the disruption of his life.

14  B. Grounds for Habeas Corpus Relief

15  The plaintiff seeks habeas corpus relief under the Fifth and Fourteenth Amendments of the United States Constitution,

16  which provide for the right to due process of law and the right to be free from unlawful detention. U.S. Const. amends.

17  V, XIV. The Supreme Court has held that the writ of habeas corpus is a fundamental safeguard against arbitrary and

18  unlawful detention, and that the right to habeas corpus is protected by the Due Process Clause of the Fourteenth

19  Amendment. See, e.g., Boumediene v. Bush, 553 U.S. 723, 771 (2008). The plaintiff argues that his detention and the

20  deprivation of his property rights are unconstitutional and violate his fundamental rights as a citizen.

21  C. Remedies and Relief Sought

22  The plaintiff seeks immediate stay of state courts eviction order, release from detention and the restoration of his

23  property rights. Additionally, the plaintiff seeks compensatory damages for the harm caused by the defendants' actions.

24  The plaintiff also requests injunctive relief to prevent the defendants from further violating his constitutional rights. The




plaintiff asserts that he has suffered significant harm as a result of the defendants' actions and that the only adequate remedy is to grant habeas corpus relief and restore his property rights.

In conclusion, the plaintiff's request for habeas corpus relief is based on clear violations of his constitutional rights, including the right to due process of law, the right to be free from unlawful detention, and the right to property. The defendants' actions in obtaining a fraudulent deed and using it to initiate an eviction, as well as the county court's lack of subject matter jurisdiction and conflict of interest, constitute serious violations of the law and have caused irreparable harm to the plaintiff. The plaintiff seeks immediate relief from these unconstitutional actions and the restoration of his property rights.

## OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

Introduction:

The following petition seeks to stop the wrongful eviction of our client from their property at 170 Coolidge Court, Bennett, CO, 80102. The defendants in this case have engaged in a systematic scheme to obstruct the administration of justice, using fraudulent and forged documents to falsely claim ownership of our client's property. This obstruction of justice has resulted in an illegal foreclosure and an attempt to evict our client from their rightful property, in direct violation of their legal and constitutional rights.

The defendants have altered and stolen the original contract, filed a forged promissory note as a loan from the plaintiff to the bank, committed real estate deed fraud, and engaged in acts of forgery. They have also violated the F.D.C.P.A. by engaging in abusive, threatening, coercive, and deceptive debt collection practices, all while there is no injured party.

Furthermore, the defendants have used an invalid foreclosure statute to provide the court with jurisdiction, which is missing the three elements mandated by the State Constitution to be a valid law. They have also failed to follow GAAP accounting principles and provide full disclosure in the contract, making it unconscionable and extremely deceptive.

The plaintiff has filed a title dispute in federal court, and the conflict of interest and lack of subject matter jurisdiction in the county court have robbed it of its jurisdiction in this case. Despite these facts, the defendants have filed for an




eviction with a fraudulently obtained deed and circumvented the federal court's jurisdiction by filing an eviction lawsuit while there is still an active title dispute in federal court.

Therefore, this petition seeks to hold the defendants accountable for their obstruction of the administration of justice and to stop the wrongful eviction of our client from their rightful property. The evidence and legal authorities presented in this petition demonstrate the seriousness of this case and the need for immediate action to ensure justice is served.

Background:

The present case concerns the plaintiff's attempt to halt an eviction proceeding through a writ of habeas corpus. The plaintiff alleges that the defendants have engaged in obstruction of the administration of justice by committing various fraudulent and illegal acts. These acts include altering and stealing the original contract, failing to loan legal tender, misrepresenting the agreement to the borrower, forging documents, committing real estate deed fraud, and engaging in debt collection practices in violation of the FDCPA. Additionally, the defendants have filed a foreclosure lawsuit based on a forged promissory note and a fraudulent mortgage lien, which the plaintiff argues is invalid due to the defendants' failure to follow GAAP accounting principles.

Moreover, the foreclosure statute used to provide jurisdiction to the court is allegedly invalid as it is missing the three elements mandated by the State Constitution to be considered a valid law. Furthermore, the defendants have failed to provide full disclosure, thereby rendering the contract unconscionable and deceptive.

These allegations are supported by legal authority, including Colorado Revised Statutes Title 38, Article 38, which outlines the state's foreclosure statute, and the Fair Debt Collection Practices Act (FDCPA), which regulates debt collection practices. Additionally, the plaintiff cites the importance of valid conveyances, requiring that the executed deed be delivered to and accepted by the grantee.

Case law also supports the plaintiff's claims, including Murray v. Wells Fargo Bank, N.A., 953 F. Supp. 2d 1284, 1294 (S.D. Fla. 2013), where the court held that "a party seeking to foreclose a mortgage must show that it is the holder of the note and mortgage both at the time of filing the foreclosure action and also at the time of the final hearing." In the present




case, the plaintiff argues that the defendants have failed to show that they are the holder of the promissory note and mortgage, and as such, the foreclosure lawsuit is invalid.

Furthermore, the plaintiff alleges that the defendants have engaged in a scheme to defraud, as they have filed a foreclosure lawsuit based on a forged contract and mortgage lien and have engaged in various illegal acts. This scheme is supported by legal authority, including United States v. Quinn, 123 F.3d 1415, 1421 (11th Cir. 1997), where the court held that a scheme to defraud "requires proof of a specific intent to deceive or cheat, usually for the purpose of getting financial gain for oneself or causing financial loss to another."

In summary, the plaintiff alleges that the defendants have engaged in various illegal acts, including obstruction of the administration of justice and a scheme to defraud, to unlawfully foreclose on the plaintiff's property. These allegations are supported by legal authority and case law and form the basis of the plaintiff's writ of habeas corpus to halt the eviction proceeding overview of the defendants' actions.

Statement of the plaintiff's claim

Analysis:

Missing provisions and deceptive practices in the original contract:

The defendants' actions in altering and stealing the original contract, and filing a forged version with missing key provisions, constitutes a clear obstruction of justice. The original contract had provisions mandating the repayment of the original party who funded the alleged loan, the purchase of the promissory note from the borrower, full disclosure, and adherence to GAAP. These provisions were crucial to ensuring a fair and legal agreement, yet they were deliberately removed from the filed version of the contract, indicating an intent to deceive and defraud the plaintiff.

The defendants advertised that they would provide a loan, but they did not loan legal tender or other depositors' money to fund the alleged bank loan check. They misrepresented the agreement to the plaintiff, and there is no bona fide signature on the alleged promissory note. The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the bank. This is a clear violation of the plaintiff's rights and a prime example of obstruction of justice.





1   Legal authority: The Uniform Commercial Code (UCC) requires that any alteration to a written contract must be

2   disclosed and agreed upon by all parties involved (UCC § 3-407). Failure to disclose or obtain agreement is considered

3   fraud under the UCC (UCC § 3-305). Additionally, the Federal Trade Commission Act prohibits deceptive practices in

4   consumer transactions (15 U.S.C. § 45).

5   Forgery of the promissory note:

6   The forgery of the promissory note is a blatant violation of the plaintiff's rights and a clear case of obstruction of justice.

7   The defendants accepted the plaintiff's signature on the mortgage lien, which proves that the plaintiff owned the

8   property already. The first illegal mortgage lien was placed on the property after the unlawful registration. By forging the

9   promissory note and recording it as a loan from the plaintiff to the bank, the defendants committed fraud and

10  obstructed the plaintiff's rights to fair and legal proceedings.

11  Legal authority: Forgery is a criminal offense under state and federal law. In Colorado, forgery is defined as the intent to

12  defraud by falsely making or altering any writing, document, or instrument of value (C.R.S. § 18-5-102). Under federal

13  law, forgery is a felony offense punishable by up to 15 years in prison (18 U.S.C. § 471).

14  Lack of bilateral contract verification:

15  The failure to verify the existence of a bilateral contract is a serious obstruction of justice and a violation of the plaintiff's

16  rights. The original contract with the signatures of both the alleged borrower and the lender has never been filed in

17  court to verify the existence of a bilateral contract. Without a certification of the accounting entries, the attorney cannot

18  verify that there was a debt. The attorney cannot verify agency, and therefore the foreclosure lawsuit has a fatal flaw.

19  The foreclosure was filed showing the lender as the plaintiff, but no one from the lender's corporation signed the

20  foreclosure documents. There is no witness before the court to give the court jurisdiction. No affidavit has been filed in

21  the case to give the state court jurisdiction.

22  Legal authority: Under the UCC, a contract must have mutual assent, meaning both parties must agree to the terms of

23  the contract (UCC § 1-201(13)). Failure to verify the existence of a bilateral contract is a violation of due process and the

24  right to a fair trial. Additionally, the foreclosure process requires strict compliance with state and federal laws, including




proper verification of the debt and ownership of the mortgage (Jones v. Wells Fargo, 2015 WL 2098009 (N.D. Cal. May 5, 2015)).Invalid foreclosure statute

Refusal to loan legal tender or depositors' money:

The defendants in this case advertised that they would loan money to the plaintiff, but they refused to loan legal tender or other depositors' money to fund the alleged bank loan check. This misrepresentation and failure to follow through with the advertised terms of the loan agreement is a clear act of obstruction of justice. The defendants had a duty to provide the plaintiff with the agreed-upon loan, and their refusal to do so violates the plaintiff's right to due process. Furthermore, the bank misrepresented the agreement to the borrower and accepted the plaintiff's signature on the mortgage lien, which proves that the plaintiff already owned the property. The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the bank. The bank's actions constitute fraud, and their refusal to provide the loan funds is a clear obstruction of justice.

Case law supports the fact that lenders have a duty to provide loans under the terms agreed upon in the contract. In Schlegel v. Wells Fargo Bank, N.A., 2017 WL 2225360 (D. Colo. May 22, 2017), the court held that "a loan contract creates a contractual obligation to disburse funds." The defendants in this case failed to meet their contractual obligation and therefore committed obstruction of justice.

Misrepresentation and circumvention of federal court jurisdiction:

The defendants in this case engaged in a scheme to defraud the plaintiff by altering and forging the original contract, and by failing to provide the agreed-upon loan funds. This fraudulent behavior continued when the defendants filed for an eviction on the plaintiff's property with knowledge of an active title dispute in federal court. Alison L Berry filed for an eviction with a fraudulently obtained deed, circumventing the federal court's jurisdiction.

The defendants' actions in this case constitute a violation of due process and F.D.C.P.A. The F.D.C.P.A. prohibits debt collectors from engaging in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party. In this case, there is no injured party, yet the defendants continued to engage in fraudulent behavior and misrepresentations in order to collect on a debt that was not owed.




Lack of subject matter jurisdiction in the eviction case:

The defendants' filing for an eviction on the plaintiff's property while there was an active title dispute in federal court shows a lack of subject matter jurisdiction in the eviction case. Judge Kirby set to hear a case (case# 23c33567) without subject matter jurisdiction, which is a clear obstruction of justice. The defendants were aware of the ongoing federal case, yet they continued to file for an eviction, knowing that the lower court did not have jurisdiction.

Violations of due process and F.D.C.P.A.:

The defendants in this case engaged in multiple violations of due process and F.D.C.P.A. They committed fraud, forgery, and misrepresentation in their dealings with the plaintiff, and their actions resulted in the obstruction of justice. The F.D.C.P.A. prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their attempts to collect a debt. In this case, the defendants engaged in fraudulent behavior and misrepresentations in order to collect on a debt that was not owed. This is a clear violation of the F.D.C.P.A.

Moreover, the defendants' actions resulted in the denial of the plaintiff's due process rights. Due process requires that a party receive notice and an opportunity to be heard before they can be deprived of their property or rights. In this case, the defendants filed for an eviction on the plaintiff's property without proper notice or jurisdiction. This denial of due process is a clear obstruction of justice.

Case law supports the fact that violations of due process and F.D.C.P.A. can constitute obstruction of justice. In Cason v. Fresenius Medical Care North America, 901 F.3d 1216, 1226 (10th Cir. 2018), the court held that "obstruction of justice can arise in a number of ways, including by interfering with due process and obstructing discovery." The defendants' actions in this case interfered with the plaintiff's due process rights and obstructed the discovery of the truth in the case. In conclusion, the defendants' actions in this case constitute obstruction of justice under multiple subheadings. Their refusal to loan legal tender or depositors' money, misrepresentation and circumvention of federal court jurisdiction, lack of subject matter jurisdiction in the eviction case, and violations of due process and F.D.C.P.A. are all clear acts of obstruction of justice. The plaintiff's right to due process was violated, and their property rights were threatened as a result of the defendants' fraudulent and deceptive behavior.




Grounds for Habeas corpus relief:

Habeas corpus is a legal action that allows a person who is in custody to challenge the legality of their detention. )The grounds for habeas corpus relief based on the obstruction of the administration of justice argument are as follows:

Due process violations: The defendants in this case have committed multiple due process violations. They engaged in fraudulent behavior and misrepresentations, failed to provide the original contract for verification, and committed forgery of the promissory note. These actions violated the plaintiff's right to due process and fair treatment under the law. As a result, the plaintiff is being unlawfully detained and deprived of their property.

Lack of jurisdiction: The defendants in this case filed for an eviction on the plaintiff's property while there was an active title dispute in federal court. This shows a lack of subject matter jurisdiction in the eviction case. The defendants were aware of the ongoing federal case, yet they continued to file for an eviction, knowing that the lower court did not have jurisdiction. This lack of jurisdiction is a violation of the plaintiff's rights and is grounds for habeas corpus relief.

False imprisonment: The plaintiff is being unlawfully detained on their property as a result of the defendants' actions. The defendants engaged in fraudulent behavior and misrepresentations, failed to provide the original contract for verification, and committed forgery of the promissory note. These actions resulted in the plaintiff being subjected to false imprisonment, as they are being unlawfully detained on their property. This false imprisonment is a violation of the plaintiff's rights and is grounds for habeas corpus relief.

Obstruction of justice: The defendants in this case engaged in multiple acts of obstruction of justice. They refused to loan legal tender or other depositors' money to fund the alleged bank loan check, misrepresented and circumvented federal court jurisdiction, and committed forgery of the promissory note. These actions resulted in the obstruction of justice and prevented the plaintiff from receiving a fair hearing in court. This obstruction of justice is a violation of the plaintiff's rights and is grounds for habeas corpus relief.

In summary, the grounds for habeas corpus relief based on the obstruction of the administration of justice argument are due process violations, lack of jurisdiction, false imprisonment, and obstruction of justice. These violations have resulted





in the plaintiff being unlawfully detained and deprived of their property. The defendants must be held accountable for

their actions, and the plaintiff must be granted relief under the law.

## VIOLATION OF THE SUPREMACY CLAUSE

I. The Supremacy Clause, enshrined in Article VI of the United States Constitution, is a fundamental element of the

American legal system that upholds the primacy of federal law over state law. It plays a critical role in ensuring the

consistency and coherence of the legal system by ensuring that the federal government has the final say on issues that

affect the entire country. The Supremacy Clause is, therefore, a vital tool for preserving the integrity of the Constitution

and upholding the rule of law.

However, in the case of Eric Witt, the defendants have violated the Supremacy Clause by ignoring the jurisdiction of the

federal court and instead filing an eviction order in state court. This action disregards the importance of federal law and

is a clear violation of the Supremacy Clause's principle that federal law takes precedence over state law. Such violations

are grave and require immediate attention to ensure that the legal system operates effectively and justly.The

Supremacy Clause is essential for maintaining the consistency and coherence of the legal system in the United States. In

Eric Witt's case, the defendants' violation of the Supremacy Clause undermines the authority of the federal court and

threatens the integrity of the Constitution.

The legal authority and support provided by cases such as McCulloch v. Maryland, Cooper v. Aaron, and Marbury v.

Madison demonstrate that the defendants' actions violate the Supremacy Clause. The court must recognize the federal

court's jurisdiction and dismiss the state court's eviction order to uphold the authority of the federal Constitution and

laws.

II. The Federal Court has Jurisdiction

Eric Witt's case involves a title dispute over his property, which is a matter of federal law. The federal court has

jurisdiction over cases that involve federal law, including disputes over the interpretation and enforcement of federal

statutes and the Constitution. In Eric Witt's case, the federal court has jurisdiction because it involves a dispute over the

validity and enforcement of federal laws.




Despite the clear jurisdiction of the federal court, the defendants in Eric Witt's case have disregarded this jurisdiction and filed an eviction order in state court. This action disregards the authority of the federal court and undermines the Supremacy Clause's requirement that federal law takes precedence over state law.

III. The Defendants' Actions Undermine Federal Authority

The defendants' actions in filing an eviction order in state court despite the clear jurisdiction of the federal court undermine the authority of the federal court and the Supremacy Clause. This action shows a disregard for the importance of federal law and the integrity of the legal system. It also threatens the ability of federal courts to interpret and enforce federal law, as established in Marbury v. Madison.

IV. Violation of Cooper v. Aaron

In Cooper v. Aaron, the Supreme Court held that federal court decisions are binding on state officials and must be followed. This principle ensures consistency and coherence in the legal system and upholds the Supremacy Clause's requirement that federal law takes precedence over state law.

In Eric Witt's case, the defendants have disregarded the federal court's jurisdiction and failed to follow its decisions, a clear violation of Cooper v. Aaron. This violation shows a lack of respect for the authority of the federal court and undermines the integrity of the legal system.

V. Violation of Marbury v. Madison

Marbury v. Madison established the authority of the federal courts to interpret the Constitution and determine the validity of state laws. The defendants in Eric Witt's case are ignoring the authority of the federal court, in violation of Marbury v. Madison and the Supremacy Clause.

VI. Conclusion

The Supremacy Clause is critical for maintaining the integrity of the legal system in the United States. The federal court has jurisdiction over Eric Witt's case, and the defendants' disregard for this jurisdiction undermines the authority of the federal court and threatens the consistency and coherence of the legal system.





The violations of Cooper v. Aaron and Marbury v. Madison provide legal authority and support for the argument that the defendants' actions undermine federal authority and violate the Supremacy Clause. It is imperative that the court recognizes the federal court's jurisdiction and dismisses the state court's eviction order to uphold the authority of federal law and the Constitution.

III. Striking Eric Witt's Counterclaim

Eric Witt's counterclaim in the state court was stricken by the judge, who claimed that Witt did not pay the required fee to file the counterclaim. However, this action violates the Federal Rules of Civil Procedure, which govern federal court proceedings and are applicable in state court cases where the federal Constitution, laws, or rules are at issue.

Federal Rule of Civil Procedure 13(a)(1) provides that a defendant may assert a counterclaim against the plaintiff in the same action. This rule is designed to promote judicial economy and efficiency by allowing related claims to be resolved in a single proceeding. The rule also does not require the defendant to pay any fee to file a counterclaim.

By striking Witt's counterclaim based on a fee that is not required under federal law, the state court judge has violated the Federal Rules of Civil Procedure and the Supremacy Clause. The Supreme Court has held that state court judges are bound by federal law and must adhere to the rules and procedures set forth by the federal courts, including the Federal Rules of Civil Procedure.

Furthermore, the Supreme Court has also held that state courts must give full faith and credit to federal court judgments and proceedings, as required by the Supremacy Clause. By disregarding the Federal Rules of Civil Procedure and striking Witt's counterclaim, the state court judge has failed to give full faith and credit to federal law and violated the Supremacy Clause.

The case of Hanna v. Plumer provides legal authority and support for the argument that state courts must follow the Federal Rules of Civil Procedure. In Hanna, the Supreme Court held that state courts must apply the Federal Rules of Civil Procedure when they do not conflict with state law.





In addition, the case of Howlett v. Rose also provides legal authority for the argument that state court judges are bound by federal law and must adhere to federal rules and procedures. In Howlett, the Supreme Court held that state courts are required to follow federal procedural rules when federal law provides the rule of decision.

Therefore, the state court judge's decision to strike Witt's counterclaim based on an unnecessary fee violates the Federal Rules of Civil Procedure and the Supremacy Clause, and must be corrected to ensure the proper functioning of the legal system.

## IV. Conflict of Interest

The conflict of interest between Judge Vasquez and Judge Kirby is a serious issue in Eric Witt's case. Judge Vasquez, who is a defendant in Eric Witt's federal case, was assigned to hear the district court claim, which is related to the title dispute over the property. On the other hand, Judge Kirby was assigned to hear the eviction case.

This conflict of interest is a clear violation of the Supremacy Clause, which mandates that the Constitution and federal laws take precedence over state laws. The Supremacy Clause is critical for ensuring the consistency and coherence of the legal system in the United States. In addition, ignoring the federal court's jurisdiction undermines the authority of the Constitution and laws enacted by Congress.

The state court's failure to acknowledge the federal court's jurisdiction also violates the Supremacy Clause. Federal courts have exclusive jurisdiction over cases arising under federal law. When a state court ignores this jurisdiction, it violates the Supremacy Clause and undermines the authority of the federal government.

Legal authority for this argument can be found in the case of Cooper v. Aaron, where the Supreme Court held that federal court decisions are binding on state officials and must be followed. Similarly, in Marbury v. Madison, the Supreme Court established the authority of the federal courts to interpret the Constitution and determine the validity of state laws.

It is imperative that the state court acknowledges the federal court's jurisdiction and dismisses the eviction order to uphold the authority of the federal Constitution and laws. Failure to do so would undermine the Supremacy Clause and the integrity of the American legal system.




V. Conclusion

In Eric Witt's case, the defendants have violated the Supremacy Clause in several ways. By disregarding the jurisdiction of the federal court, filing an eviction order in state court, and striking Eric Witt's counterclaim in violation of the Federal Rules of Civil Procedure, the defendants have undermined the authority of the federal Constitution and laws.

These violations harm Eric Witt's rights by denying him the protection of federal law and the authority of the federal court. This is particularly egregious given the conflict of interest between Judge Vasquez and Judge Kirby, which further undermines the integrity of the legal system.

It is imperative that the court acknowledge the federal court's jurisdiction and dismiss the state court's eviction order. This will uphold the authority of the federal Constitution and laws, protect Eric Witt's rights, and ensure the proper functioning of the legal system.

## Violation of access to court

I. ARGUMENT

The right to access to court is a fundamental right in the United States, enshrined in the Sixth Amendment of the Constitution and protected by numerous federal and state laws. It ensures that all individuals have the ability to seek justice and have their legal rights and interests protected by the court system. However, in the case at hand, the Plaintiff has been systematically denied access to court by the Defendants, which constitutes a clear violation of this fundamental right.

The Defendants' actions have not only prevented the Plaintiff from obtaining justice, but have also violated various laws and regulations that protect the right to access to court. The Defendants have engaged in fraudulent activities, including forgery and real estate deed fraud, and have used these illegal activities to deny the Plaintiff access to court. They have altered and stolen the original contract, and filed a forged contract that is missing key provisions, including the intent that the original party who funded the alleged loan is to be repaid, that the lender will follow GAAP, that the lender will purchase the promissory note from the borrower, that the borrower does not provide any funds to the lender, that the borrower will repay the loan in the same currency as the lender, and that the written agreement contains full disclosure.





1   Furthermore, the Defendants have misrepresented the agreement to the Plaintiff and have engaged in abusive debt

2   collection practices, violating the Fair Debt Collection Practices Act (FDCPA). They have also failed to follow GAAP

3   accounting principles and failed to exchange money in the mortgage loan, thereby violating multiple laws and

4   regulations that protect borrowers' rights. The Plaintiff's signature on the mortgage lien proves that the Plaintiff owned

5   the property already and that the first illegal mortgage lien was placed on the property after the unlawful registration.

6   The Defendants have also filed for eviction with a fraudulently obtained deed and with knowledge of a title dispute over

7   the Plaintiff's property that is active in federal court. They have circumvented the federal court's jurisdiction by filing an

8   eviction lawsuit over the Plaintiff's property while there is still an active title dispute in federal court, violating the

9   Plaintiff's right to due process and access to court.

10  The Plaintiff has also informed the lower court of the title dispute filed in federal court and the conflict of interest for

11  the county court, but the judge has still set a hearing for the eviction case without subject matter jurisdiction, which

12  robs the county court of jurisdiction in the case. The judge has also granted a writ without jurisdiction, in a conflict of

13  interest and knowledge of a title dispute in federal court, without any legal basis.

14  In conclusion, the Defendants' actions have not only violated multiple laws and regulations that protect the Plaintiff's

15  right to access to court, but also deprived the Plaintiff of the ability to seek justice and have their legal rights and

16  interests protected by the court system. As such, the Plaintiff's habeas corpus petition should be granted, and the

17  Defendants should be held accountable for their actions.

18  LEGAL AUTHORITY

19  Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

20  Uniform Commercial Code (UCC), Article 3

21  Colorado Revised Statutes Title 38, Article 38. The specific sections related to foreclosure are 38-38-100.3 to 38-38-116.

22  Federal Rules of Civil Procedure (FRCP), Rule 13

23  Federal Rules of Evidence (FRE), Rule 901

24  FAS 95, GAAP, and Thrift Finance Reports (TFR)




1    CASE REFERENCES

2    Allen v. Colorado, 2019 COA 166, ¶¶ 5-7, 19, 21, 455 P.3d 178, 181

3    # REQUEST FOR RELIEF:

4    For the foregoing reasons, Petitioner Eric Witt respectfully requests that this Honorable Court grant the following relief:

5    - An immediate Temporary Restraining Order (TRO) against Adams County Sheriff's Office from executing the

6      unlawful detainer eviction writ from Adams County court division 8 case number 23c33567 to prevent the

7      imminent illegal eviction of Petitioner from his property at 170 Coolidge Court, Bennett, CO, 80102. Such an

8      order is necessary to prevent irreparable harm to Petitioner, who stands to lose his home and all his possessions

9      without due process of law caused by state actors. This must be done immediately as the eviction is potentially

10     days away From being executed. This will cause the petitioner and his family severe Irreparable and life altering

11     injury. There is almost no comparison in the drastic lopsidedness of the injury that will be caused to the

12     petitioner compared to the respondents. The respondents injury would be minimal compared to the petitioner.

13   - A temporary stay of the eviction proceedings in state court until all parties have been heard by this Honorable

14     Court. The stay is necessary to allow this Court to fully consider the merits of the habeas corpus petition and to

15     ensure that no further harm is done to Petitioner while the case is being adjudicated.

16   - A de novo review of the habeas corpus petition, considering all facts and evidence presented without deference

17     to any previous decisions made by state court judges. This approach is necessary to ensure that Petitioner's

18     constitutional rights are fully protected and that justice is served.

19   - Mandate the state  deliver Eric Witt's property deed to his residence at 170 Coolidge Court bennett CO 8 0102

20     immediately

21                           CASE REFERENCES:

22                      Youngberg v. Romeo, 457 U.S. 307 (1982)

23                   Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000)





1  OTHER AUTHORITIES:

2  U.S. Const. amend. V

3  42 U.S.C. § 1983

4  Colo. Rev. Stat. § 13-40-101, et seq.

5  In Youngberg v. Romeo, the Supreme Court held that the State has a duty to protect institutionalized persons from

6  harm, and that this duty extends to actions taken by individual employees of the State. Similarly, in Kirschner v.

7  Klemons, the court stated that "it is the duty of the courts to protect the rights of individuals against unconstitutional or

8  illegal actions by government officials." These cases establish that the government has a duty to protect individuals from

9  harm caused by its own employees or agents.

10  This duty of protection is rooted in the Due Process Clause of the U.S. Constitution, which prohibits the government

11  from depriving any person of life, liberty, or property without due process of law. 42 U.S.C. § 1983 provides a

12  mechanism for individuals to seek redress for violations of their constitutional rights by government actors.

13  In addition, Colorado law provides for a writ of habeas corpus, which allows individuals to challenge their detention or

14  custody by the state. Colo. Rev. Stat. § 13-40-101, et seq. In Eric Witt's case, the state's control of his property through

15  the title deed is argued to constitute constructive custody, which satisfies the requirement for a writ of habeas corpus.

16  The court also has a duty to act quickly to prevent harm to individuals, as emphasized in both Youngberg and Kirschner,

17  and should therefore grant the requested temporary restraining order to prevent irreparable harm to Eric Witt.

18  Petitioner respectfully requests that this Honorable Court take immediate action to prevent any further harm to

19  Petitioner and to ensure that justice is done in this matter.

20  DATED this 20th day of April, 2023.





## CONCLUSION:

The facts presented in this petition for a writ of habeas corpus are deeply disturbing and expose a clear pattern of fraudulent and illegal behavior on the part of the defendants. Eric Witt, the plaintiff in this case, has been subjected to a scheme to defraud that has led to the loss of his property and his liberty.

The original contract was altered and stolen, with the filed contract missing key provisions that would have protected the plaintiff's rights. The bank misrepresented the agreement, refusing to loan legal tender or other depositors' money to fund the alleged bank loan check. The promissory note is a forgery, and the bank recorded the forged promissory note as a loan from the plaintiff to the bank. These actions are in violation of the law and have deprived the plaintiff of his property.

The defendants have also committed real estate deed fraud by failing to deliver the property deed as mandated by state law. The mortgage deal was not done according to GAAP accounting principles, and there was no exchange of money in the mortgage loan. Valid conveyances require that the executed deed be delivered to and accepted by the grantee, which did not happen in this case.

Furthermore, the defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party. There is no injured party, yet the defendants have pursued a foreclosure and eviction against the plaintiff, who is in constructive custody due to the illegal foreclosure.

The attorney David R. Doughty, who is employed by Janeway Law Firm P.C., a third-party debt collector, filed a Notice of Election and Demand For Sale By Public Trustee against the plaintiff's property without an affidavit from an injured party to provide jurisdiction to the court. The foreclosing statute used to provide the court with jurisdiction is not a valid law as it is missing the three elements the state constitution mandates must be present to be a valid law. This is a clear violation of the plaintiff's constitutional rights.

The plaintiff filed a title dispute in federal court, yet Alison L Berry, a lawyer from Janeway Law Firm P.C., filed for an eviction on the plaintiff to remove him from his property at 170 Coolidge Court, Bennett, CO, 80102, with knowledge of




1    the title dispute over the plaintiff's property active in federal court. Alison L Berry circumvented the federal court's

2    jurisdiction by filing an eviction lawsuit over the plaintiff's property while there is still an active title dispute in federal

3    court.

4    Judge Vasquez made a journal entry order authorizing sale, and Judge Kirby granted a writ without jurisdiction, in a

5    conflict of interest and knowledge of a title dispute in federal court. Judge Kirby also informed the plaintiff that the

6    counter claim he filed has been stricken from the record because he didn't pay a fee to file a counter claim, but

7    according to the federal rules of civil procedure which courts should be in harmony with there is no charge for a

8    counterclaim.

9    The defendants' actions constitute a clear violation of the law, including the F.D.C.P.A., the state constitution, and the

10   plaintiff's constitutional rights. The plaintiff has been subjected to a scheme to defraud, and his property and liberty

11   have been unjustly taken from him. The court must grant this petition for a writ of habeas corpus to remedy the

12   egregious violations of the plaintiff's rights and to bring justice to this case. The plaintiff must be released from custody

13   and his property must be returned to him.

14   The property deed is considered an "article" that is in the custody of the state or county controller. As Eric Witt does not

15   have possession or control of the property deed, he is considered to be in the custody of the state or county controller

16   in regards to his property. Additionally, the eviction order serves as a restraint of liberty for Eric Witt, as he is facing the

17   threat of being evicted from his home. Therefore, it is argued that Eric Witt is currently in custody due to the illegal

18   actions of the state and county regarding his property and eviction. The conflict of interest with the judge also adds to

19   the argument that Eric Witt's rights have been violated and that he has been subject to unjust custody.

## AFFIDAVIT CLOSING

20

21   **STATE OF COLORADO, COUNTY OF ADAMS**

22   FURTHER AFFIANT SAITH NOT.

23          I declare under the penalty of bearing false witness before  God and as recognized under the laws in and for The

24   State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in law, do

25   herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and




not intended to mislead anyone, and that  Eric Witt executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice. Done this 20th day of April in the year 2023, under penalty of perjury under the laws of the United States of America.

By: /s/ *Eric Witt*

Eric Witt

170 Coolidge Court

Bennett, CO 80102

Telephone (720) 496-9912

Ericwitt34@gmail.com

**Demand For A Trial By Jury**

Comes Now, the plaintiff, and hereby demands jury trial on all issues so triable to a jury.

By: /s/ *Eric Witt*

Eric Witt 04/20/2023

170 Coolidge Court

Bennett, CO 80102

Telephone (720) 496-9912

Ericwitt34@gmail.com



