IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02242-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge), and
JANEWAY LAW FIRM P.C.,

    Defendants.

---

**ORDER**

---

**I. SUMMARY FOR PRO SE PLAINTIFF**

You have filed a document titled "Habeas Corpus Petition and Demand for Emergency Hearing." First, because you are not in custody, this is not a proper habeas corpus petition. Second, as the Court has explained repeatedly, you must satisfy several factors to warrant the Court granting a temporary restraining order ("TRO") against the state court eviction proceedings against you. For the same reasons the Court has explained repeatedly in its prior orders regarding your requests for TRO against these eviction proceedings, you have failed to satisfy these factors. Therefore, the Court denies your "petition" and request for a TRO. Third, this is a frivolous filing. The Court has warned you against filing frivolous motions. If you file another frivolous motion, the Court will dismiss this action with prejudice.

1

## II. ANALYSIS OF HABEAS PETITION

Before the Court is Plaintiff's Habeas Corpus Petition and Demand for Emergency Hearing (ECF No. 60). The Court DENIES Plaintiff's Petition for the following reasons. First, although styled as a "Habeas Corpus Petition," Plaintiff's filing is not a proper habeas petition. Although Plaintiff states that he is "in custody," he is not—he himself states that he resides at his own property (ECF No. 60 at 8, 80). *Cf.* 28 U.S.C. § 2254 (requiring a habeas petitioner to be "in custody pursuant to the judgment of a State court"). Second, the true nature of Mr. Witt's filing is to seek relief in the form of a temporary restraining order ("TRO") against his impending eviction based on state court proceedings (ECF No. 60 at 8). The Court has in numerous orders explained why Plaintiff's requests for a TRO regarding these eviction proceedings are unwarranted (see ECF Nos. 47, 51, 56). The Court incorporates its analysis in those orders here. Fundamentally, Plaintiff has failed to meet his burden of showing that granting a TRO is warranted, particularly regarding his failure to show a likelihood of success on the merits of his claims. *See, e.g., Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

## III. CONCLUSION

Consistent with the above analysis, Plaintiff's Habeas Corpus Petition and Demand for Emergency Hearing (ECF No. 60) is DENIED.

The Court notes that Plaintiff's filings are growing more frivolous. It has previously warned Plaintiff that if he continues to frivolous motions, the Court would not consider them or

consider other sanctions as appropriate (ECF No. 56 at 5). Plaintiff's instant "Petition" is clearly in violation of the Court's prior warning about the filing of frivolous motions, and the Court's Uniform Civil Practice Standards, which state that Plaintiff shall not file a motion that exceeds 15 pages. *See* Civ. Practice Standard 10.1(c). The next frivolous filing will result in the dismissal of this action with prejudice.

DATED this 21st day of April 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge