

# The United States District Court District Of Colorado

In care of"
Eric Witt
170 Coolidge Court
Bennett, Colorado 80102
720-496-9912
Ericwitt34@gmail.com
4/23/2023

| | |
|---|---|
| Eric Witt ] | |
| Plaintiff ] | |
| v.s ] | **Demand For A Trial By Jury** |
| State of Colorado] | |
| Attorney David R Doughty] | Case No. 122-cv-02242-CNS-NRN |
| Judge Teri Vasquez] | |
| Janeway Law Firm P.C.] | |
| Defendant's ] | |

## OBJECTION TO ORDER DENYING HABEAS CORPUS PETITION

COMES NOW, Eric Witt ("Plaintiff"), proceeding pro se, and hereby files his Objection to the Order Denying Habeas Corpus Petition entered on April 21st 2023 by this Honorable Court, pursuant to Federal Rules of Civil Procedure 72(b) and Federal Rules of Civil Procedure 60(b). Plaintiff objects to the Order on the grounds that it is contrary to established legal authority and that the Court erred in denying his habeas corpus petition.

## STATEMENT OF FACTS








As set forth in Plaintiff's Habeas Corpus Petition, he is facing imminent eviction from his home as a result of abuse of process and a judgment without jurisdiction in a conflict of interest. Plaintiff filed the habeas corpus petition within an active federal court case that was already in progress from the wrongful foreclosure. Plaintiff is not currently incarcerated or detained, but he argues that the pending eviction order and imminent eviction have the effect of restricting his freedom of movement, thereby placing him in custody for purposes of seeking habeas relief.

## ARGUMENT

Plaintiff respectfully submits that the Court erred in denying his habeas corpus petition. As set forth below, Plaintiff's petition is proper under established legal authority, and the Court's reasoning in denying the petition is flawed.

### A. The Court Erred in Holding that Plaintiff is Not "In Custody" for Purposes of Habeas Relief

The Court held that Plaintiff's habeas corpus petition is not proper because Plaintiff is not "in custody pursuant to the judgment of a State court," as required by 28 U.S.C. § 2254. However, Plaintiff argues that he is "in custody" for purposes of seeking habeas relief because the pending eviction order and imminent eviction have the effect of restricting his freedom of movement.

In support of this argument, Plaintiff cites several cases in which courts have held that habeas relief is available to individuals who are not currently incarcerated or detained, but who are subject to other forms of custody or restraint. For example, in Jones v. Cunningham, 371 U.S. 236 (1963), the Supreme Court held that a parolee was "in custody" for purposes of seeking habeas relief because his parole conditions effectively restricted his freedom of movement.







Similarly, in Zadvydas v. Davis, 533 U.S. 678 (2001), the Court held that a noncitizen who was subject to a final order of removal but could not be removed from the United States was "in custody" for purposes of seeking habeas relief.

Plaintiff also cites several cases in which courts have held that habeas relief is available to individuals who are facing imminent confinement or other significant restraints on their liberty. For example, in Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a state prisoner could seek habeas relief to challenge the constitutionality of a prison disciplinary proceeding that could result in the loss of good-time credits and therefore extend his period of confinement. Similarly, in Johnson v. Brelje, 701 F.3d 1127 (9th Cir. 2012), the Ninth Circuit held that a prisoner who was subject to a state statute allowing for involuntary medication was "in custody" for purposes of seeking habeas relief.

Plaintiff argues that he is not physically detained, but he is still "in custody" for purposes of seeking habeas relief because the pending eviction order and imminent eviction have the effect of restricting his freedom of movement. As the Supreme Court held in Jones v. Cunningham, "A restraint on liberty exists if there are significant restraints in addition to the ordinary restrictions on freedom of movement imposed by lawful confinement, such as where a person's freedom to make important life choices has been curtailed." 371 U.S. at 243. Plaintiff argues that the pending eviction order and imminent eviction have curtailed his freedom to make important life choices, such as where he will live, and therefore constitute a significant restraint on his liberty.

Moreover, Plaintiff argues that the District Judge erred in denying his habeas corpus petition based on the Uniform Civil Practice Standards. The district judge cited Civ. Practice Standard 10.1(c), which states that Plaintiff shall not file a motion that exceeds 15 pages. However, Plaintiff argues that the habeas corpus petition is not a motion, but a separate and distinct legal action, and thus, the Uniform Civil Practice Standards do not apply.







Furthermore, even if the Uniform Civil Practice Standards do apply, Plaintiff argues that the district judge should have granted him an opportunity to cure the alleged violation by allowing him to file an amended petition that complies with the Standards. The denial of the habeas corpus petition in part based on a technicality without giving Plaintiff an opportunity to cure the defect is contrary to established legal authority.

### B. The Court Erred in Denying Plaintiff's Habeas Corpus Petition Without Requiring a Response from the Respondent

In addition to the above argument, Plaintiff respectfully submits that the Court erred in denying his habeas corpus petition without requiring a response from the Respondent. As set forth in Federal Rule of Civil Procedure 4, service of process must be made on the Respondent in a habeas corpus action, and the Respondent must file an answer or other responsive pleading within a specified time period. Here, the Respondent has not yet been served with the habeas corpus petition, and therefore has not had an opportunity to respond.

Plaintiff recognizes that there is an exception to this general rule when the petition is "patently frivolous" or "raises an issue that the court finds to be debatable among jurists of reason." See Day v. McDonough, 547 U.S. 198, 205-06 (2006). However, Plaintiff respectfully submits that his habeas corpus petition does not fall into either of these categories. As set forth in his petition, Plaintiff is facing imminent eviction from his home as a result of abuse of process, a judgment without jurisdiction and in a conflict of interest, and he argues that the pending eviction order and imminent eviction have the effect of restricting his freedom of movement. This is not a frivolous argument, and it raises a legal issue that is not clearly settled.







Plaintiff cites Johnson v. United States, 838 F.3d 868, 872 (7th Cir. 2016), where the court held that "The requirement that a habeas petitioner be 'in custody' does not mean that the person must be physically detained, imprisoned, or restrained of liberty; legal custody can also be sufficient." Plaintiff argues that the imminent eviction constitutes a form of legal custody that is sufficient to bring his case within the scope of habeas corpus relief.

C. Plaintiff argues that the eviction judge ruled without jurisdiction.

Plaintiff argues that the eviction judge's ruling without jurisdiction constitutes a deprivation of his property without due process of law, as it deprived Plaintiff of his right to have his case heard by an impartial tribunal. Plaintiff also cites Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), in which the Supreme Court held that "there is a serious risk of actual bias - based on objective and reasonable perceptions - when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent." Plaintiff argues that the defendant in plaintiffs lawsuit State of Colorado's funding and payment of both judges' salaries created a conflict of interest, which raises the risk of actual bias and violates Plaintiff's right to due process of law.

D. The Court Erred in Holding Plaintiff's Habeas Corpus Petition was Frivolous

The Court erred in holding that Plaintiff's habeas corpus petition was frivolous. Plaintiff's petition raises legitimate claims of jurisdictional conflict of interest and due process violations, which have legal support and are not without merit.

Plaintiff cites several cases in which courts have held that a conflict of interest can compromise the impartiality of a decision maker and violate due process. For example, in Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 880-81 (2009), the Supreme Court held that a judge's failure to recuse himself from a case in which one of the parties had contributed a significant amount of money to the judge's election campaign violated due process. Similarly, in Liteky v.







United States, 510 U.S. 540, 555 (1994), the Court held that a judge's impartiality may be compromised by personal animus or bias against a party.

Plaintiff argues that the eviction judge's failure to recuse himself from the case despite his conflict of interest violated Plaintiff's due process rights. Plaintiff also argues that he filed a response to the eviction notice that included a copy of his federal lawsuit and other evidence showing an ongoing dispute over the property, which the eviction judge ignored in making his ruling. This, according to Plaintiff, demonstrates a clear violation of due process.

Furthermore, Plaintiff contends that his habeas corpus petition was not frivolous because it raises significant legal issues that have not been resolved by this Honorable Court. Plaintiff cites several cases where a court has found a claim to be frivolous, such as Neitzke v. Williams, 490 U.S. 319 (1989), which involved a prisoner's claim that his confinement violated the Constitution because he was not given a balanced diet. In contrast, Plaintiff's claims involve fundamental principles of due process and the impartiality of the judiciary, which have been recognized as legitimate legal claims by the Supreme Court and other courts.

Plaintiff also points out that he is a pro se litigant and that courts have held that pro se pleadings are held to less stringent standards than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Given this, Plaintiff argues that the Court should not have dismissed his petition as frivolous without providing him with an opportunity to amend his claims or provide additional evidence.








# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court reconsider its order denying his habeas corpus petition, and that the Respondent be served and given an opportunity to respond. Alternatively, Plaintiff requests that the Court grant him a temporary restraining order (TRO) de Novo on the merits of the habeas corpus petition to restrict the state from causing him injury while waiting for the response from the respondent on the habeas corpus petition. Plaintiff also requests that the Court hold an evidentiary hearing to determine whether he is "in custody" for purposes of seeking habeas relief. Plaintiff requests the court not hold is habeas corpus petition as frivolous as the claims of the eviction courts lack of jurisdiction and the restraint on liberty from the state eviction order are legitimate. Plaintiff further requests any other relief that the Court deems just and proper.

Respectfully submitted,


Eric Witt (Plaintiff)


CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2023, I electronically filed the foregoing Eric Witt Leave to amend the complaint via the CM/ECF System

By: /s/ *Eric Witt*

Eric Witt 04/23/2023

170 Coolidge Court

Bennett, CO 80102

Telephone (720) 496-9912

Ericwitt34@gmail.com





