IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02242-CNS-NRN

ERIC WITT,

     Plaintiff,

v.

STATE OF COLORADO,
DAVID R. DOUGHTY (Attorney),
TERI VASQUEZ (Judge), and
JANEWAY LAW FIRM P.C.,

     Defendants.

---

# ORDER

---

## I. SUMMARY FOR PRO SE PLAINTIFF

The Court has warned you repeatedly in its past Orders that additional frivolous filings would result in the dismissal of your entire case. You have continued to file frivolous motions in violation of the Court's prior Orders. Accordingly, the Court dismisses your entire case.

## II. BACKGROUND

The Court has summarized this case's background in prior Orders, issued in response to Plaintiff Eric Witt's numerous filings regarding his state court eviction proceedings (*see, e.g.,* ECF Nos. 47 and 51). In his filings, Mr. Witt has sought a temporary restraining order ("TRO") against Defendants for various reasons (*see, e.g., id.*). The Court has denied Mr. Witt's requests at every

turn, repeatedly cautioning him on the pitfalls of rehashing the same, failed arguments in support of his requests for injunctive relief.

On March 20, 2023, the Court instructed Mr. Witt that it would consider sanctions if he filed any further TRO motions for the same reasons that the Court denied his previous TRO motions (ECF No. 56 at 5). Undaunted, Mr. Witt filed another motion, this time—in an apparent effort to circumvent the Court's March 20th Order—styled as a habeas petition, seeking the same TRO relief (*see* ECF No. 61 at 2). In its denial of Mr. Witt's "habeas petition," the Court did not equivocate: "The next frivolous filing will result in the dismissal of this action with prejudice" (*id.* at 3).

Before the Court are four documents filed by Mr. Witt after the Court issued its Order denying Mr. Witt's "habeas petition" on April 21, 2023 (ECF Nos. 62–65). These filings seek essentially (1) injunctive relief from the eviction proceedings, and (2) review of the Court's alleged failure to adequately address certain legal issues raised by Mr. Witt on an expedited basis (*see generally id.*). Mr. Witt also "moves this Court for leave to file a petition for writ of mandamus in the United States Court of Appeals for the Tenth Circuit" (ECF No. 65 at 1).

### III. ANALYSIS

The Court addresses in turn the three issues Mr. Witt's filings present: (1) the frivolity of his request for injunctive relief; (2) the sanctions this frivolity warrant; and (3) the appropriate course for any appellate review Mr. Witt may seek, should he choose to do so, of the Court's Order.

First, Mr. Witt's most recent request—his sixth request—for injunctive relief is frivolous (ECF No. 62). TRO requests are subject to the same standards governing requests for preliminary

injunctions. *See, e.g., Riechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022). Based on the Court's prior Orders, Mr. Witt is doubtlessly familiar with this standard and the four factors he must satisfy to warrant the issuance of a TRO (*see* ECF No. 56 at 3). *See also Denver Homeless*, 32 F.4th at 1277. But here, as in his prior TRO filings, Mr. Witt has failed to meet his burden of showing a likelihood of success on the merits of his claims. For instance, Mr. Witt states that his "impending eviction" violates his constitutional rights (ECF No. 62 at 5). Even construing his pro se filing liberally, *see Barnett v. Bear*, 632 F. App'x 519, 520 (10th Cir. 2016), this assertion—and the other conclusory statements contained in the TRO motion—are insufficient to meet his burden of showing a likelihood of success on the merits of his claims in this lawsuit. As the Court has repeatedly explained, its analysis of Mr. Witt's motion may—and does—end there (*see* ECF No. 56 at 3). *See also Denver Homeless*, 32 F.4th at 1277 ("An injunction can issue only if each factor is established." (citation omitted)). Accordingly, Mr. Witt's "Emergency Motion Hearing for Immediate Approval of Second Amended Complaint, Injunction, Temporary Restraining Order, and Stay of Eviction Order" (ECF No. 62) is denied.

Second, the Court has cautioned Mr. Witt twice that further frivolous filings would result in dismissal of this action with prejudice. His recent filings, as the Court's above analysis demonstrates, are frivolous, given especially that the Court explained in its most recent order that Mr. Witt's request for habeas relief is inappropriate (*see* ECF No. 61 at 2; *see also* ECF Nos. 62–65). The Court has discretion to issue appropriate sanctions. *See, e.g., Carper v. Peterson*, No. 1:2-cv-00363-CNS-MEH, 2023 WL 2424836, at *4–5 (D. Colo. Mar. 9, 2023). Courts have set forth several factors in varying factual contexts that courts should consider when dismissing a case with

3

prejudice as a sanction for a party's conduct. *See, e.g., id.*; *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

Under each articulation of these factors, dismissal with prejudice of Mr. Witt's case is warranted. For instance, Defendants are highly prejudiced by the need to repeatedly defend against or litigate Mr. Witt's filings; his filings have interfered tremendously with the judicial process; he is highly culpable in this interference, given the Court's repeated admonishments regarding the merits of his motions, and its multiple warnings that dismissal would be a sanction for further noncompliance with its Orders; and the Court's conclusion that no lesser sanctions would prohibit Mr. Witt's aggravating conduct. *See Ehrenhaus*, 965 F.2d at 921. He has, in this same vein, willfully disregarded the Court's Orders, despite an explicit warning as to what would result if he continued unabated. *See Carper*, 2023 WL 2424836, at *4–5. At bottom, every articulation of the dismissal factors of which the Court is aware compels the conclusion that dismissal with prejudice is the only appropriate sanction in this case. Accordingly, Mr. Witt's action is dismissed with prejudice.

Third, Mr. Witt appears to seek appellate review from the Tenth Circuit of the Court's previous orders in the form of a mandamus petition, contending in part that the Court has "failed to take any action to prevent his imminent eviction or to address the pending title dispute and the motions filed by the Plaintiff" (ECF No. 65 at 4). Mr. Witt has not complied with the relevant requirements to properly seek appellate review of the Court's prior Orders, and moreover appears to seek appellate review of actions that Mr. Witt argues the Court has *not* taken (ECF No. 65 at 2). Regardless of the nature of the appellate relief that Mr. Witt seeks, given that the Court is dismissing his action with prejudice, he may, should he choose to do so, file an appeal with the

4

Tenth Circuit in compliance with the requirements governing the appellate process. *See, e.g.,* 28 U.S.C. § 1291; "[A] dismissal 'with prejudice' is final and appealable . . . ." *Lewis v. Clark*, 577 F. App'x 786, 792 (10th Cir. 2014) (quotations omitted).

* * *

The Court is sensitive to Mr. Witt's position and circumstances. However, even as a pro se litigant, Mr. Witt is obligated to comply with the Court's Orders. *See, e.g., Ulibarri v. United States*, No. 1:21-CV-00767-KWR-KK, 2022 WL 2181426, at *1 (D.N.M. June 16, 2022). Accordingly, given Mr. Witt's failure to comply with the Court's prior Orders, and the obviously frivolous nature of his recent filings, the Court dismisses his case with prejudice. *See* Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or *comply with the rules of civil procedure or court's orders*." (citation omitted) (emphasis added)).

### III. CONCLUSION

For the reasons set forth above, Mr. Witt's recent filings (ECF Nos. 62–65) are DENIED. Because the Court DISMISSES WITH PREJUDICE this action, the remaining pending motions (ECF Nos. 36, 40, 57) are DENIED AS MOOT. The Clerk shall enter judgment in favor of Defendants and close this case.

DATED this 26th day of April 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge