# The United States District Court District of Colorado

| | |
|---|---|
| In re Eric Witt ] | |
| Plaintiff ] | |
| v.s ] | **Demand For A Trial By Jury** |
| State of Colorado] | |
| Attorney David R Doughty] | Case No. 122-cv-02242-CNS-NRN |
| Judge Teri Vasquez] | |
| Janeway Law Firm P.C.] | |
| Defendant's ] | |

## OBJECTION TO DISMISSAL OF CLAIM AND DEMAND FOR RECONSIDERATION

### INTRODUCTION

I Plaintiff Eric Witt, proceeding pro se, hereby objects to the Court's Order dismissing this action with prejudice. I contend that the timing of my eviction and the legal issues he raised were not frivolous and I demand further review by this Court.

As an initial matter, the Court's characterization of My filings as "frivolous" is misguided. I raised serious legal questions regarding the constitutionality of my eviction and the adequacy of the Court's response to my previous motions. The




1

Court's order does not address these issues and instead dismisses the entire case based on its characterization of My filings as frivolous.

Furthermore, the timing of My eviction raises concerns about the motive of the dismissal in this case. I have been pursuing my claims diligently and in good faith, and the sudden acceleration of my eviction proceedings appears to be an attempt to silence my legal arguments. I therefore respectfully demand that the Court reconsider its dismissal order, allow me to pursue my claims on the merits and issue TRO immediately to prevent eviction writ from being executed by the defendants.

Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that a court should freely give leave to amend a complaint when justice so requires);

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that a pro se complaint should be held to less stringent standards than formal pleadings drafted by lawyers); and

Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (noting that pro se litigants should not be penalized for procedural errors that do not prejudice the defendants).

## ANALYSIS

The Court's decision to dismiss My case is erroneous and should be reconsidered. The Court's previous orders warning I of the consequences of filing frivolous motions cannot serve as a sufficient basis for dismissing my entire case. While it is true that courts have the authority to dismiss a case with prejudice as a sanction for a party's conduct, this authority must be used with great caution and only as a last resort.

The Court's decision to dismiss My case with prejudice is not supported by the law. In Chambers v. NASCO, Inc., 501 U.S. 32 (1991), the Supreme Court stated that the power to dismiss a case with prejudice is "an inherent power, recognized

in courts of law as well as in courts of equity, to control the litigation before them, to ensure obedience to their orders, and to punish disobedience." However, the Court emphasized that "the sanction of dismissal should be used sparingly," and should only be imposed "in extreme circumstances, evidencing a willful and flagrant disregard for the court's order."

In this case, My conduct does not rise to the level of willful and flagrant disregard for the court's order necessary to warrant dismissal with prejudice. While I may have filed numerous motions that the Court deemed frivolous, there is no evidence that I acted in bad faith or with the intent to cause harm. Rather, My filings reflect my belief that I have valid legal claims and that the court should consider them on their merits. As the Supreme Court noted in Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers."

Lack of Specificity in the Dismissal Order and Violation of Due Process Rights

The Court failed to provide a clear and specific explanation for why the Plaintiff's pleadings were deemed frivolous in its Order. This lack of specificity violates the Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, as he was not given an adequate opportunity to understand and address any deficiencies in his pleadings. As recognized in Harrell v. Cook, 169 F. Supp. 2d 1272, 1282 (S.D. Ala. 2001), the Plaintiff is entitled to notice of the reasons for dismissal and an opportunity to address any deficiencies in his pleadings. Additionally, Mathews v. Eldridge, 424 U.S. 319, 333 (1976), establishes the fundamental requirements of due process, which include notice and the opportunity to be heard. The Plaintiff respectfully requests that the Court provide a detailed explanation for its determination that his pleadings were frivolous, in accordance with his right to due process.

Improper Imposition of Severe Sanctions




The Court's dismissal with prejudice and awarding of attorney's fees to the Defendant represents a severe sanction that should only be applied in cases of flagrant bad faith or callous disregard for the rights of the other party. The Plaintiff maintains that his conduct does not rise to this level, and that the imposition of such a severe sanction is an abuse of the Court's discretion, as stated in Harrell v. Cook, 169 F. Supp. 2d 1272, 1282 (S.D. Ala. 2001). The Plaintiff respectfully requests that the Court reconsider its decision to impose these sanctions and, if necessary, provide a detailed explanation for why it believes such severe sanctions are warranted in this case.

Judicial Bias and Impartiality Concerns

The Plaintiff raises concerns about the appearance of judicial bias or impartiality in the handling of his case. As held in Liteky v. United States, 510 U.S. 540, 554 (1994), judicial bias or impartiality may be a valid basis for seeking disqualification of a judge when the judge's actions or comments display a deep-seated favoritism or antagonism that would make fair judgment impossible. While the Plaintiff acknowledges that judges have broad discretion in managing their cases, the combination of the Court's lack of specificity in its dismissal order, its imposition of severe sanctions, and the absence of any clear explanation for these decisions, raises questions about the Court's impartiality in this matter. The Plaintiff respectfully requests that the Court address these concerns to ensure a fair and unbiased judicial process.

Request for Clarification and an Opportunity to Amend Pleadings

In light of the concerns outlined above, the Plaintiff respectfully requests that the Court provide further clarification on the reasons for its dismissal of the case, the awarding of attorney's fees, and the possible bias in its handling of the case. The Plaintiff further requests that the Court grant him an opportunity to amend his pleadings to address any deficiencies that the Court may identify, in accordance with Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend "shall be freely given when justice so requires."




## Judicial Recusal and Assignment of a New Judge

Given the concerns raised about potential bias or impartiality, the Plaintiff respectfully requests that the presiding judge consider recusal from this case to preserve the integrity of the judicial process. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Plaintiff believes that a reasonable person, knowing all the facts, might question the judge's impartiality in this case. Accordingly, the Plaintiff requests the assignment of a new judge to this case.

WHEREFORE, the Plaintiff, Eric Witt, respectfully requests that this Court:

Issue a temporary restraining order immediately to prevent the eviction until a new judge is caught up on the case to avoid irreparable harm to the plaintiff.

Provide a detailed explanation for its determination that the Plaintiff's pleadings were frivolous, in accordance with his due process rights;

Reconsider its decision to dismiss the case with prejudice and award attorney's fees to the Defendant;

Address the Plaintiff's concerns about potential bias or impartiality and, if appropriate, consider recusal and the assignment of a new judge;

Grant the Plaintiff an opportunity to amend his pleadings to address any deficiencies that the Court may identify.

Respectfully submitted,


By:/s/Eric Witt
Eric Witt 04/26/2023




170 Coolidge Court
Bennett, CO 80102
Telephone (720) 496-9912
Ericwitt34@gmail.com

certificate of service
    I hereby certify that on this 27th day of April 2023, I Eric Witt electrified the foregoing objection to dismissal of claim and demand for reconsideration via the CM/ECF system.


By:/s/Eric Witt
Eric Witt 04/26/2023
170 Coolidge Court
Bennett, CO 80102
Telephone (720) 496-9912
Ericwitt34@gmail.com



